# **EXHIBIT A**

# BY-LAW ARTICLE II
## Eligibility

**Preface**
Eligibility regulations of the NHIAA apply to each category of interscholastic participation: Varsity and sub-varsity levels. Students entering grade nine in the fall for the first time do not have to meet the Scholastic Standing requirements of By-Law Article II, Sect. 2. Subsequent to their initial entry during the first fall marking period of their grade nine year they must meet the minimum requirement for Scholastic Standing. All other standards for eligibility must be met. **In order to represent a member school in interscholastic athletics, a student must be in attendance as a full time student in the district where his/her parents/guardians legally reside.** (Exception: Charter, Home Educated and Non Public Students – Sect. 13). No students will represent their school in an interscholastic athletic event unless the principal of that school has certified the student's eligibility through the official Eligibility Affidavit as filed with the NHIAA.

The sole responsibility for determining athletic eligibility rests with the principal of the high school. The principal is the official representative of the school at all hearings and appeals. This responsibility cannot be delegated unless prior approval from the NHIAA has been granted.

**Sect. 1: Age of Contestants**
A student who has reached the age of 19 on or after September 1st may represent the school in any interscholastic athletic contest during that school year.
**Rationale for Age of Contestants Rule:** An age limitation requirement: provides commonality between student-athletes and schools in interscholastic competition; inhibits "redshirting," allows the participation of younger and less experienced players; enhances the opportunity for more students to participate; promotes equality of competition; avoids over-emphasis on athletics, and helps to diminish the risk of injury associated with participation in interscholastic athletics.
To ensure equality of competition and opportunity, a standard must be established at some point to determine the cut-off date for age eligibility. Use of a specific cut-off date gives notice to all parties involved in interscholastic athletics and maintains equality of participant eligibility among schools.

**Sect. 2: Scholastic Standing**
A.  No pupil who has failed to pass four (4) units of work* during the school's previous grading period** shall represent the school in any interscholastic contest. A minimum of four (4) units of work per grading period is required for participation in interscholastic athletics. Schools utilizing alternative scheduling formats like block scheduling or trimesters should calculate and equate their system to meet the intent of passing four (4) units of work in a traditional format (i.e. in a 4 x 4 block program the student would need to pass a minimum of two (2) subjects to meet the standard). Recognizing that schools are increasingly moving away from the Carnegie Unit/seat time hours for instruction and grading, it is expected that the school principal will follow the intent of the By-Law when certifying academic eligibility for student athletes. For example, a student could meet this requirement through a virtual school, off site real world learning, on-line classes, etc. as long as the school officially recognizes and certifies the activities to be academically legitimate and part of the school's educational program.

**Definitions:**
1. Grading Period: Not less than six (6) weeks.
2. Previous Grading Period: Indicates the last prior grading quarter of the school year (not semester grades)
3. Passing Grade: As determined by the NHIAA individual member high schools.

\* A unit of work reflects a course that meets the equivalent of five (5) times per week in a traditional Carnegie Unit format.

\*\* This is interpreted as the school's previous grading period, not the student's previous grading period.

B. Academic Make-Ups: A student may regain eligibility by making up academic deficiencies, failures, or incompletes of the regular school year through academic/credit recovery programs completed prior to the first date to play in a sport as listed in By-Law Article XXXVIII of the NHIAA Handbook. Individual schools may adopt more restrictive policies relative to academic make-up based on the school district philosophy and/or resources.
C. Incompletes: Incompletes are not to be considered passing grades for purposes of eligibility.
D. Special Education Students: Students receiving service under I.D.E.A., 89:313, R.S.A. 186: C and related State Board of Education regulations, to include students receiving service pursuant to Section 504 of the Federal Rehabilitation Act of 1973, **may** be declared academically eligible by their principal provided that all other eligibility requirements are met.
E. It should be noted that the NHIAA Scholastic Standing By-Law defines minimum standards only. There is no prohibition on schools adopting higher academic standards in determining academic eligibility.
F. Below grade nine students who have been granted a below grade nine waiver will be expected to maintain the same academic standards set for high school students.

**Rationale for the Scholastic Standing Rule**: The primary purpose of high schools is to academically prepare students for productive contributions in their future lives. Interscholastic activity programs are an extension of the classroom, and academic standards help ensure the balance between participation in the activity and appropriate academic performance. In addition, interscholastic activity programs assist in the educational development of all participants. Academic standards also promote the objective of graduation from the institution and that student participants are truly representing their academic institution. Overall, academic standards promote educational standards, underscore the education values of participating in activities, encourage appropriate academic performance and allow the use of interscholastic participation as a motivator for classroom performance.

**Sect. 3: Semester Rule**
A student is eligible for competition, whether or not he/she competes in interscholastic athletics, for no more than eight (8) consecutive semesters beyond the eighth grade; the eight consecutive semester rule begins upon the initial enrollment date in ninth grade. Approved participation by seventh and eighth graders does not count toward the eight (8) allowed semesters. Also, if a student terminates at one school he/she may not transfer to another school to increase eligibility.

**Rationale for the Semester Rule:** A maximum participation requirement; promotes timely progress toward graduation by discouraging students from delaying or interrupting their high school education; disallows students to enroll for one (1) semester each school year to increase athletic ability and skill; promotes equality of competition; diminishes risks stemming from unequal competition, and places emphasis on the academic mission of the school.

A maximum participation requirement promotes harmony and fair competition among member schools by maintaining equality of eligibility. Each student is afforded the same number of semesters of athletic eligibility, which increases the number of students who will have an opportunity to participate in interscholastic athletics.

