UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Parker Tirrell, et al.,<br><br>  Plaintiffs.<br><br>v.<br><br>Frank Edelblut, et al.,<br><br>  Defendants. | Case No. 1:24-cv-00251-LM-TSM |

**PEMBROKE DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION FOR PRELIMINARY INJUNCTION**

NOW COME Defendants Pembroke School District, Andrew Camidge, Gene Gauss, Kerri Dean, and Melanie Camelo (collectively, the "Pembroke Defendants"), by and through counsel, Wadleigh, Starr & Peters, P.L.L.C., and hereby respond to Plaintiffs' Motion for Preliminary Injunction as follows:

As is relevant to the Pembroke Defendants, Plaintiff Iris Turmelle asks this Court to issue an injunction requiring Defendants to permit her to try out for and play on the school sports teams designated for girls. This matter arises from the New Hampshire Legislature's passing of HB 1205 which, following the Governor's signature, became effective on August 18, 2024. *See* Doc. 7-1: 3. The new law commands schools to restrict participation in girls sports to those students who are not "of the male sex" as specified on their birth certificates "[i]ssued at or near the time of the student's birth." RSA 193:41, III, VI. The Pembroke Defendants are "charged under HB 1205 with adopting, enforcing, and implementing policies and practices that effectuate the requirements of HB 1205." Doc. 7-1: 10. The new law imposes liability on school districts, including for attorney's fees and court costs, should a person aggrieved by an alleged violation of the law substantially prevail in an action against the districts. *See* RSA 193:41, VIII, XI.

1

As Plaintiffs indicate, there appears to be a conflict between this new law and federal law such as Title IX as well as the constitutional right to Equal Protection. *See generally* Doc. 7-1.[1]

The Pembroke Defendants find themselves in a quandary and, accordingly, take no position on Plaintiffs' request. The Pembroke Defendants' only interest with respect to this matter is to comply with the controlling law, whatever that may be.[2] This interest, and the need for certainty as to if and how HB 1205 should be applied, was magnified following this Court's issuance of a Temporary Restraining Order against the State and Pemi-Baker Regional School District defendants (Doc. 35). Following the issuance of that Order, Defendant Commissioner of Education, Frank Edelblut, sent a letter to school districts in New Hampshire acknowledging the Order "as it pertains to one of the plaintiffs" in this matter and asserting that HB 1205 "is still applicable to all other students in New Hampshire school districts." *See* Exhibit A. Defendant Edelblut's letter narrows the gap between Scylla and Charybdis[3] and forces school districts and school officials into the impossible situation of choosing between complying with a potentially unlawful law or refusing to do so and subjecting themselves to the powers of the Commissioner and the liability imposed by the law. Therefore, particularly in light of Defendant Edelblut's

---

[1] Indeed, recently issued United States Department of Education regulations under Title IX include provisions such as "Discrimination on the basis of sex includes discrimination on the basis of sex stereotypes, sex characteristics, pregnancy or related conditions, sexual orientation, and gender identity," 34 C.F.R. § 106.10, and "Adopting a policy or engaging in a practice that prevents a person from participating in an education program or activity consistent with the person's gender identity subjects a person to more than de minimis harm on the basis of sex," 34 C.F.R. § 106.31(a)(2). Complicating this matter is that the United States Supreme Court recently denied a request for partial stay of injunctions against these new regulations in two states (Louisiana and Kentucky). *See Department of Education, et al. v. Louisiana, et al.*, No. 24A78 (U.S. Aug. 16, 2024), *available at* https://www.supremecourt.gov/opinions/23pdf/24a78_f2ah.pdf. The new regulations, however, appear to remain in effect in other states like New Hampshire.

[2] Given the Pembroke Defendants' unique positioning as parties between a rock and a hard place, and their good faith intention to comply with controlling law, the Pembroke Defendants respectfully object to Plaintiffs' request for nominal damages, fees, expenses, and costs, to the extent such request applies to them.

[3] In keeping with the general theme, Pembroke Academy's mascot is the Spartan. *See* https://pa.sau53.org/en-US?showHomepage=true.

letter, the Pembroke Defendants are hopeful that this Court can provide guidance upon which they, and all school districts in New Hampshire, can rely in the future.

The Pembroke Defendants will fully comply with any and all Orders of this Court.

Respectfully submitted,

Pembroke School District, Andrew Camidge, Gene Gauss, Kerri Dean, and Melanie Camelo

By and through their attorneys,

Wadleigh, Starr & Peters, P.L.L.C.

Date: August 23, 2024

By: */s/ Michael G. Eaton*
Michael G. Eaton, NH Bar #271586
95 Market Street
Manchester, NH 03101
(603) 669-4140
meaton@wadleighlaw.com

CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of August, 2024, a copy of the foregoing was served upon all counsel of record via the Court's e-filing system.

*/s/ Michael G. Eaton*
Michael G. Eaton

3