*NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO NOVEMBER 23, 2024

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE


* * * * * * * * * * * * * * * * * *
                                   *
PARKER TIRRELL, et al,             *
                                   *
          Plaintiffs,              *
                                   *   1:24-cv-251-LM-TSM
      v.                           *   August 16, 2024
                                   *   4:37 p.m.
FRANK EDELBLUT, et al,             *
                                   *
          Defendants.              *
                                   *
                                   *
* * * * * * * * * * * * * * * * * *


            TRANSCRIPT OF SCHEDULING CONFERENCE
                 HELD VIA VIDEOCONFERENCE
          BEFORE THE HONORABLE LANDYA B. MCCAFFERTY
```

Appearances:

| | |
|---|---|
| For the Plaintiff: | Chris Erchull, Esq.<br>Bennett H. Klein, Esq.<br>GLBTQ Legal Advocates and Defenders |
| | Henry Klementowicz, Esq.<br>ACLU of New Hampshire |
| | Kevin J. DeJong, Esq.<br>Louis L. Lobel, Esq.<br>Emmett Weiss, Esq.<br>Goodwin Procter LLP |
| For the Defendant,<br>the State of NH: | Michael P. DeGrandis, Esq.<br>NH Attorney General's Office |
| For the Defendant,<br>Pemi-Baker Regional<br>School District: | Diane M. Gorrow, Esq.<br>Soule Leslie Kidder Sayward &<br>Loughman |

Appearances:
(Continued)


| | |
|---|---|
| For the Defendant,<br>Pembroke School District: | Dean B. Eggert, Esq.<br>Michael Gregory Eaton, Esq.<br>Wadleigh Starr & Peters PLLC |
| Court Reporter: | Liza W. Dubois, RMR, CRR<br>Official Court Reporter<br>U.S. District Court<br>55 Pleasant Street<br>Concord, New Hampshire 03301<br>(603) 225-1442 |

