UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Tirrell, et al., <br><br> Plaintiffs. <br><br> v. <br><br> Frank Edelblut, et al., <br><br> Defendants. | Civil Action No. 1:24-cv-00251 |

**PEMBROKE DEFENDANTS' ANSWER TO COMPLAINT**

NOW COME Defendants Pembroke School District, Andrew Camidge, Gene Gauss, Kerri Dean, and Melanie Camelo (the "Pembroke Defendants"), by and through counsel, Wadleigh, Starr & Peters, P.L.L.C., and hereby answer Plaintiffs' Complaint as follows.

**INTRODUCTION**

This is an introductory paragraph to which no response is required. To the extent a response is required, the Pembroke Defendants deny any liability and deny that an assessment of attorney's fees, costs, sanctions, or any other such award against the Pembroke Defendants is appropriate or warranted. The Pembroke Defendants take no position on the merits or law associated with Plaintiffs' Complaint and state only that they will comply with any and all Orders of this Court.

**JURISDICTION AND VENUE**

1. The Pembroke Defendants admit that Plaintiffs brought this action under 42 U.S.C. § 1983 but deny that the Pembroke Defendants are liable for any damages or other awards and deny that they participated in the deprivation of Plaintiffs' rights.

2. Admitted.

3. Admitted.

1

4. Admitted.

5. Admitted. By way of further answer, the Pembroke Defendants take no position on whether HB 1205 violates the United States Constitution and federal law and infringes on Plaintiffs' rights.

## PARTIES

6. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

17. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

18. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

19. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

20. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

21. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

22. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

23. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

24. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

25. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

26. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

27. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

28. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

29. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

## **FACTS**

35. The Pembroke Defendants lack knowledge, information, or medical expertise sufficient to form a belief about the truth of the allegations in this Paragraph.

36. The Pembroke Defendants lack knowledge, information, or scientific expertise sufficient to form a belief about the truth of the allegations in this Paragraph.

37. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

38. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

39. Admitted.

40. The Pembroke Defendants lack knowledge, information, or psychiatric expertise sufficient to form a belief about the truth of the allegations in this Paragraph.

41. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

42. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

43. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

44. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

45. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

46. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

47. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

48. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

49. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

50. The Pembroke Defendants admit that such policies governed, at least in part, a transgender student's eligibility to participate in school sports.

51. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

52. Admitted.

53. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

54. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

55. The Pembroke Defendants admit that they are aware that such a policy was adopted, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

56. The Pembroke Defendants admit that the policy contains the quoted language, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

57. The Pembroke Defendants admit that the policy contains the quoted language.

58. The Pembroke Defendants admit that the policy contains the quoted language.

59. The Pembroke Defendants admit that the policy contains the quoted language.

60. The Pembroke Defendants admit the allegations in the first sentence of this Paragraph. The Pembroke Defendants deny that HB 1205 became effective on August 19, 2024 and note that it became effective on August 18, 2024.

61. HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions. To the extent a further response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

62. HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions. To the extent a further response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

63. HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions. To the extent a further response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

64. HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions. To the extent a further response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

65. HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions and their potential inconsistency with the provisions of Title IX. To the extent a further response is required, the Pembroke Defendants

lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

66. HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions. To the extent a further response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

67. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

68. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

69. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

70. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

71. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

72. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

73. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

74. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

75. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

76. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

77. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

78. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

79. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

80. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

81. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

82. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

83. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

84. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

85. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

86. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

87. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

88. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

89. Admitted.

90. Admitted.

91. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

92. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

93. Admitted.

94. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

95. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

96. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

97. The Pembroke Defendants admit that Pembroke personnel, including teachers and coaches, have supported and continue to support Plaintiff throughout her transition, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

98. The Pembroke Defendants admit the allegations concerning Plaintiff's participation in tennis and try-out for the softball team, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

99. The Pembroke Defendants admit that Pembroke Academy takes students from several "feeder" schools, but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

100. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

101. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

102. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

103. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

104. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

## CLAIMS FOR RELIEF

### COUNT I

105. The Pembroke Defendants hereby incorporate by reference their responses to each preceding Paragraph as if fully set forth herein.

106. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, admitted.

107. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, admitted.

108. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

109. The allegations in this Paragraph do not pertain to the Pembroke Defendants and represent a conclusion of law as to which it is the sole province of the Court to resolve. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

110. The allegations in this Paragraph do not pertain to the Pembroke Defendants and represent a conclusion of law as to which it is the sole province of the Court to resolve. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

## COUNT II

111. The Pembroke Defendants hereby incorporate by reference their responses to each preceding Paragraph as if fully set forth herein.

112. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, admitted.

113. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, admitted.

114. The allegations in this Paragraph do not pertain to the Pembroke Defendants and represent a conclusion of law as to which it is the sole province of the Court to resolve. To the

extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

115. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, admitted.

116. The allegations in this Paragraph do not pertain to the Pembroke Defendants. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

117. The allegations in this Paragraph do not pertain to the Pembroke Defendants and represent a conclusion of law as to which it is the sole province of the Court to resolve. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

## COUNT III

118. The Pembroke Defendants hereby incorporate by reference their responses to each preceding Paragraph as if fully set forth herein.

119. Admitted.

120. Admitted.

121. The allegations in this Paragraph represent a conclusion of law as to which it is the sole province of the Court to resolve. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

122. The allegations in this Paragraph represent a conclusion of law as to which it is the sole province of the Court to resolve. To the extent a response is required, the Pembroke

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

123. The allegations in this Paragraph represent a conclusion of law as to which it is the sole province of the Court to resolve. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

## **COUNT IV**

124. The Pembroke Defendants hereby incorporate by reference their responses to each preceding Paragraph as if fully set forth herein.

