**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

PARKER TIRRELL and IRIS TURMELLE,

*Plaintiffs*,

v.

FRANK EDELBLUT, in his official capacity
as Commissioner of the New Hampshire
Department of Education, *et al.*,

*Defendants*.

Case No. 1:24-cv-00251-LM-TSM

## DEFENDANTS FRANK EDELBLUT, ANDREW CLINE, KATE CASSADY, ANN LANE, PHILIP NAZZARO, RAJESH NAIR, JAMES FRICCHIONE, AND JAMES LABOE'S ANSWER & AFFIRMATIVE DEFENSES

NOW COME Defendants Frank Edelblut, Andrew Cline, Kate Cassady, Ann Lane,

Philip Nazzaro, Rajesh Nair, James Fricchione, and James Laboe (collectively, the "State

Defendants"), by and through counsel, the Office of the Attorney General, and submit their

Answer and Affirmative Defenses to Plaintiffs' Complaint (ECF No. 4).

### INTRODUCTION

The Equal Protection Clause of the United States Constitution guarantees that all

similarly situated individuals have the same opportunities to exercise their fundamental rights.[1]

To ensure equality under the law, state legislatures may establish the bounds of classifications to

attend competing public and private concerns, without remedying every societal ill.[2]  So, where a

state law balances inversely correlated individual interests, it does not violate equal protection—

it promotes fairness.  And where a state law circumscribes membership in a class to those who

---

[1] *See Toledo v. Sanchez*, 454 F.3d 24, 33 (1st Cir. 2006) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).
[2] *See Gary S. v. Manchester Sch. Dist.*, 374 F.3d 15, 22-23 (1st Cir. 2004) (citing *Plyler*, 457 U.S. at 216).

have been historically disadvantaged, it does not unlawfully discriminate—it promotes opportunity.

The statute at issue in this case, RSA 193:41–42, is such a law.  It ensures fairness and opportunity in middle and high school female athletic competition.[3]  It prevents discrimination against biological girls by ensuring that they will not face fewer or less meaningful athletic opportunities than those available to biological boys.[4]  The statute also protects biological girls from the physical and emotional harm to which they could be exposed were they required to compete with biological boys.[5]  Striking a balance between the important governmental interest in safeguarding biological girls' welfare with transgender girls' welfare is a public policy choice that is the constitutional prerogative of the political branches, not the judiciary.

The Complaint's introductory paragraph does not require a response.  To the extent that a response may be required, State Defendants deny the assertion that RSA 193:41–42 violates the Equal Protection Clause of the Fourteenth Amendment or Title IX of the Education Amendments of 1972, and answers each of the Complaint's allegations more fully below.

---

[3] *See* 46 H. Rec. 11, at 16 (Mar. 15, 2024) (statement in support of HB 1205); Sen. HB 1205 Debate at 1:15:55–16:40 (Sen. Ruth Ward) (May 16, 2024), available at https://www.youtube.com/watch?v=8ai8PSQakzM (last visited Oct. 11, 2024).

[4] *See* House Educ. HB 1205 Hr'g at 5:29:40–30:45 (Rep. Kristine Perez) (Jan. 29, 2024), available at https://www.youtube.com/watch?v=lST_1AB0DBQ (last visited Oct. 11, 2024).

[5] *See* Sen. HB 1205 Debate at 1:31:48–32:04 (Sen. Timothy Lang, Sr.) (May 16, 2024), available at https://www.youtube.com/watch?v=8ai8PSQakzM (last visited Oct. 11, 2024).

# ANSWER

## Plaintiffs' Jurisdiction & Venue Allegations[6]

1.      Admitted to the extent that Counts I–IV allege violations of the Fourteenth Amendment and Title IX.  Denied that State Defendants violated Plaintiffs' constitutional or statutory rights, and denied that RSA 193:41–193:42 is unlawful.

2.      Admitted that the Complaint asserts federal claims within the scope of the Court's federal-question jurisdiction under 28 U.S.C. § 1331.  Subject-matter jurisdiction cannot be waived, and State Defendants therefore reserve the right to challenge the Court's subject-matter jurisdiction in the future if appropriate under the relevant facts and applicable law.

