IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PARKER TIRRELL and IRIS TURMELLE,<br><br>*Plaintiffs*,<br><br>    v.<br><br>FRANK EDELBLUT, in his official capacity as Commissioner of the New Hampshire Department of Education, *et al.*,<br><br>*Defendants*. | Case No. 1:24-cv-00251-LM-TSM |

### DEFENDANTS FRANK EDELBLUT, ANDREW CLINE, KATE CASSADY, ANN LANE, PHILIP NAZZARO, RAJESH NAIR, JAMES FRICCHIONE, AND JAMES LABOE'S PROPOSED DISCOVERY PLAN

NOW COME Defendants Frank Edelblut, Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Laboe (collectively, the "State Defendants"), by and through counsel, the Office of the Attorney General, and move the Court to enter the following Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the United States District Court for the District of New Hampshire.

### PREFATORY STATEMENT

The parties have not been able to agree to a joint proposed discovery plan in this case. This is largely due to recent developments, the legal and practical effects of which the parties do not agree. The Court issued its Notice of Pretrial Conference on October 17, 2024. At the time of its Notice, the pleadings stage of this case had ended. The operative initial pleading was the August 16, 2024 Complaint (ECF No. 4), the Court had granted Plaintiffs' Motion for a Temporary Restraining Order as to Plaintiff Tirrell on August 19, 2024 (ECF No. 35), the Court

had granted Plaintiffs' Motion for a Preliminary Injunction as to both Plaintiffs on September 10, 2024 (ECF No. 70), and Defendant Pemi-Baker Regional School District, Defendant Pembroke School District, and State Defendants filed their Answers on October 10 (ECF No. 72), October 11 (ECF No. 73), and October 15, 2024 (ECF No. 74), respectively.

But on October 31, 2024, Plaintiffs reopened the pleadings stage with their Notice of Filing of First Amended Complaint (ECF No. 77), as was their right under the Federal Rules. The First Amended Complaint fundamentally changes the nature of this lawsuit, transforming an as-applied challenge to the constitutionality of RSA 193:41–42 into a facial challenge. *See* ECF No. 78 at 3. Perhaps more importantly, the First Amended Complaint renders the original Complaint a nullity—it is as if ECF No. 4 never existed. *Newman v. Lehman Bros. Holdings*, 901 F.3d 19, 27 (1st Cir. 2018) ("An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, ***the earlier complaint is a dead letter*** and no longer performs any function in the case.") (quoting *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008)) (emphasis added) (internal quotations omitted). Consequently, State Defendants now must prepare a response to the First Amended Complaint, which adds a new theory of recovery ("HB 1205 facially discriminates against transgender girls") and a new remedy based on that theory (a "permanent injunction enjoining … [State Defendants] from enforcing or threatening to enforce HB 1205 as to Plaintiffs and ***all*** transgender girls"). ECF No. 78 at 3, 28 (emphasis added). The discovery plan adopted in this case must reflect the substantially different theory that the Plaintiffs are now asserting for the first time, more than two months after they initiated this lawsuit. The outcome of State Defendants' responsive pleading will determine the scope of discovery, including the type of expert testimony and number of experts needed for all parties.

Ultimately, the parties' negotiations related to a discovery plan did not leave sufficient time to reach an agreement on a schedule, particularly one that accounts for the reopening of pleadings. On Thursday, October 24, 2024—exactly one week before Plaintiffs' filed their Notice—Plaintiffs asked State Defendants to draft a joint proposed discovery plan. E-mail from Pls.' counsel to Defs.' counsel (Oct 24, 2024, 16:36 EDT) (on file with the recipient). Plaintiffs were not obligated to preview their intention to file an amended complaint at that time, of course, but had they done so, State Defendants could have made allowance for the changing circumstance in their draft discovery plan. So, State Defendants obliged with an understanding that would soon become stale, and on Monday, October 28, 2024, State Defendants transmitted a draft joint proposed discovery plan to the parties. E-mail from State Defs.' counsel to Pls.' & Defs.' counsel (Oct. 28, 2024, 16:58 EDT) (on file with author) (draft plan attached as Exhibit A). State Defendants did not learn of Plaintiffs' intention to file an amended complaint until two days later. E-mail from Pls.' counsel to Defs.' Counsel (Oct. 30, 2024, 16:29 EDT) (on file with recipient).