A maximum participation requirement is conducive to the prevention of redshirting; helps avoid exploitation by coaches or boosters who otherwise might seek to obtain transfers or to delay a student's normal progress through school, and prevents displacement of younger student-athletes by older student-athletes wishing to protract unfairly their high school athletic careers.

**Sect. 4: Transfer Rule**

A. A student who transfers enrollment with a corresponding move into a new school district by his/her parents or guardians shall be declared eligible immediately if all other eligibility requirements are met. A change of residence under this By-Law shall consist of the moving of all household properties to the new address and the parents and student(s) actually living there. A second family residence shall not meet the requirements of this standard. The term "parents" shall mean the student's 1) natural parents, 2) adoptive parents, 3) foster parents, if the student is placed in a foster home after becoming a ward of the court, 4) custodial parent, if parents are divorced, 5) legal guardian but only in the case where neither parent is living or legally competent, or 6) a family whom a student has been living with for at least 365 days.

B. Residence is defined as the place where the student's parents have established their permanent home. This means that the family regularly eats and sleeps in a specific place of lodging. It is a place where the student and his/her parents are habitually present and to which when departing, they intend to return directly.

C. A student who transfers enrollment without a corresponding move into a new school district by his/her parents or guardians shall be required to be in attendance in the new school for one (1) year from the date of enrollment in order to establish athletic eligibility. This includes those students who transfer from a non-member school (i.e. prep school, etc.) back to the local school and those students who change schools as a result of change in guardianship (i.e. move to live with different parent/guardian without parent/guardian changing residence).

D. A student transferring to an NHIAA member school without a parental/guardian change in legal residence may not be added to the roster of a sports team (at any level) after the opening of a sports season (first date to practice) in that sport as listed in By-Law Article XXXVIII of the NHIAA Handbook.

E. A student who transfers to a new school within one (1) calendar year of the relocation of his/her coach to that school without a corresponding change in residence is considered to have transferred for athletic reasons and is not eligible to participate in sports coached by that coach for one (1) calendar year from the date of enrollment in the new school.

F. Other:
   1. Eighteen year old emancipated individuals and homeless students who change their legal residence and school in compliance with local board of education residency requirements are ineligible for 365 days. Requests for waivers may be submitted to the Executive Director. Upon receipt of a Transfer Rule Affidavit from the school principal, the Executive Director will review each case on an individual basis. Only one (1) transfer in 12 months will be permitted.
   2. Students placed in a school by outside agencies (i.e. courts, State Department of Welfare, other school districts, medical referrals) become eligible upon registration and enrollment in the receiving school provided all other eligibility requirements are met. The principal is to verify eligibility to the Executive Director.

These requirements may be waived, if all the following conditions are met:
1. The student has not transferred for the purpose of participating in interscholastic athletics and there has been no recruiting of the student for athletic purposes.
2. The Transfer Rule Affidavit is completed and submitted to the NHIAA and approved in writing by the Executive Director.
3. All other eligibility requirements are met.

**DEFINITION OF TRANSFER FOR PRIMARILY ATHLETIC PURPOSES**:
A transfer for primarily athletic reasons includes, but is not limited to:
1. A transfer to obtain the athletic advantage of a superior, or inferior, athletic team, a superior athletic facility, or a superior coach or coaching staff;
2. A transfer to obtain relief from a conflict with the philosophy or action of an administrator, teacher, or coach, relative to athletics;
3. A transfer seeking a team consistent with the student's athletic abilities;
4. A transfer to obtain a means to nullify action by the previous school.

**Rationale for the Transfer Rule:** A transfer/residency requirement: assists in the prevention of students switching schools in conjunction with the change of athletic season for athletic purposes; impairs recruitment and reduces the opportunity for undue influence to be exerted by persons seeking to benefit from a student-athlete's prowess.
A transfer/residency requirement: promotes stability and harmony among member schools by maintaining the amateur standing of high school athletics; by not letting individuals other than enrolled students participate and by upholding the principle that a student should attend the high school in the district where the student's parent(s) guardian(s) reside.

**Sect. 5: Athletic Recruitment/Proselytizing of Students**
It is a violation of NHIAA policy to offer, either directly or indirectly, any inducement to a student of any member school to sever connections with that school and transfer to another member school for athletic purposes; "to include volunteers" etc. shall be deemed to be recruitment. Similarly, efforts at persuasion, including but not limited to visits to students' homes, invitations to visit the school, invitations to the student to train with the school, for the purpose of inducing a student to transfer for athletic participation shall be deemed to be recruitment.
**NOTE:** This definition also applies to students below grade nine who are contemplating enrolling in an NHIAA member school.

**Policy on Recruiting:**
A. **General Principles**
   1. Recruiting is the use of undue influence and/or special inducement by anyone associated with a school in an attempt to encourage a prospective student to attend or remain at that school for the purpose of participating in interscholastic athletics.
   2. Recruitment of students or attempted recruitment of students for athletic purposes, regardless of their residence, is a gross violation of the By-Laws of the NHIAA and is expressly forbidden.
   3. Member schools are responsible for any violation committed by any person associated with the school including principals, assistant principals, athletic directors, coaches, teachers, any other staff members or employees, students, parents or any organization, such as booster clubs, having connection to the school. Member schools also are responsible for any violation committed by any person acting at the direction of the school or anyone associated with the school to include volunteers.