```
 1                      P R O C E E D I N G S
 2              THE CLERK:  We're here for a status conference in
 3   Tirrell vs. Edelblut, et al -- or Tirrell et al.  It is
 4   24-cv-251-LM-TSM.
 5              If counsel -- primary counsel would please identify
 6   themselves for the record, those who'll be speaking, that would
 7   be great, starting with the plaintiffs, please.
 8              MR. ERCHULL:  Your Honor, my name is Chris Erchull
 9   for the plaintiffs.
10              THE COURT:  Good afternoon.
11              MR. ERCHULL:  Good afternoon.
12              MS. GORROW:  Your Honor, I am Diane Gorrow for the
13   Pemi-Baker Regional School District and its school board.
14              THE COURT:  Good afternoon.
15              MS. GORROW:  Good afternoon.
16              MR. EGGERT:  Your Honor, I'm Dean Eggert for the
17   Pembroke School District.
18              THE COURT:  Good afternoon.  Thank you.
19              MR. EATON:  Good afternoon, your Honor.  Mike Eaton,
20   also for the Pembroke School District.
21              THE COURT:  All right.
22              MR. DEGRANDIS:  Good afternoon, your Honor.  Michael
23   DeGrandis from the Attorney General's Office for the state
24   defendants.
25              THE COURT:  All right.  Well, hello, everybody.  I
```

1  can see there are a couple more names on the screen.  I'm happy
2  to have you identify yourself, if you'd like.  I can see names
3  on my -- on my Zoom, but I'm happy to have you introduce
4  yourself, too.
5           MR. DEJONG:  Your Honor, this is Kevin DeJong from
6  Goodwin Procter.  I apologize.  I did not come prepared with a
7  suit and tie, so I don't have my video on.
8           THE COURT:  That's all right.
9           MR. DEJONG:  And I have my colleagues, Louis Lobel
10 and Emmett Weiss from Goodwin Procter are also on the call.
11 And we're all also representing plaintiffs as well.
12          THE COURT:  Okay.  Thank you.
13          MR. KLEMENTOWICZ:  Your Honor, this is Henry
14 Klementowicz from the ACLU of New Hampshire, also for the
15 plaintiffs.
16          THE COURT:  Great.
17          MR. KLEIN:  Good afternoon, your Honor, this is Ben
18 Klein, also for the plaintiffs.
19          THE COURT:  Thank you.  I think I've heard from
20 everybody.
21          All right.  This is just a scheduling conference.  I
22 want to talk to you about what is going to work for everybody.
23          And I intend to have some form of hearing on the
24 TRO, so that would be just with respect to Parker, before
25 Monday at 6:00 p.m., so I want to talk to you about how best to

1  plan for that.  I obviously became aware of this today, as it
2  was filed today.
3            So I am curious whether or not I would need to hear
4  evidence and live testimony at such a hearing.  And, if not, I
5  could schedule the hearing to occur via Zoom remotely in
6  accordance with Judicial Conference policies.  I believe, and I
7  haven't had it confirmed yet, but I'm quite sure I can't take
8  evidence, live evidence, over Zoom in federal court anymore,
9  but I will confirm that.
10           So give me a sense of what would happen.  Could we
11 proceed via submissions, do you think, or would you want me to
12 hear live testimony?
13           And I'll start with Attorney Erchull.
14           MR. ERCHULL:  Your Honor, thank you.
15           I think -- first of all, just thank you so much for
16 scheduling this conference and making time to -- to hear this
17 on such short notice.  We understand what a big ask it is to
18 rule on a TRO where there's a Monday deadline and we filed the
19 papers on Friday.  So thank you so much for being here and, you
20 know, as such, the plaintiffs wish to be as flexible as
21 possible for the Court.
22           So -- so my answer to you is as long as there aren't
23 contested factual issues that are going to weigh on this
24 Court's decision on a motion for TRO, we are happy to proceed
25 without -- without -- without an evidentiary hearing.  And, of

1  course, we can always plan for an evidentiary hearing in
2  advance of the decision on the motion for preliminary
3  injunction.
4         So I think that, you know, I just want to hear from
5  the defendants whether they anticipate contesting factual
6  information that's laid out in the -- in the declarations and
7  other documents supporting our pleadings.
8         THE COURT: All right. Thank you. Let me hear then
9  from Attorney -- is it DeGrandis? I want to make sure I
10 pronounce it correctly --
11        MR. DEGRANDIS: DeGrandis, yes, your Honor.
12        THE COURT: -- DeGrandis and then I'll hear from the
13 attorneys from Plymouth.
14        And, Attorney Gorrow, as of this motion, you would
15 not necessarily -- you would want to be present probably, I
16 would think, but I want to hear from Attorney DeGrandis and
17 Attorneys Eaton and Eggert.
18        Go ahead, Attorney DeGrandis.
19        MR. DEGRANDIS: Thank you, your Honor. I have had
20 time to review the complaint, though mostly superficially. It
21 certainly seems to me that there wouldn't be a need to
22 challenge the -- the facts as alleged by the plaintiffs here.
23        I would say that the Monday deadline is a bit
24 ambitious. I do appreciate the urgency that the plaintiffs
25 feel here and we feel the urgency, too, but these are very

1  serious issues and the complaint is a serious complaint.  It
2  deserves our serious and thoughtful conversation.
3           And so we would hope for a broader briefing
4  schedule, something closer to 14 days, but that seems to not
5  fit with your intentions, your Honor, and I understand that and
6  we'll comply, of course, with whatever deadline the Court sets,
7  but it -- it does put the state defendants at a bit of a
8  disadvantage on such an accelerated schedule.  I just want to
9  offer that for the Court's consideration.
10          THE COURT:  All right.  And I'll hear from,
11 obviously, the attorneys for Plymouth, but let me ask you then,
12 until the time of that hearing and my order on a hearing if, in
13 fact, I were to move it, would the state agree to sort of a
14 status quo in effect prior to the statute with respect to
15 Parker, in other words, let Parker try out and play on the
16 teams as if the statute were not going into effect in -- in his
17 school, is that something you'd be willing to do?  Because I
18 think if that is something you'd be willing to do until I can
19 issue an order, I'd be open to moving this.
20          I want to hear, obviously, from Attorney Erchull,
21 but if you're not willing to do that, I'm more inclined to do
22 this on a -- on a more expedited TRO schedule.
23          MR. DEGRANDIS:  Sure.  I think that's an interesting
24 proposition and I think I would also like to hear from the --
25 from the school district's counsel on that matter, but I

1   certainly would be open to the notion of a -- of a limited
2   circumstance, that is, limited to -- to just the plaintiffs
3   here in this case and I think you're referring to Parker
4   specifically.
5               THE COURT:  (Nods head.)
6               MR. DEGRANDIS:  And that is something that we would
7   be open to so that we could have that opportunity to more
8   thoroughly brief the issues.
9               THE COURT:  All right.  Let me hear then from the
10  school district.
11              MS. GORROW:  Good afternoon, your Honor.
12              From the school district's perspective, Parker
13  played last year and she would be playing this year but for the
14  new law.
15              The district doesn't have a problem with having an
16  extended deadline, but we would need something more than the
17  state just agreeing to maintain the status quo.  We would need
18  some order from this Court, whether it's a stipulation agreed
19  to by the state, because as your Honor probably realizes, there
20  are private rights of action that can be brought under the
21  statute and without a court order authorizing the district to
22  allow Parker on the team, it exposes the district to those
23  claims because just an agreement by the state is not going to
24  protect the district from third-party claims which are
25  authorized under the statute.

1          THE COURT: Understood. Anybody else want to be
2  heard on that from the school districts' perspective?
3          MR. EGGERT: Yes. Thank you, your Honor.
4          The perspective from the Pembroke School District is
5  very similar to that of Attorney Gorrow. While we are not
6  under quite the same tight time schedule, if we're moving out
7  beyond the 14 days, then Pembroke School District will find
8  itself in the exact same fact pattern that Plymouth is, where
9  we're exposed either under the state statute or potentially
10 under an interpretation of Title IX.
11         Just to put it really simply, the Pembroke School
12 District is between a rock and a hard place. I'll be quite
13 transparent and tell you that it's very likely that the
14 Pembroke School District will file some sort of cross petition
15 for declaratory judgment seeking guidance from the Court as to
16 how to resolve this because I have individual board members
17 with civil exposure, as Attorney Gorrow noted, under the state
18 statute. And so I would join in requesting that if there's a
19 stipulation that it be very clear that at this juncture, in
20 some form of restraint, it is not viable to bring a civil
21 action against these districts for honoring the Court's order.
22         And that's probably one of our significant concerns
23 because this new bill comes with an attorney's fees entitlement
24 and yet in the same breath, we also are very much aware of the
25 federal government's interpretation of the term sex under Title