125. Admitted.

126. Admitted.

127. The allegations in this Paragraph represent a conclusion of law as to which it is the sole province of the Court to resolve. To the extent a response is required, the Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

128. Admitted.

129. Admitted.

130. The allegations in this Paragraph represent a conclusion of law as to which it is the sole province of the Court to resolve. To the extent a response is required, the Pembroke Defendants deny that they sought to exclude Plaintiff from educational programs and activities, deny her the benefits of them, subject her to discrimination, or otherwise violate her rights. The Pembroke Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

**AFFIRMATIVE DEFENSES**

This list of affirmative defenses is provided pursuant to the obligation to provide notice of potential defenses under Federal Rule of Civil Procedure 8.  The case has not yet undergone discovery, and the Pembroke Defendants will disclose all defenses in accordance with applicable rules and Court Orders, supplementing this list as necessary as discovery progresses. Accordingly, the Pembroke Defendants offer the following defenses and reserve the right to amend this notice:

1. The Pembroke Defendants affirmatively state all the defenses listed in Fed. R. Civ. P. 8(c)(1) and Fed. R. Civ. P. 12(b).

2. Plaintiffs' claims may be unripe.

3. The Pembroke Defendants have not taken any action with respect to Plaintiffs' claims.

4. The Pembroke Defendants' position is justified.

5. The Pembroke Defendants acted in good faith at all times and had reasonable grounds for believing that any act(s) they may have taken or may take did not violate any applicable federal or state laws.

6. The Pembroke Defendants have acted in good faith, are not actively challenging Plaintiffs' positions, have not taken any adverse action against Plaintiffs, and seek only to comply with controlling law; therefore, and among other equitable reasons, Plaintiffs' are not entitled to nominal damages or attorneys' fees, costs, and expenses under 42 U.S.C. § 1988 or any other applicable law as against the Pembroke Defendants.

7. Plaintiffs may not recover damages or other remedies from the Pembroke Defendants under Title IX because it is Spending Clause legislation, and any condition imposing

an obligation relating to Plaintiffs' claims was not made unambiguously to the Pembroke Defendants upon its receipt of federal funding.

8. The Pembroke Defendants are entitled to assert all applicable immunities.

9. One or more requests for equitable relief may be barred by the doctrine of separation of powers.

10. One or more requests for equitable relief may be barred in whole or in part by the doctrine of acquiescence.

11. One or more requests for equitable relief may be barred by the equitable doctrines of estoppel, laches, waiver, or unclean hands.

12. One or more of Plaintiff's claims may be barred in whole or in part by the statute of limitations.

13. Plaintiffs' claims may fail to state a claim upon which relief may be granted.

14. One or more of Plaintiff's claims may present a nonjusticiable political question.

15. Plaintiffs may lack standing to assert one or more of their claims.

16. Plaintiffs may have failed to satisfy the doctrine of administrative exhaustion.

17. Plaintiff's claims may not be monetarily compensable or capable of injunctive relief.

18. Plaintiffs may have no damages.

19. Failure to mitigate is reserved as a defense.

20. At all times relevant, Defendants acted reasonably, in good faith, and without malice.

21. Any action(s) the Pembroke Defendants may take relating to Plaintiffs' Complaint are mandated by HB 1205, no action(s) they take adverse to Plaintiffs' interests as outlined in

their Complaint are of their own volition, and any action(s) they take are solely under the direction and authority of the State Legislature and State Defendants.

22. The Pembroke Defendants reserve the right to supplement this list of defenses as discovery progresses.

WHEREFORE, the Pembroke Defendants pray as follows:

A. While the Pembroke Defendants take no position on the questions of law raised by Plaintiffs' Complaint, the Complaint demonstrates why the Pembroke Defendants and school districts across the state need judicial intervention with respect to defining their obligations pursuant to HB 1205 and other controlling laws or constitutional provisions and, accordingly, the Pembroke Defendants respectfully request that the Court issue a declaratory judgment as to whether the Pembroke Defendants are bound by, and required to enforce, HB 1205;

B. The Pembroke Defendants dispute that Plaintiffs are entitled to nominal damages, costs, expenses, or attorney's fees pursuant to 42 U.S.C. § 1988 or any other applicable law *as against the Pembroke Defendants*, as the Pembroke Defendants have acted in good faith, are not actively challenging Plaintiffs' positions, have not taken any adverse action against Plaintiffs, are subject to the direction and authority of the State Legislature and State Defendants, and seek only to comply with controlling law and, accordingly, the Pembroke Defendants respectfully request that this Court deny Plaintiffs' request for such damages, costs, and fees as applicable to the Pembroke Defendants; and

C. Grant such further relief as may be just and proper.

Respectfully submitted,

Pembroke School District, Andrew Camidge, Gene Gauss, Kerri Dean, and Melanie Camelo

|  |  |
|---|---|
|  | By and through their attorneys, |
|  | Wadleigh, Starr & Peters, P.L.L.C. |
| Date: October 11, 2024 | By:*/s/ Michael G. Eaton*<br>Michael G. Eaton, NH Bar #271586<br>95 Market Street<br>Manchester, NH 03101<br>(603) 669-4140<br>meaton@wadleighlaw.com |

CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of October, 2024, a copy of the foregoing was served upon all counsel of record via the Court's e-filing system.

*/s/ Michael G. Eaton*
Michael G. Eaton

19