3.      If this matter is justiciable, which State Defendants do not concede, this Court is the proper venue.

4.      This paragraph asserts a legal conclusion to which no response is required.  If a response is deemed required, State Defendants admit that 28 U.S.C. § 2201 authorizes federal courts to issue declaratory judgments but deny that Plaintiffs are entitled to this relief.

5.      This paragraph asserts a legal conclusion to which no response is required.  If a response is deemed required, State Defendants admit that Plaintiffs allege that HB 1205 violates the United States Constitution and federal law, but State Defendants deny that they have violated Plaintiffs' constitutional or statutory rights, and deny that RSA 193:41–193:42 is unlawful.

---

[6] The Complaint's headers do not contain allegations of fact to which a response is necessary.  To the extent that a response may be required, State Defendants deny the allegations and answer more fully in the section below.

**Plaintiffs' Parties Allegations**[7]

6.      Denied, as State Defendants lack sufficient knowledge or information to answer regarding Parker Tirrell's age or residence.  Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.").  Admitted to the extent that Parker Tirrell's next friends and parents, Sara Tirrell and Zachary Tirrell, bring this case on Parker Tirrell's behalf.

7.      Denied, as State Defendants lack sufficient knowledge or information to answer regarding Iris Turmelle's age or residence.  *Id.*  Admitted to the extent that Iris Turmelle's next friends and parents, Amy Manzelli and Chad Turmelle, bring this case on Iris Turmelle's behalf.

8.      Admitted to the extent that Frank Edelblut is the Commissioner of the New Hampshire Department of Education and that he is sued in his official capacity.  The statement "[h]e is responsible for the general supervision of secondary schools and administrators" is a legal conclusion to which no response is necessary.  RSA 21-N:2, II(a) speaks for itself.  To the extent a response is deemed necessary, State Defendants admit that RSA 21-N:2, II(a) assigns general supervisory responsibility "for elementary and secondary schools, teachers, and administrators" to the Department of Education, but otherwise deny the second sentence of this paragraph to the extent it could be read to assign authority to the Commissioner that is not prescribed in RSA 21-N:2, II(a).  Admitted that Commissioner Edelblut was and is a legal resident of the State of New Hampshire.

9.      Admitted.

---

[7]  The Complaint's headers do not contain allegations of fact to which a response is necessary.  To the extent that a response may be required, State Defendants deny the allegations and answer more fully in the section below.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Defendant Pemi-Baker Regional School District ("PBRSD") has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.  State Defendants admit that Parker Tirrell attends Plymouth Regional High School.

17.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

18.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

19.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

20.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

21.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

22.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

23.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

24.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

25.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

26.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

27.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

28.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

29.     Defendant PBRSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PBRSD.

30.     Defendant Pembroke School District ("PSD") has retained independent counsel which precludes State Defendants from answering allegations directed toward PSD.  State Defendants admit that Iris Turmelle attends Pembroke Academy.

31.     Defendant PSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PSD.

32.     Defendant PSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PSD.

33.     Defendant PSD has retained independent counsel which precludes State Defendants from answering allegations directed toward PSD.

34.     Defendant PSD has retained independent counsel which precludes State

Defendants from answering allegations directed toward PSD.

<strong>Plaintiffs' Factual Allegations</strong>[8]

**I.      *Plaintiffs' Transgender Adolescents & Participation in School Sports Allegations***

35.     Denied, as the New Hampshire Civil Rights Act speaks for itself and legal

analysis of its definitions are not relevant to claims or defenses in this lawsuit.  State Defendants

lack sufficient knowledge or information to answer what "medicine" defines as "gender identity"

and denies this paragraph on that basis.  Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge

or information sufficient to form a belief about the truth of an allegation must so state, and the

statement has the effect of a denial.").

36.     Denied, as State Defendants lack sufficient knowledge or information to answer

allegations premised upon undefined or unquantifiable terms.  *Id.*

37.     Denied, as State Defendants lack sufficient knowledge or information to answer

the binary choice propounded by the allegation.  *Id.*

38.     On information and belief, admitted to the extent that State Defendants believe

that healthcare providers ***usually*** designate a child's sex as male or female at birth, but otherwise

denied because State Defendants lack sufficient knowledge or information to answer whether

***only*** healthcare providers do so or whether some children do not receive a designation at birth.

*Id.*  State Defendants deny the remaining allegations as they lack sufficient knowledge or

information to answer.  *Id.*

---

[8]  The Complaint's headers do not contain allegations of fact to which a response is necessary.  To the extent that a response may be required, State Defendants deny the allegations and answer more fully in the section below.