None of the parties responded to State Defendants' draft until yesterday—16 days after State Defendants' draft. E-mail from Pls.' counsel to State Defs.' counsel (Nov. 13, 2024, 10:23 EST) (on file with recipient) (redlined draft plan attached as Exhibit B). The parties subsequently spoke by phone twice, but could not reach an agreement regarding the current procedural posture of the case.

State Defendants' initial draft joint proposed discovery plan offered a realistic set of deadlines to ensure the fair and efficient execution of civil justice, but their draft related to the claims and procedural posture of a dead letter, ECF No. 4. The following Proposed Discovery Plan attempts to account for the reopening of the pleadings after the parties engaged in

3

significant litigation on the claims in the original complaint, and after the State Defendants devoted significant time and resources to responding to that pleading. State Defendants respectfully request that the Court enter this Plan as a scheduling order in this case.

## PROPOSED DISCOVERY PLAN

## RULE 26(f) CONFERENCE INFORMATION

| | |
|---|---|
| **DATE/PLACE OF CONFERENCES:** | E-mails exchanged on October 24, 25, and 28, and November 4. Telephone calls on November 4 and 5. |
| **PLAINTIFFS' COUNSEL PRESENT (AT VARIOUS TIMES IN VARIOUS MEDIA):** | GLBTQ LEGAL ADVOCATES & DEFENDERS: Chris Erchull, Bennett H. Klein, and Jennifer L. Levi |
| | AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE: Henry Klementowicz, and Gilles R. Bissonnette |
| | GOODWIN PROCTER LLP: Louis Lobel, Samira Seraji, Benedict See, Elaine Blais, and Kevin DeJong |
| | *On behalf of Parker Tirrell by parents and next friends Sara Tirrell and Zachary Tirrell, and Iris Turmelle by parents and next friends Amy Manzelli and Chad Turmelle* |
| **DEFENDANTS' COUNSEL PRESENT (AT VARIOUS TIMES IN VARIOUS MEDIA):** | NEW HAMPSHIRE DEPARTMENT OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL: Michael P. DeGrandis and Brandon F. Chase |
| | *On behalf of Frank Edelblut, Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Laboe, in their official capacities* |
| | SOULE LESLIE KIDDER SAYWARD & LOUGHMAN: Diane M. Gorrow |
| | *On behalf of Pemi-Baker Regional School District* |
| | WADLEIGH STARR & PETERS PLLC: Michael Gregory Eaton |
| | *On behalf of Pembroke School Board* |

4

## CASE SUMMARY

| | |
|---|---|
| **PLAINTIFFS:** | Parker Tirrell and Iris Turmelle |
| **DEFENDANTS:** | The Commissioner of the New Hampshire Department of Education and board members of the New Hampshire Department of Education, in their official capacities ("State Defendants"), Pemi-Baker Regional School District ("PBRSD"), and Pembroke School Board ("PSB") |
| **THEORY OF LIABILITY:** | Plaintiffs assert that RSA 193:41–42 violates their Fourteenth Amendment rights to equal protection under the law and their statutory rights under Title IX of the Education Amendments of 1972. They also assert that RSA 193:41–42 is facially unconstitutional. |
| **THEORIES OF DEFENSE:** | State Defendants assert that RSA 193:41–42 does not violate Plaintiffs' Fourteenth Amendment rights to equal protection under the law or their statutory rights under Title IX of the Education Amendments of 1972. They also assert that RSA 193:41–42 is facially constitutional. |
| **DAMAGES:** | Plaintiffs seek nominal damages. |
| **INJUNCTIVE RELIEF:** | Plaintiffs seek declaratory judgment that RSA 193:41–42 violates the Equal Protection Clause and Title IX as applied to Plaintiffs. The Court has awarded Plaintiffs a preliminary injunction prohibiting RSA 193:41–42's enforcement as to Plaintiffs, and Plaintiffs seek an order to make the injunction permanent. |
| | Plaintiffs also seek declaratory judgment that RSA 193:41–42 is facially violative of the Equal Protection Clause and Title IX. |
| **ATTORNEYS' FEES & COSTS:** | Plaintiffs seek reasonable attorneys' fees and costs. |
| **DEMAND:** | None. |
| **OFFER:** | None. |