B. **Undue Influence**
  1. The use of undue influence, which is the use of direct or indirect communication by anyone associated with a school with a prospective student-athlete in an attempt to solicit or encourage the enrollment of a prospective student-athlete in that school, is prohibited.  Additionally, no one associated with a school may request any third party to solicit or encourage the enrollment of a prospective student-athlete in that school, for in that case the third party becomes associated with that school.
  2. Undue influences includes, but is not limited to:
     a) Initiating or arranging telephone or written contact such as questionnaires, cards or letters, with a prospective student-athlete or member of his/her family for the purpose and intent of soliciting or encouraging the enrollment of the student in a school.
     b) Visiting or entertaining a prospective student-athlete or member of his/her family for the purpose and intent of soliciting or encouraging the enrollment of the student in a school.
     c) Providing transportation to a prospective student-athlete or member of his/her family to visit a school or to meet with anyone associated with a school for the purpose and intent of soliciting or encouraging the enrollment of the student in that school.
     d) Attending grade school, junior high or middle school games for the purpose of evaluating and recruiting specific prospective student-athletes.
     e) Requesting booster club members, students, parents or alumni from a school to discuss the merits of the school's athletic program with a prospective student-athlete or member of his/her family by phone, in person or through letters or other written communication.
     f) Any other contact with a prospective student-athlete or member of his/her family for the purpose and intent of soliciting or encouraging the enrollment of the student in a school.
  3. No member school and no one acting on behalf of any member school may give a speech or give any slide, film or tape presentation or distribute any written material, including advertisement in newspapers, magazines or other publications, which states that  a member school's athletic program is better than the athletic program of any other member school or that it would be more advantageous for any prospective student-athlete to participate in athletics at the member school as opposed to any other school.
  4. When a student at a junior high, middle school or other high school, or the parent(s) or guardian(s) of that student contacts a coach about attending the coach's school, the coach must immediately refer the student, parent(s) or guardian(s) to the principal or other appropriate school personnel, who have the responsibility of seeking and processing prospective students.
  5. It is not considered a violation for a coach to have normal community contact with a student who attends a junior high or middle school of the same system which is a feeder to the high school at which the coach is employed.
C. **Special Inducement**
  1. A student-athlete may not receive or be offered any remuneration of any kind or receive or be offered any special inducement of any kind which is not made available to all students who enroll in or apply to a school.
  2. Special inducements include, but are not limited to:
     a) Offer or acceptance of money or other valuable consideration such as free or reduced tuition during the regular school year or summer school by any person associated with a school.
     b) Offer or acceptance of room, board, textbooks or clothing, or financial allotment for textbooks or clothing.
     c) Offer or acceptance of pay for work that is not performed or that is in excess of the amount regularly paid for such service.
     d) Offer or acceptance of free transportation by any person associated with a school.

    e) Offer or acceptance of a residence with any person associated with a school.
    f) Offer or acceptance of any privilege not afforded to non-athletes.
    g) Offer or acceptance of free or reduced rent for parents or guardians.
    h) Offer or acceptance of payment of moving expenses of parents or guardians or assistance with the moving of parents or guardians.
    i) Offer or acceptance of employment of parents or guardians in order to entice the family to move to a certain community if any person associate with the school makes the offer.
    j) Offer or acceptance of help in securing a college athletic scholarship.

D. **Academic Recruitment Programs**

This policy is not intended to prevent a member school from conducting academic recruitment programs or recruitment programs designed to attract students based upon the school's overall educational and extracurricular programs. However, such recruitment programs must be designed to present the overall educational and extracurricular programs of the school and not be used as a subterfuge for recruiting students for athletic purposes. Such general recruitment programs permissible under this article must be carried out under the following guidelines.

1. With the permission of the principal, member schools may present speeches, slides, film, tape or other similar programs at elementary, junior high or middle school with grades below ninth from which the member school can normally expect enrollment.
2. Member schools may present speeches, slides, film, tape or other similar programs to students at elementary, junior high or middle schools with grades below the ninth from which the member school can normally expect enrollment so long as said speeches. Slides, tape, or other presentations are designed to attract students to attend the member school and are based upon the overall educational programs and not presented solely for the purpose of recruiting prospective athletes. Any mention of athletics said in speeches, films, slides, films, tapes or other such presentations or in a any written material handed out at such presentations must be limited to listing the various interscholastic athletic programs in which that school participates and to a description of the athletic facilities available at said school. No information can be distributed through such programs by the use of speech, slides, films, tapes or written material which in any way implies that the member school's athletic program is better than any other member school's athletic program or that it would be more advantageous for a prospective student-athlete if he/she participated at that member school as opposed to any other member school.
3. Recruiting programs of any kind cannot be conducted by coaches or any member of the school's athletic staff.
4. Member schools may conduct open houses, but information presented at said open houses or in advertisements for said open houses concerning the school's athletic program must be limited to a listing of the sports in which that school participates in interscholastic athletics and to a description of the schools facilities. No information distributed at the school's open house through any speech, slide, film, tape or written material can imply that the school's athletic program is better than any other member school's athletic program or that it would be more advantageous for a prospective student-athlete if he/she participated at that member school.

E. **Financial Assistance Programs**

Evaluation of the student needs for financial assistance must be completed by the person(s) identified in the school who has the responsibility for financial assistance policies and procedures.

Funds which have been donated to the schools by organizations and individuals may be given as financial assistance to students through the normal financial assistance program of the school for all students, without regard to athletic potential.