```
1    IX.
2            So, in a nutshell, we're open to stipulating as a
3    district to anything that allows this to be resolved in an
4    orderly fashion that doesn't expose our clients to civil
5    exposure and also permits these petitioners to have a prompt
6    answer.
7            THE COURT:  Okay.  All right.  And I want to
8    apologize.  I had the schools flipped.  So I apologize,
9    Attorney Gorrow.
10           Okay.  Well, it sounds then as though I could send
11   it back to you all and see if you can come up with some sort of
12   stipulation for Parker and Iris that would cover both, at least
13   in the short run, and we can talk instead about scheduling a
14   preliminary injunction hearing and -- and schedule that on a
15   schedule that might work better for everybody, particularly the
16   defendants.
17           So how does that sound, Attorney Erchull?
18           MR. ERCHULL:  I think that if -- if the school
19   districts and the state all stipulated and this Court endorsed
20   that Parker and Iris could play sports until the matter -- the
21   motion for preliminary injunction is totally resolved, then I
22   think the plaintiffs would be totally satisfied.
23           THE COURT:  And is that something I could just leave
24   to counsel then and have you, if you would, file a joint
25   stipulation that works for everybody?
```

1                And obviously the concerns raised by the school
2     district should be addressed in that stipulation, and then I
3     can simply approve that and -- and then we can talk now about
4     the possibility of the preliminary injunction hearing.  I'd
5     even allow for you to go meet and confer and come up with a
6     schedule that would work for everybody and then I could just
7     have a status conference with you to give you a sense of, you
8     know, what I would be looking for in advance of that hearing
9     and touch base with you about procedural specifics, how we'll
10    conduct the hearing.
11               So how does that sound as a plan?  And I'm
12    envisioning that we would do a preliminary injunction hearing
13    in 14 days or so, but, again, if you -- if you think there's no
14    problem extending that from the perspective of the state and
15    the school districts, it could be as -- as extended as works
16    for all parties as long as you all agree to it.
17               Would we all be in agreement the preliminary
18    injunction would be the hearing on the merits, join those two?
19    I'll let you think more about that, but I was just proposing
20    that as something that perhaps you could -- you could answer in
21    any joint stipulation that you file about scheduling a
22    preliminary injunction hearing.
23               No need for a bond.  This is state school districts.
24    You're in agreement that there's no need to file a bond in this
25    case?