39.     Admitted to the extent that this allegation may be consistent with generally accepted definitions of a "transgender person" but denied as State Defendants lack sufficient knowledge or information to answer whether this definition is the only or the most complete definition of a "transgender person." *Id.*

40.     Admitted to the extent that gender dysphoria is in the DSM-5.  State defendants deny all remaining allegations as they lack sufficient knowledge or information to answer.  *Id.*

41.     Denied, as State Defendants lack sufficient knowledge or information to answer the sweeping generalization in this paragraph.  *Id.*

42.     Denied, as State Defendants lack sufficient knowledge or information to answer regarding treatment goals.  *Id.*

43.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations regarding the World Professional Association for Transgender Health or the Endocrine Society.  *Id.*

44.     Denied, as State Defendants lack sufficient knowledge or information to answer whether the allegations reflect gender dysphoria's treatment regimen.  *Id.*

45.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations premised upon undefined or unquantifiable terms.  *Id.*

46.     Denied, as State Defendants lack sufficient knowledge or information to answer whether testosterone is ***the*** biological driver, ***a*** biological driver, or the proportion of ***other*** biological drivers and their interplay with testosterone, as implied by the allegation but not stated therein.  Also denied because State Defendants lack sufficient knowledge or information to answer allegations premised upon undefined or unquantifiable terms.  *Id.*

47.     Denied, as State Defendants lack sufficient knowledge or information to answer the sweeping generalizations in this paragraph.  *Id.*

48.     Denied, as State Defendants lack sufficient knowledge or information to answer regarding treatment regimens or their likelihood of success in each case.  *Id.*

49.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations premised upon undefined or unquantifiable terms.  *Id.*

## II.     *Plaintiffs' Statutory Prohibition of Transgender Girls from Participation in Middle and High School Sports Allegations*

50.     Denied.

51.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations regarding the New Hampshire Interscholastic Athletic Association (the "NHIAA").  *Id.*  State Defendants answer further that on information and belief, NHIAA's mission statement is located at the website cited in this paragraph.

52.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations regarding the NHIAA.  *Id.*  State Defendants answer further that on information and belief, NHIAA's policymaking process is located at the website cited in this paragraph.

53.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations regarding the NHIAA.  *Id.*  State Defendants answer further that on information and belief, NHIAA's standing committee composition is located at the website cited in this paragraph.

54.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations regarding the NHIAA.  *Id.*

55.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations regarding the NHIAA.  *Id.*  State Defendants answer further that the NHIAA policy statement speaks for itself.

56.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations regarding the NHIAA.  *Id.*  State Defendants answer further that the NHIAA policy statement speaks for itself.

57.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations regarding the NHIAA.  *Id.*  State Defendants answer further that the NHIAA policy statement speaks for itself.

58.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations regarding the NHIAA.  *Id.*  State Defendants answer further that the NHIAA policy statement speaks for itself.

59.     Denied, as State Defendants lack sufficient knowledge or information to answer allegations regarding the NHIAA.  *Id.*  State Defendants answer further that the NHIAA policy statement speaks for itself.

60.     Admitted.

61.     Denied.  State Defendants answer further that HB 1205 did not "supplant" anything—NHIAA **policy** was never New Hampshire **law**.  RSA § 193:41, I–II(a) speaks for itself:

I.   In this subdivision, "school" means a public high school in which any combination of grades 9 through 12 are taught or a public middle school in which any combination of grades 5 through 8 are taught. This shall not apply to students in any grade kindergarten through fourth grade.

II.
(a)  An interscholastic sport activity or club athletic team sponsored by a public school or a private school whose students or teams compete against a public

school must be expressly designated as one of the following based on the
biological sex at birth of intended participants:
   (1) Males, men, or boys;
   (2) Females, women, or girls; or
   (3) Coed or mixed.

RSA § 193:41, I–II(a).