| | |
|---|---|
| **JURISDICTIONAL QUESTIONS:** | State Defendants have not yet filed their responsive pleading and reserve the right to assert jurisdictional challenges. |
| **QUESTIONS OF LAW:** | (1) Does the First Amended Complaint state claims upon which this Court may grant relief? |
| | (2) Does RSA 193:41–42 violate Plaintiffs' statutory rights under Title IX of the Education Amendments of 1972? |
| | (3) Does RSA 193:41–42 violate Plaintiffs' Fourteenth Amendment rights to equal protection under the law? |
| | (4) Is RSA 193:41–42 facially unconstitutional as violative of the Fourteenth Amendment's Equal Protection Clause? |
| | (5) Is RSA 193:41–42 facially unlawful as violative of Title IX of the Education Amendments of 1972? |
| | (6) Do Defendants' affirmative defenses (when and if the appropriate time arises for Defendants to assert their affirmative defenses) bar Plaintiffs' claims or their requested relief in whole or in part? |
| **TYPE OF TRIAL:** | State Defendants request a jury trial. |

## SCHEDULE

| | |
|---|---|
| **TRACK ASSIGNMENT:** | State Defendants request a standard track. |
| **TRIAL DATE:** | February 13, 2026 |
| **DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** | Not applicable. |
| **AMENDMENT OF PLEADINGS:** | February 14, 2025 |
| **JOINDER OF ADDITIONAL PARTIES:** | February 14, 2025 |
| **THIRD-PARTY ACTIONS:** | February 14, 2025 |
| **MOTIONS TO DISMISS:** | Only upon the Court's invitation to brief or argue dismissal. |

6

| | |
|---|---|
| **EXPERT DISCLOSURES, WRITTEN REPORTS & SUPPLEMENTATIONS:** | Plaintiffs' Expert Disclosures & Written Reports: May 2, 2025 |
| | Defendants' Expert Disclosures & Written Reports: July 1, 2025 |
| | Plaintiffs' Expert Rebuttal Reports: August 15, 2025 |
| | Supplementations per Fed. R. Civ. P. 26(e) |
| **COMPLETION OF DISCOVERY:** | September 16, 2025 |
| **MOTIONS FOR SUMMARY JUDGMENT:** | October 17, 2025 |
| **CHALLENGES TO EXPERT TESTIMONY:** | January 6, 2026 |

**DISCOVERY**

| | |
|---|---|
| **OPENING OF DISCOVERY:** | Discovery will be stayed in this matter until the pleadings are closed. |
| **DISCOVERY NEEDED:** | Plaintiffs: All documents, records, communications, and other information stored in any form ("Discoverable Material") upon which Defendants rely to assert that RSA 193:41–42 is lawful, as permitted by Fed. R. Civ. P. 26(b)(1). |
| | Defendants: All Discoverable Material upon which Plaintiffs base the factual allegations in their First Amended Complaint, as permitted by Fed. R. Civ. P. 26(b)(1). |
| | The parties reserve the right to object to any discovery including, but not limited to, interrogatories, requests for production of documents, and requests for admission ("Discovery Requests"), as unduly burdensome or irrelevant, and to object on any other good faith applicable basis. |
| **MANDATORY DISCLOSURES \| FED. R. CIV. P. 26(a)(1):** | The parties will disclose all information and, if applicable, all documents, ESI, and tangible things in their possession, custody, or control that support their claims or defenses as required by Fed. R. Civ. P. 26(a)(1), by February 3, 2025. |
| | The parties will Bates stamp documentary mandatory disclosures and produce them in accordance with the terms to which they agreed in |

7

| | |
|---|---|
| | "Requests for Production of Documents" and "Electronic Information Disclosures" below. |
| **PRESERVATION OF DOCUMENTS & INFORMATION:** | Plaintiff Tirrell: Has preserved and will continue to preserve all Discoverable Material in her possession, custody, or control from January 1, 2022 to present. |
| | Plaintiff Turmelle: Has preserved and will continue to preserve all Discoverable Material in her possession, custody, or control from January 1, 2017 to present. |
| | Defendants: Defendants' Discoverable Material is publicly available as part of the legislative record and HB 1205 hearings and debates, but Defendants have preserved and will continue to preserve all Discoverable Material in their possession, custody, or control. |
| **DOCUMENT COLLECTION:** | Upon the parties' exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), the parties will meet and confer regarding possible custodians, locations, and retained forms of Discoverable Material, and negotiate reasonable search terms for ESI, if applicable. |
| **INTERROGATORIES:** | Each Plaintiff is entitled to serve a maximum of 25 interrogatories on each Defendant Group. Each Defendant Group is entitled to serve a maximum of 25 interrogatories on each Plaintiff. For the purposes of this limit, "Defendant Group" means Group 1: State Defendants, Group 2: Defendant PBRSD, and Group 3: Defendant PSB. |
| | Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. |
| **REQUESTS FOR PRODUCTION OF DOCUMENTS:** | The parties will scan all non-ESI documents into electronic form and will produce such documents in accordance with the terms to which they agreed in "Electronic Information Disclosures" below, to the extent possible. |
| | Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. |
| **REQUESTS FOR ADMISSION:** | Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. |