F. **Penalties**
   1. A member school found to be in violation of any provision of this policy: a) will be required to forfeit all contests won in which a recruited student(s) participates and/or all points earned in any contest by a recruited student(s); b) may be placed on probation and denied participation in the NHIAA State Championship Series for a period of not less than one year in the sport(s) in which the violation(s) occurred; c) may be placed on suspension and denied any participation with any member school for a period of not less than one year in the sport(s) in which the violation(s) occurred; and/or d) may be suspended from membership in the NHIAA for a period of not less than one (1) year.
   2. A student who is found to be in violation of this policy: a) will be declared permanently ineligible for interscholastic competition at the school to which he/she was recruited; and b) may be declared ineligible for interscholastic competition for a period not to exceed one (1) year at any NHIAA member school.

**Rationale for Recruiting Rule:** A recruiting/undue influence prohibition discourages exploitation of students; prevents over-emphasis of athletics; gives average student-athletes more opportunity to participate; discourages adults from jeopardizing a student's eligibility, and prevents misuse of athletic programs.

**Sect. 6: Amateur Status** (CM 11.2022)
An amateur athlete is one who participates in athletics solely for the physical, mental, social and educational benefits derived from such participation. The amateur athlete treats all athletic activities in which he/she participates as a vocational endeavor. The following are the basic interpretations of the principles involved in the amateur code, which may lead to the loss of an athlete's eligibility:

A. Participating in any athletic activity under an assumed name.
B. Accepting awards or prizes for competitions other than those considered being symbolic in nature and not to exceed a monetary value of $1000. Examples of such include letters, sweaters, jackets, pins, trophies, other similar type awards, and rings or watches, which are properly inscribed.
C. Participating on an amateur sports team in which the student athlete receives, directly or indirectly, any salary, incentive payment, gratuity or expense allowance other than actual and necessary travel allowances, and room/board expenses for practice and games.
D. Signing a contract or verbally commit with an agent or a professional sports organization.
E. Participating on a professional team or against professional athletes.
F. Capitalizing on athletic fame in affiliation or connection with activities involving the student's school team, school, or NHIAA.
   1. This provision is not intended to restrict the right of any student to participate in a commercial endorsement provided there is no school team, school, or NHIAA affiliation.
2. The student does not appear in the uniform of the student's school and does not utilize the marks, logos, etc of the school and the NHIAA.

**Rationale for Amateur Status Rule:** An amateur/awards limitation promotes amateurism; stimulates participation for the sake of the game itself; prevents exploitation of students and encourages students to engage in athletic competition for physical, mental and social benefits.

**Sect. 7: Non-School Competition**
A.  A member of a school team is a student athlete who is regularly present for, and actively participates in, team tryouts, practices and competitions.  Bona fide members, as of the first date to practice in that sport as listed in By-Law Article XXXVIII of the NHIAA Handbook, of a school team are prevented from missing a high school practice or competition to compete with an out-of-school team, practice or competition to include tournaments, showcases, combines or other athletic events.
Whenever a conflict arises between the high school team practice/competition and an out-of-school practice/competition on the same day, the high school team practice/competition must be honored by the student athlete.  Priority must be given at all times to the high school team, its practices, and its contests unless a waiver has been granted by the principal and athletic director.  It is expressly understood that waivers shall not be granted on a regular basis and shall only be granted in extraordinary circumstances.  (1.2015 CM)
Penalties: Any student athlete who violates this rule, unless a waiver has been granted as stated above, for the first time shall be declared ineligible for the next four (4) consecutive interscholastic events or three (3) weeks of a season in which the student athlete is a participant, whichever is greater.  This Penalty is effective from the date of his or her last participation in a high school sport.  Any student athlete who violates this rule a second time or subsequent time shall be declared ineligible for participation in any high school sport for the balance of the school year.
B.  International Competition:
Students and/or teams desiring this kind of competition must have the approval of the NHIAA.  No requests for approval will be considered unless received in writing and signed by the principal six (6) weeks prior to the date of participation.  Requests are to be submitted to the NHIAA Executive Director for action.
C.  Member Schools' Students Attending Foreign Country Schools:
Member school student athletes attending high schools in a foreign country will be under all the Eligibility By-Laws as stated in the NHIAA Handbook.

**Sect. 8: International Exchange Student Eligibility**
A.  *Definition of International Exchange Student:*
Any student transferring from a International high school under the sponsorship of an accepted International exchange program as listed by the Council on Standards for International Educational Travel (CSIET).
*Conditions of Eligibility:*
1.  Student is eligible for one (1) year from the date of enrollment.
2.  Eligibility must be verified and approved by the NHIAA prior to interscholastic participation.
3.  There shall be no evidence that a student, school, or other interested party has influenced the assignment of the International exchange student for athletic purposes.
4.  Student must meet all other NHIAA eligibility requirements.
5.  International students transferring to an NHIAA member school involving recruitment or to seek an athletic advantage shall be declared ineligible for interscholastic athletics and schools deliberately participating in such activities will be subject to sanctions by the NHIAA Representative Council.
B.  *Definition of International Student Not on Approved International Exchange Program:*
Any student transferring from a International high school without the sponsorship of an accepted International exchange program as listed by the Council on Standards for International Educational Travel (CSIET).
***Conditions of Eligibility: All of the conditions of eligibility listed below must be met in order to satisfy athletic eligibility.***

1. Eligibility must be verified and approved by the NHIAA Executive Director (completed through an application waiver process) prior to interscholastic athletic competition. If the request is denied by the Executive Director, an appeal may be made to the NHIAA Eligibility Committee.
2. If a waiver is granted, the length of eligibility shall be one calendar year (365 days) from the date of enrollment at the school. **The eligibility cannot be delayed one (1) calendar year** but the school may request a second year of participation utilizing the process outlined in Sect. 8 A-1.
3. There shall be no evidence that a student, school, or other interested party has influenced the assignment of the International student for athletic purposes.
4. The student cannot be a graduate from an International secondary school. This criteria can be waived by the Executive Director if it can be determined the student would be otherwise eligible if there would have been eligibility available in a 12 year program as is typical in New Hampshire. Regardless of the structure of the international program, only one year of eligibility can be granted under this provision.
5. Student must meet all other NHIAA Eligibility requirements.
6. International students transferring to an NHIAA member school involving recruitment or to seek an athletic advantage shall be declared ineligible for interscholastic athletics and schools deliberately participating in such activities will be subject to the sanctions by the NHIAA Eligibility Committee.