```
 1                  I'm seeing affirmative head-shaking, so all right.
 2                  Well, then, I'm guessing we do not have to have a
 3   hearing this weekend, which is what I was prepared to -- to
 4   schedule.  So our -- our marshals will be relieved, I can
 5   assure you.
 6                  So let me just throw it back then to you and let you
 7   stay on this Zoom while you're all here and put together and
 8   then file, if you would, a joint stipulation.
 9                  I would say sometime before -- if you could file it
10   Monday morning at the latest because if something falls
11   through, I will schedule a Zoom hearing on the TRO such that --
12   probably in the noontime hour.  If something happens and this
13   falls through and I can't do it over the weekend, it would
14   be -- I have a funeral Monday morning that I have to be present
15   for in Portsmouth.  I can drive over to the court or I can do
16   it via Zoom.  But that's obviously worst-case scenario and I
17   just want to put that out to you that that's -- that's what
18   would happen in the event this somehow falls through; I will
19   have my case manager, Donna Esposito, contacting you and
20   scheduling the hearing Monday, probably as early afternoon as I
21   can get.  Okay?
22                  MR. ERCHULL:  So, your Honor, can I just clarify one
23   point, which is I believe -- I believe that the attorney --
24   counsel for the state suggested that it was possible that he
25   might be able to enter into a stipulation.  I just want to make
```

1  sure that it's clear that he has authority to and is willing
2  to -- to enter into a stipulation along what we've been talking
3  about.
4            MR. DEGRANDIS:  Yes.  I did equivocate, but I do
5  have the authority to do that.  Yes.
6            MR. ERCHULL:  Thank you.
7            THE COURT:  All right.  Good.  Thank you for -- for
8  that.
9            Anything else from anyone at this point that I
10 should cover with you before you file the joint stip?  And
11 then, if you would, file also a scheduling -- a proposed
12 scheduling order for the preliminary injunction hearing.  If
13 you can do that in consultation with Attorney Esposito, that is
14 going to help because obviously I'll have trials and schedules,
15 but I could -- I can give you a date certain.
16           Would you anticipate the hearing would be a full
17 day, two days?  What would you -- you can also tell me that in
18 your -- in your proposed scheduling order.  Ask me to set aside
19 whatever time you anticipate you will need and then we'll make
20 sure it's on for date -- you know, a date certain or two
21 days --
22           MR. ERCHULL:  Okay.
23           THE COURT:  -- in the next, you know, whenever you
24 decide.
25           MR. ERCHULL:  (Nods head.)

```
 1                THE COURT:  Whether it's 14 days, 30 days, or
 2   45 days, whatever it is you all agree to.
 3                MR. ERCHULL:  Thank you, your Honor.
 4                THE COURT:  Okay.  Is there anything else before we
 5   get off?
 6                And you'll file the joint stipulation sometime
 7   before Monday morning at 10:00 a.m.  Now, I'll be at a funeral
 8   at 10:00 a.m., so my -- Donna Esposito will be handling
 9   anything that were to fall through.  But if you can file that
10   sometime this weekend so we can clear the decks, that would be
11   helpful, I think, to her.
12                So if you can stay on this Zoom -- Donna, can you
13   stay on with them?
14                THE CLERK:  Yes.
15                THE COURT:  And that way you can all look at your
16   calendars and then you can work on drafting a stipulation that
17   meets everybody's approval.
18                And, Donna, I'd be happy to give them this Zoom to
19   do that so they don't have to hang up and then find each other
20   on the phone.
21                THE CLERK:  Okay, Judge.  And I can check the docket
22   over the weekend if parties get it done Saturday or Sunday.
23                THE COURT:  If somebody just emails Attorney
24   Esposito, that would be wonderful and then that will notify her
25   to let me know that I don't need to be planning to conduct this
```

```
 1   hearing on Monday afternoon.  Great.
 2              Well, thank you, everybody.  I appreciate it and I
 3   will see you for a hearing at some point, some point soon.
 4              Thank you very much.
 5              MR. ERCHULL:  Thank you, your Honor.
 6              MR. DEGRANDIS:  Thank you.
 7              (Proceedings concluded at 4:57 p.m.)
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

      I, Liza W. Dubois, do hereby certify that the foregoing transcript is a true and accurate transcription of the within proceedings, to the best of my knowledge, skill, ability and belief.

Submitted: 8/23/24      */s/  Liza W. Dubois*
                               LIZA W. DUBOIS, RMR, CRR