   62.    Denied to the extent that the paragraph is an edited version of the cited statute.

RSA § 193:41, III speaks for itself:

   III.  For purposes of this subdivision, the sex of a student for the purpose of
   determining eligibility to participate in an interscholastic sport activity or club
   athletic team shall be determined by the student's biological sex on the student's
   official birth certificate or certificate issued upon adoption, and is considered to
   have correctly stated the student's biological sex only if the certificate was:
   (a) Issued at or near the time of the student's birth; or
   (b) Modified to correct any type of scrivener or clerical error in the student's
   biological sex.

RSA § 193:41, III.

   63.    Denied to the extent that the paragraph summarizes the cited statute.  RSA

§ 193:41, IV speaks for itself:

   III.  If a birth certificate provided by a student pursuant to paragraph III does not
   appear to be the student's original birth certificate or does not indicate the student's
   sex upon birth, then the student must provide other evidence indicating the student's
   sex at the time of birth. The student or the student's parent or guardian must pay
   any costs associated with providing the evidence required.

RSA § 193:41, IV.

   64.    Admitted.

   65.    Denied.

   66.    Denied to the extent that the paragraph is an edited and summarized version of the

cited statute.  RSA § 193:42, I speaks for itself:

   I.  Any student who is deprived of an athletic opportunity or suffers any direct or
   indirect harm as a result of a school knowingly violating RSA 193:41 shall have a
   private cause of action for injunctive relief, damages, and any other relief available
   under law against the school.

RSA § 193:42, I.

      67.    Denied.

**III.      Plaintiffs' Medical Treatment & Participation in Sports Allegations**

            **A.    Parker Tirrell Allegations**

      68.    Denied, as State Defendants lack sufficient knowledge or information to answer. Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.").

      69.    Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

      70.    Denied as alleged.  State Defendants answer further that Plymouth Regional High School is a part of the Pemi-Baker Regional School District which is governed by the Pemi-Baker School Board and the New Hampshire Board of Education.

      71.    Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

      72.    Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

      73.    Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

      74.    Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

      75.    Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

76.     Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

77.     Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

78.     Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

79.     Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

80.     On information and belief, State Defendants admit that Parker played on the girls' soccer team in ninth grade.  State Defendants lack sufficient knowledge or information to answer the balance of the allegations in this paragraph.  *Id.*

81.     Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

82.     On information and belief, State Defendants admit that Parker played on the girls' soccer team in ninth grade.  State Defendants lack sufficient knowledge or information to answer the balance of the allegations in this paragraph.  *Id.*

83.     Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

84.     Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

85.     Denied, as State Defendants lack sufficient knowledge or information to answer. *Id.*

86.     Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

87.     Denied.

88.     Denied.

### B.     *Iris Turmelle Allegations*

89.     Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

90.     Denied as alleged.  State Defendants answer further that Pembroke Academy is a part of the Pembroke School District which is governed by the Pembroke School Board and the New Hampshire Board of Education.

91.     Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

92.     Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

93.     Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

94.     Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

95.     Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

96.     Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

97.     Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

98.     Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

99.     Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

100.    Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

101.    Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

102.    Denied, as State Defendants lack sufficient knowledge or information to answer.

*Id.*

103.    Denied.

104.    Denied.

**Plaintiffs' Claims for Relief**

***Count I (Fourteenth Amendment – Equal Protection)***

105.    Paragraph 105 of the Complaint does not require a response because it does not state an allegation.

106.    Paragraph 106 of the Complaint does not require a response because it does not state an allegation.

107.    This paragraph asserts a legal conclusion to which no response is required.  If a response is deemed required, State Defendants admit that the paragraph accurately quotes the

15

Equal Protection Clause, but deny to the extent that the paragraph can be read to assert facts beyond the quote.

108.    Denied.

109.    Denied.

110.    Denied.

### Count II (Title IX, 20 U.S.C. § 1681, et seq.)

111.    Paragraph 111 of the Complaint does not require a response because it does not state an allegation.

112.    This paragraph asserts a legal conclusion to which no response is required.  If a response is deemed required, State Defendants admit that the paragraph accurately quotes a portion of Title IX, but deny to the extent that the paragraph can be read to assert facts beyond the quote.

113.    Paragraph 113 of the Complaint does not require a response because it does not state an allegation.

114.    Denied.

115.    This paragraph asserts a legal conclusion to which no response is required.  If a response is deemed required, State Defendants deny as they lack sufficient knowledge or information to answer without additional context or facts to apply to Plaintiffs' legal analysis of Title IX.