| | |
|---|---|
| **DEPOSITIONS:** | Plaintiffs are entitled to take a maximum of 10 depositions, including fact and expert depositions. Each Defendant Group is entitled to take a maximum of 10 depositions on each Plaintiff, including fact and expert depositions. |
| | Each deposition will be limited to seven hours unless extended by agreement of the parties. Fed. R. Civ. P. 30(a)(2)(B). |
| **ELECTRONIC INFORMATION DISCLOSURES | FED. R. CIV. P. 26(f):** | The parties will produce ESI, if any, in .dat load files using standard delimiters, Bates stamped, as single page .pdf with an accompanying .opt file. The parties have agreed to include the following metadata fields within the .dat load file: &lt;Begin Bates&gt; &lt;End Bates&gt; &lt;Pages&gt; &lt;BeginFamily&gt; &lt;EndFamily&gt; &lt;Placeholder&gt; &lt;File Extension&gt; &lt;NativePath&gt; &lt;TextPath&gt; &lt;Author&gt; &lt;From&gt; &lt;To&gt; &lt;Bcc&gt; &lt;Cc&gt; &lt;Subject&gt; &lt;Title&gt; &lt;Custodian&gt; &lt;Date&gt; &lt;Date Sent&gt; &lt;File Path&gt; &lt;Filename&gt; &lt;MD5 Hash&gt; &lt;SHA1 Hash&gt;. OCR/extracted text, native files, and images will be provided in separate folders matching Bates numbers, with a reference to the location contained within the .dat file. |
| **DISCLOSURE EXEMPTIONS | FED. R. 26(b)(5) & FED R. 26(f)(3)(D):** | If any party asserts that a privilege, doctrine, statute, or rule exempts any Discoverable Material from an answer or production, in whole or in part, the asserting party will state the nature and basis for the claim to the disclosure exemption in a privilege log in such a form as to enable the other parties to assess the claim. E-mail chains may be scheduled in one log entry, but each e-mail in the chain must be individually identified and described in the privilege description. |
| | The parties will not schedule Discoverable Material subject to a disclosure exemption in a privilege log where the Discoverable Material post-dates the filing of the original Complaint, August 16, 2024. |
| | If any party inadvertently discloses Discoverable Material subject to a disclosure exemption, the inadvertent production shall not constitute waiver of the protection and the producing party may demand prompt return or destruction the exempted Discoverable Material if the disclosure so qualifies under Fed. R. Evid. 502(b). |

| | |
|---|---|
| **STIPULATION REGARDING EVIDENCE PROTECTIONS \| FED. R. CIV. P. 26(f):** | The parties will jointly move the Court for a protective order to ensure the confidentiality of Plaintiffs' medical and other private information. |

## OTHER ITEMS

| | |
|---|---|
| **SETTLEMENT POSSIBILITIES:** | Settlement is not possible. |
| **JOINT STATEMENT re: MEDIATION:** | Mediation is not possible. |
| **TRIAL ESTIMATE:** | 10 days |
| **WITNESSES & EXHIBITS:** | Lists due on or before January 15, 2026, and objections due within 14 days of final pretrial statements. |
| **PRELIMINARY PRETRIAL CONFERENCE:** | January 31, 2026 |
| **OTHER MATTERS:** | State Defendants have yet to file a responsive pleading to the First Amended Complaint. |

WHEREFORE, State Defendants respectfully request that this Honorable Court:

A. Adopt State Defendants' Proposed Discovery Plan; and

B. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

DEFENDANTS FRANK EDELBLUT, ANDREW CLINE, KATE CASSADY, ANN LANE, PHILIP NAZZARO, RAJESH NAIR, JAMES FRICCHIONE, and JAMES LABOE

By their attorneys,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date:  November 14, 2024

/s/ Michael P. DeGrandis
Michael P. DeGrandis, N.H. Bar  No. 277332
Assistant Attorney General
Brandon F. Chase, N.H. Bar No. 270844
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South

10

Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
brandon.f.chase@doj.nh.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

/s/ Michael P. DeGrandis
Michael P. DeGrandis