C. The NHIAA Executive Director shall annually review and adopt for NHIAA eligibility purposes the CSIET list of programs. The NHIAA Executive Director through the NHIAA Council reserves the right to remove from this list, annually, any program that permits or allows students, schools, or school representatives to select, specify or influence the program's sponsor's assignment or selection of International exchange students and/or a program that does not meet the criteria herein.

**Organizations are listed in the 2023-24 CSIET Advisory List.**
**This list can be found on the NHIAA Website under Related Links.**

**CSIET**
**212 South Henry Street**
**Alexandria, VA 22314**
**Phone: 703/739-9050**
**Fax: 703/739-9035**
**Email: mailbox@csiet.org**

**Full Listing** is the status that organizations and programs described in the CSIET Advisory List are accorded when they have demonstrated full compliance with the CSIET Standards.

**Provisional Listing** reflects the Evaluation Committee's determination that an organization is in its first or second year of listing with CSIET, and is judged to be in compliance with CSIET Standards.

**Conditional Listing** is a status that may be granted to an organization that had previously achieved either a Full or Conditional Listing. It is issued to organizations that the Accreditation Committee determines are substantially in compliance with the standards but which need improvement in one or more areas. Conditional Listing is granted for one (1) year, but may be renewed for subsequent one (1) year periods upon completion of review by the Accreditation Committee. Conditional Listing is not granted to newly applying organizations.

**Sect. 9: Out-of-Season Competition**
A. **School Year: Fall Starting Date Until Spring Closing Date**
   1. A coach may have contact with his/her team or potential *(above grade 6)* team members for the purpose of instruction, skill development and conditioning outside of the season provided the following steps are followed:
      a. A coach is defined as anyone presently under contract or anyone under contract the previous year. (This includes volunteer coaches.)
      b. That no district provided operational school funds are used to subsidize out-of-season activity. Use of Booster funds or fundraised monies is permissible only to subsidize activity that is open to all.
      c. A written plan is developed by the coach and approved by the principal, athletic director and superintendent MUST be submitted to the NHIAA prior to implementing. (CM 11.2014)
      d. The written plan describes the goals of the activity, the number of participants, the site to be used and the amount of time.
      e. The purpose is to allow individual and/or small groups of students to participate in conditioning and instructional/skill development activities for individual growth and improvement. Scrimmages, games, leagues and full team practices are not allowed.
      f. The plan is approved and does not compete with existing seasonal commitments by the student athlete. The provisions of By-Law Article II: Eligibility Sect. 7: Non-School Competition with respect to priority given to school teams applies to activities permitted under the provisions of this By-Law.
      g. The coach has the ability to have contact with his/her perspective athletes during the academic year in the season that precedes their sport season. This would be termed the "live" period for contact. The fall season could work with students during the previous spring season. The winter season could work with students during the fall and the spring season could work with students during the winter.
      h. Individual schools may adopt more restrictive policies relative to out-of-season competition based on the school districts policies and or resources.
   
   Rationale:
   The NHIAA is strongly committed to the notion of encouraging student athletes to play multiple sports and be as well rounded as possible. Although contrary to this philosophy and proven success at the collegiate level (most college coaches want well rounded multi-sport athletes) the NHIAA also recognizes and respects the desire of some student athletes to want to specialize in a sport. By allowing limited contact throughout the school year it is our belief that these students can best benefit from working with their school-based coaches who are highly trained and understand the relationships between academics, athletics, and the life lessons taught that require both components of a sound education. Some coaches will opt not to have contact outside of this sport season as a way to encourage multi-sport athletes. This is totally acceptable position to take. Others will welcome the opportunity, which is also fine as long as they encourage continued academic and athletic development and achievement. As noted, no student should be required to participate outside of the NHIAA defined sport season and it is the responsibility of the school principal and athletic administrator to ensure this does not occur. In the current system, the school officials have no way to police such abuse.

B. **Summer:***
   A high school coach who is employed by a school district (paid or volunteer) may coach his/her sport under the following conditions:
   1. The school year has ended for the school.
   2. That no school funds are used (excludes facilities and equipment). Use of Booster funds or fundraised monies is permissible only to subsidize team activity that is open to all.

C. **Captains Practice:** Captains practices are not permitted under any circumstances whether during the school year or summer.