116.    Admitted.

117.    Denied.

### Count III (Fourteenth Amendment – Equal Protection)

118.    Paragraph 118 of the Complaint does not require a response because it does not state an allegation.

119.     Paragraph 119 of the Complaint does not require a response because it does not state an allegation.

120.     This paragraph asserts a legal conclusion to which no response is required.  If a response is deemed required, State Defendants admit that the paragraph accurately quotes the Equal Protection Clause, but deny to the extent that the paragraph can be read to assert facts beyond the quote.

121.     Denied.

122.     Denied.

123.     Denied.

### *Count IV (Title IX, 20 U.S.C. § 1681, et seq.)*

124.     Paragraph 124 of the Complaint does not require a response because it does not state an allegation.

125.     This paragraph asserts a legal conclusion to which no response is required.  If a response is deemed required, State Defendants admit that the paragraph accurately quotes a portion of Title IX, but deny to the extent that the paragraph can be read to assert facts beyond the quote.

126.     Paragraph 126 of the Complaint does not require a response because it does not state an allegation.

127.     Denied.

128.     This paragraph states a legal conclusion to which no response is required.  If a response is deemed required, denied.

129.     Admitted.

130.     Denied.

## AFFIRMATIVE DEFENSES

1.      Sovereign Immunity: New Hampshire has not waived its Eleventh Amendment immunity from suit in federal court.  *See Libby v. Marshall*, 833 F.2d 402, 405 n.2 (1st Cir. 1987).

2.      Absolute or Qualified Immunity: Plaintiffs are not entitled to relief from State Defendants.  *See Goldstein v. Galvin*, 719 F.3d 16 (1st Cir. 2013).

3.      Failure to State a Claim: Plaintiffs do not plausibly allege that they have been or will be treated differently from others similarly situated based on protected characteristics, nor do they plausibly allege that the purported discrimination of which they complain is intentional. *See Ayala-Sepulveda v. Municipality of San German*, 671 F.3d 24, 32 (1st Cir. 2012).

4.      Failure to State a Claim: Plaintiffs do not allege sufficient facts to support an inference of discrimination "on the basis of sex," as required to maintain a claim under Title IX. *See Doe v. Stonehill Coll., Inc.*, 55 F.4th 302, 332-33 (1st Cir. 2022).

5.      Political Question: Plaintiffs ask the Court to make a policy determination of a kind clearly for nonjudicial discretion, the issuance of which would express a lack of respect for the other branches of government.  *See Doe v. Bush*, 323 F.3d 133, 140 n.7 (1st Cir. 2003).

6.      Ripeness: Plaintiffs allege uncertain and contingent events that may not occur as anticipated and Plaintiffs will not experience hardship if the Court denies judicial review until this matter is ripe.  *See Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 536 (1st Cir. 1995).

7.      Limitation on Relief: To the extent that Plaintiffs seek relief on behalf of nonparties, the Court's authority to grant relief is limited to the litigants in this case.  *See* U.S. Const. art. III, § 2.

WHEREFORE, State Defendants respectfully request that this Honorable Court:

    A.   Deny Plaintiffs the relief they seek; and

    B.   Grant such further relief as this Court deems just and proper.

                            Respectfully submitted,

                            DEFENDANTS FRANK EDELBLUT,
                            ANDREW CLINE, KATE CASSADY, ANN
                            LANE, PHILIP NAZZARO, RAJESH NAIR,
                            JAMES FRICCHIONE, and JAMES LABOE

                            By their attorneys,

                            JOHN M. FORMELLA
                            ATTORNEY GENERAL

Date:  October 15, 2024         /s/ Michael P. DeGrandis
                            Michael P. DeGrandis, N.H. Bar  No. 277332
                            Assistant Attorney General
                            Brandon F. Chase, N.H. Bar No. 270844
                            Assistant Attorney General
                            Office of the Attorney General, Civil Bureau
                            1 Granite Place South
                            Concord, NH 03301
                            (603) 271-3650
                            michael.p.degrandis@doj.nh.gov
                            brandon.f.chase@doj.nh.gov

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

                            /s/ Michael P. DeGrandis
                            Michael P. DeGrandis