   D. **Other:** Coaches may coach in All-Star competitions (eg. A.A.U.) and are exempt from this By-Law only if the following conditions exist:
     1. That the NHIAA, through the Executive Director, has been properly notified by the member school principal of the coaches selection.
     2. That no school funds or equipment are used.
     3. That no more than 25% of the group/teams can come from his/her school team or potential (above grade 6) candidates of that school. Team rosters may not exceed NHIAA Tournament roster allocations. Expanding or rotating groups/teams is not permitted as a means to circumvent this policy. Regardless of how a program is structured, the coach cannot have contact with more than 25% of his/her existing or potential players.
     4. Whenever possible, the players from that same school must be divided between different groups/levels.
     5. That where a conflict exists between the participation on a school sponsored team and an outside team; the school team will receive priority consideration.
     6. Sports activities that are permitted out of season must also meet the following conditions:
        a. No use of school owned or issued warm-ups and/or uniforms
        b. A student may accept a symbolic award or merchandise which does not have a value or cost in excess of $20.00
   E. **Out of Season Competition Definitions:**
     1. **Open Gym:** School sponsored "open gym "or "after school" activities are permitted in the member school's facilities out-of-season if they adhere to the following principles.
        a. <u>Diversity of students</u> - Program must be open to all students on an equal basis.
        b. <u>Diversity of activities</u> - A variety of sports must be activities that are offered throughout the year, not a focus on one (1) sport.
        c. <u>Student conducted</u> - Students must be able to choose from school offered activities. A coach of a sport under NHIAA jurisdiction shall follow all the regulations under the NHIAA Out of Season Competition By-Laws.
        d. <u>Recreation emphasis</u> - The program cannot be an organized program of instruction and/or competition.
        e. A high school coach who is employed by a school district (paid or volunteer) may supervise an open gym under the conditions listed in a-d.
     2. **Conditioning Programs:**
     School sponsored "conditioning programs" are permitted "out-of-season" if they do not involve equipment which is specific to a sport conducted on an interscholastic basis. Examples of prohibited equipment include, but are not limited to: basketballs, volleyballs or nets, hockey stick (field or ice), or pucks/balls, track starting blocks, shots, discusses, hurdles, or high jump and pole vault standards, football helmets, pads or dummies, baseball/softball bats, balls or bases, wrestling mats, gymnastic apparatus. Generic equipment such as cones, weights, jump ropes and other fitness apparatus are permitted in a conditioning program. The conditioning program must be open to all students on an equal basis.
     3. **Intramurals**:
     A high school coach who is employed by a school district (paid or volunteer) may organize a school sponsored intramural program in any sport as long as there is no instruction, and the activity is recreational in nature.

**Sect. 10: All-Star Competition**
The NHIAA does neither sanction nor endorse any All-Star team or competition in any sport at any level. A student athlete who is a member of an NHIAA school team may not participate in an All-Star game/event, in season or out, without losing eligibility in that sport for one (1) full year (365 days) from the date of such participation with the All-Star team.

Following completion of high school eligibility in a sport and prior to graduation from high school, a senior student athlete may participate in an All-Star competition.
**NOTE:** Underclass student athletes' participation in non-NHIAA sponsored athletic competition shall not cause athletic ineligibility if the activity is not in conflict with NHIAA Eligibility By-Law Article II; Sect. 7: Non-School Competition or Sect. 9: Out-of-Season Competition. Such activities include, but are not limited to AAU Baseball and Basketball, Select Soccer, Spirit Competitions, Junior Olympic Volleyball, Futures Field Hockey, and similar type competition.

In order to participate in such activities during the school year, a report submitted by the high school principal must be on file at the NHIAA that includes the name(s) of the participants in the form of a roster. Additionally, the high school coach should be reported as well if involved in a program. The NHIAA does neither endorse nor sanction these activities.

### Sect. 11: Post Graduates/Early Graduation
A student must be an undergraduate: i.e., he/she shall not be a graduate of a secondary school.
An early graduate of a high school may represent his/her school in athletics until the end of the sport season in which he/she is participating if otherwise eligible. The official transcripts must be withheld until at least the season is completed.

### Sect. 12: Individuals with Disabilities
The NHIAA endorses and encourages the participation of qualified students with mental and/or physical disabilities in interscholastic athletics, unless that student poses a direct threat to the health or safety of others or themselves.
Each participating school is responsible for compliance with the provisions of the Americans with Disabilities Act as it may pertain to the participation of individuals with disabilities in school athletic programs.
The NHIAA recognizes that some students with Individual Educational Programs (IEP's) must reside away from home. Such students who are in the least restrictive placement and who are otherwise qualified to participate in interscholastic athletics shall be permitted to participate in school athletic programs in the district where they sleep.

### Sect. 13: Charter, Home Educated and Non-Public Students
A. **Home Educated Students:**
   The NHIAA shall declare home-educated students to be immediately eligible to try out for a team(s) to participate in interscholastic athletics if the following conditions are met:
   1. The student must meet all established policies adopted by the local school board.
   2. The parents must submit a written request to the principal of the member school requesting their son/daughter's eligibility to try out for an athletic team in interscholastic athletics
   3. A home-educated student may represent a charter school, non-public or public school in the district where they reside. The home-educated student must be living with the parents or legal guardians in the family residence.
   4. The principal must be satisfied there was no recruitment of the student for athletic purposes as defined under Definition of Recruitment in the NHIAA Handbook.
   5. The student meets the guidelines of the Age of Contestants Rule, Post-Graduate, Scholastic Standing Rule, Semester Rule and all other Eligibility Rules set forth in By-Law Article II of the NHIAA Handbook.
   6. The principal shall be required to certify the students' eligibility and that, prior to making such a certification, shall be satisfied the requirements of all NHIAA Eligibility Rules are met.
   7. The Scholastic Standing Rule must be reviewed by the principal for each marking period the student athlete wishes to participate and recorded on the official transcript held by the school where the athlete participates.

8. The NHIAA member school must maintain a transcript of the student's academic record as well as other relevant Eligibility Rules (i.e. age, semesters, etc.)
9. If the principal determines the eligibility requirements detailed above have been met, he/she may declare the student immediately eligible to participate in interscholastic athletic competition. The principal must inform the Association in writing that by completing the Non-Public and Home Educated Student Application, he/she has reviewed all NHIAA Eligibility Rules and certifies the student has satisfied all of the eligibility requirements and, therefore, is eligible to try out in interscholastic athletics at their school.
10. The requirements of the New Hampshire education statutes, relative to school attendance and enrollment, must also be satisfied before a home educated student is declared eligible to participate.
11. A student falling under the provisions of this section is eligible to represent only one (1) school in any academic year.

B. **Charter and Non-Public Students:**
The NHIAA shall declare non-public students to be immediately eligible to try out for a team(s) to participate in interscholastic athletics if the following conditions are met:
1. A non-public and charter school student may represent the non-public or charter school they attend or the public high school in the district where they reside. The non-public or charter school student must be living with the parents or legal guardians in the family residence.
2. The student must meet all established policies adopted by the local school board.
3. The parents must submit a written request to the principal of the member school requesting their son/daughter's eligibility to try out for an athletic team in interscholastic athletics
4. The principal must be satisfied there was no recruitment of the student for athletic purposes as defined under Definition of Recruitment in the NHIAA Handbook.
5. The student meets the guidelines of the Age of Contestants Rule, Post-Graduate, Scholastic Standing Rule, Semester Rule and all other Eligibility Rules set forth in By-Law Article II of the NHIAA Handbook.
6. The principal shall be required to certify the students' eligibility and that, prior to making such a certification, shall be satisfied the requirements of all NHIAA Eligibility rules are met. The principal of the school where the student is participating must also certify that the student meets all local criteria for eligibility as set by both the school of attendance and the school of interscholastic participation if such local requirements exceed those of the NHIAA. When a discrepancy exists between the standards for the two schools, the student athlete must meet the higher of the two standards imposed. This includes academic, behavioral, or any other eligibility standards imposed by the local high schools.
7. The Scholastic Standing Rule must be reviewed by both principals for each marking period the student athlete wishes to participate.
8. The school of participation and the school of attendance are both entitled to any student records that are necessary to verify eligibility.
9. If the principal of both the school of attendance and the school of participation determine the eligibility regulations detailed above have been met, the student may be immediately declared eligible. The principal of the school of participation must notify the NHIAA by indicating the students name on the Non-Public and Home Educated Student Form.
10. Should the principals of the school of attendance and school of participation fail to agree on the eligibility status of a student athlete, one or both may petition the Executive Director of the NHIAA for a ruling under the provisions of the Due Process Procedures By-Law.
11. The requirements of the New Hampshire education statutes, relative to school attendance and enrollment, must also be satisfied before a non public student is declared eligible to participate.
12. A student falling under the provisions of this section is eligible to represent only one (1) school in any academic year.

Definition of Non-Public School – means a school established by an individual or group other than the state, subdivision of the state or federal government and whose operation, or any portion thereof, rests with those officials who have not been publicly elected or appointed.

Definition of Co-Curricular – includes those activities which are designed to supplement and enrich regular academic program of study, provide opportunities for social development, and encourage participation in clubs, athletics, performing groups, and service to school and community.

Definition of Charter School – A charter school means an open enrollment public school, operated independent of any school board and managed by a board of directors. A charter school shall operate as a non-profit secular organization under a charter granted by the State Board and in conformance with Chapter 194-B of the New Hampshire Education Laws Annotated.

Definition of Representing a School – A student athlete who actively participates in any team tryout, practice, and /or competition represents that school for that academic year. (1.2015 CM)

**Sect. 14: Sports Season**
For eligibility purposes, the sports season begins on the starting date of that sport as listed in By-Law Article XXXVIII relative to "Corresponding Dates for All Sports." It is not the date of a teams first regular season contest. The sports season ends following the final date that the school will be represented in NHIAA regular season, post-season tournament, or Council of New England Secondary School Principals' Association (CNESSPA) events in that sport.

**Sect. 15: Non-Member Schools Agreement to Compete with NHIAA Member Schools**
NHIAA member schools will be allowed to compete in contests against non-member schools in the sports of Cross Country, Indoor Track, Outdoor Track, Skiing, and Wrestling if the chief administrator of the non-member school agrees in writing, prior to the start of the season that:
A. The non-member school team shall not include a player who has reached the age of 19 before September 1st of that year.
B. Post-graduate students are not allowed to compete against NHIAA member schools.
C. The length of the periods played will not exceed the maximum lengths prescribed by NHIAA game rules.
D. The competition shall be conducted consistent with all NHIAA rules. This rule is not to be construed as requiring any non-NHIAA home team to pay game officials the fee that the NHIAA has established. The host school, in this case, will pay according to its agreement with their officials' organization.
E. National Federation playing rules shall be played in contests held in New Hampshire. (Exception: Skiing)

**Sect. 16: Filing Eligibility Affidavits**
The principal has the sole responsibility for determining athletic eligibility in the school. He/she shall be the official representative of the school in all hearings, appeals, and protests. This responsibility cannot be delegated away without prior approval of the NHIAA Executive Director. Such approval will only be granted for extraordinary and/or emergency reasons. All eligibility regulations apply to boy and girl athletes on all levels of competition (sub-varsity and varsity).

**No student may represent their school in an interscholastic athletic contest unless the principal has certified said student's eligibility. The process for certifying such eligibility is as follows:**

A. The NHIAA office will receive the affidavit, signed by the principal, stating that the school has entirely read, understands, will abide by, and will enforce all rules, regulations, and policies contained in the NHIAA Constitution and By-Laws. The affidavit will also state that all boys and girls are eligible to participate in interscholastic athletics and that they meet all eligibility rules and regulations. The signed affidavits are due in the NHIAA office prior to the beginning of each sports season.
B. A listing of all transfer students shall be sent to the NHIAA office at the beginning of each sports season.
C. Eligibility lists shall be kept on file at each member school.

**Sect. 17: Requests for Eligibility Rulings**
The principal shall have the right to ask the Executive Director for eligibility rulings. A principal may ask for a ruling on the eligibility of a player from his own school or from another school. All requests for rulings on eligibility must be in writing. Verbal rulings or opinions are not to be considered official and no action will be forthcoming.

**Sect. 18: Assumed Name**
Participating under an assumed name in any athletic contest shall make the student athlete ineligible for a period of 365 days from the date of the infraction.

**Sect. 19: Deviations from Eligibility Rules**
Deviations from the NHIAA Eligibility Rules may be granted after consideration of the following criteria:
A. **The merits of the individual case**.
B. **Whether or not the granting of the deviation from the rule would be inconsistent with the purpose of the rule.**
C. **Whether or not the individual concerned, caused or contributed to cause the existence of the factors, which result in ineligibility.**
D. **Hardship Eligibility – Hardship Eligibility may be granted to a transfer student who does not meet the NHIAA Transfer Rule** when sufficient evidence, as determined by the NHIAA Executive Director and/or Eligibility Committee, is provided to show that it was necessary for the student to transfer because of unforeseen, unavoidable, or unusual circumstances including, but not limited to, broken home conditions, terminal or serious illness of parent or sibling, death of a parent or guardian, abandonment, loss of school accreditation, bankruptcy, and/or loss of principle income of legal guardian(s), and provided the transfer was not for athletic reasons and there was no undue influence. Hardship is defined as an unforeseeable act, condition or event which may not reasonably and/or practically be avoided or corrected and which causes the imposition of a severe burden upon the student or his/her family. A hardship situation may be a situation which is unique to the student or his/her family which could not have been predicted, which does not apply to others in a similar setting and over which the family has no control.

The request for an eligibility deviation must be given in writing to the Executive Director of the NHIAA by the school principal only. The aforementioned criterion needs to be addressed in detail. The information submitted may be considered confidential at the request of the principal if involving sensitive information or personal information. Although every attempt will be made to offer a timely written response, the Executive Director will have 14 days to rule a decision. Following the decision of the Executive Director the school principal may appeal said decision per the due process procedures found in By-Law Article V, Sect. 1:B.

**Sect. 20: Schools Using Ineligible Contestants & Coaches**
Schools using *ineligible coaches or contestants shall forfeit all games and contests in which the ineligible coach or student participates.  In self reporting the school may request a hearing with the Executive Director and/or Eligibility Committee to explain the circumstances of the situation.  The Executive Director in consultation with the Eligibility Committee may modify the consequences in the case of an unintentional violation of this rule.  Likewise, intentional use of ineligible contestants or failing to report a known violation may result in additional consequences to include sanctions and fines. Other questions of forfeiture such as cancellation and other unusual circumstances shall be referred to the appropriate committee, through the Executive Director, for a decision.
*Eligible coach means that the individual has met the criteria outlined in By-Law Article I, Sect. 32, Coaches Eligibility.  If no "eligible" coach is present the contest will be stopped. (Exception – refer to By-Law Article I, Sect. 10, School Representatives at Post Season Activities.)

**Sect. 21: Policy Statement and School Recommendation Regarding Transgender Participation**
The NHIAA is committed to providing transgender student-athletes with equal opportunities to participate in NHIAA athletic programs consistent with their gender identity.  Hence, this policy addresses eligibility determinations for students who have a gender identity that is different from the gender listed on their official birth certificates.

The NHIAA has concluded that it would be fundamentally unjust and contrary to applicable State and Federal Law to preclude a student from participation on a gender specific sports team that is consistent with the public gender identity of that student for all other purposes.  Therefore, for purposes of sports participation, the NHIAA shall defer to the determination of the student and his or her local school regarding gender identification.  In this regard, the school district shall determine a student's eligibility to participate in a NHIAA gender specific sports team based on the gender identification of that student in current school records and daily life activities in the school and community at the time that sports eligibility is determined for a particular season.  Accordingly, when a school district submits a roster to the NHIAA, it is verifying that it has determined that the students listed on a gender-specific sports team are entitled to participate on that team due to their gender identity, and that the school district has determined that the expression of the student's gender identity is bona fide and not for the purpose of gaining an unfair advantage in competitive athletics.

Students who wish to participate on a NHIAA gender-specific sports team that is different from the gender identity listed on the student's current school records are advised to address the gender identification issue with the local school district well in advance of the deadline for athletic eligibility determinations for a current sports season.  Students should not be permitted to participate in practices or to try out for gender specific sports teams that are different from their publicly identified gender identity at that time or to try out simultaneously for NHIAA sports teams of both genders.

Nothing in this policy shall be read to entitle a student to selection to any particular team or to permit a student to transfer from one gender specific team to a team of a different gender during a sports season.  In addition, the NHIAA shall expect that, as a general matter, after the issue of gender identity has been explicitly addressed by the student and the school district, the determination shall remain consistent for the remainder of the student's high school sports eligibility. The NHIAA has concluded that this policy adequately addresses the concerns that a student might claim a particular gender identity for the purpose of gaining a perceived advantage in athletic competition, but does not unfairly discriminate against transgendered student athletes.