**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PARKER TIRRELL and IRIS TURMELLE, *Plaintiffs*, v. FRANK EDELBLUT, in his official capacity as Commissioner of the New Hampshire Department of Education, *et al.*, *Defendants*. | Case No. 1:24-cv-00251-LM-TSM |

## JOINT PROPOSED DISCOVERY PLAN

NOW COME all parties, by and through their respective counsel, and jointly move the Court to enter the following Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the United States District Court for the District of New Hampshire.

### RULE 26(f) CONFERENCE INFORMATION

| | |
|---|---|
| **DATE/PLACE OF CONFERENCE:** | TBD |
| **PLAINTIFFS' COUNSEL PRESENT:** | TBD GLBTQ LEGAL ADVOCATES & DEFENDERS: Chris Erchull, Bennett H. Klein, and Jennifer L. Levi |
| | TBD AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE: Henry Klementowicz, Gilles R. Bissonnette, Louis Lobel, and Samira Seraji |
| | TBD GOODWIN PROCTOR LLP: Benedict See, Elaine Blais, and Kevin DeJong |
| | *On behalf of Parker Tirrell by parents and next friends Sara Tirrell and Zachary Tirrell, and Iris Turmelle by parents and next friends Amy Manzelli and Chad Turmelle* |

| | |
|---|---|
| **DEFENDANTS' COUNSEL PRESENT:** | <mark>TBD</mark> NEW HAMPSHIRE DEPARTMENT OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL: Michael P. DeGrandis and Brandon F. Chase |
| | *On behalf of Frank Edelblut, Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Laboe, in their official capacities* |
| | <mark>TBD</mark> SOULE LESLIE KIDDER SAYWARD & LOUGHMAN: Diane M. Gorrow |
| | *On behalf of Pemi-Baker Regional School District, Lisa Ash, Bernice Sullivan, Shiela Donahue, Tony Torino, Carolyn Varin, Peter Jackson, Phil McCormack, Greg Aprilliano, Bonnie Acton, Barbara Noyes, Paul Ciotti, and Paul Pizzano, in their official capacities* |
| | <mark>TBD</mark> WADLEIGH STARR & PETERS PLLC: Michael Gregory Eaton |
| | *On behalf of Pembroke School Board, Andrew Camidge, Gene Gauss, Kerri Dean, and Melanie Camelo, in their official capacities* |

## CASE SUMMARY

| | |
|---|---|
| **PLAINTIFFS:** | Parker Tirrell and Iris Turmelle |
| **DEFENDANTS:** | The Commissioner of the New Hampshire Department of Education, board members of the New Hampshire Department of Education ("State Defendants"), Pemi-Baker Regional School District and its board members ("PBRSD"), and Pembroke School Board and its board members ("PSB"), in their official capacities |
| **THEORY OF LIABILITY:** | Plaintiffs assert that RSA 193:41–42 violates their Fourteenth Amendment rights to equal protection under the law or their statutory rights under Title IX of the Education Amendments of 1972. |
| **THEORIES OF DEFENSE:** | Defendants assert that RSA 193:41–42 does not violate Plaintiffs' Fourteenth Amendment rights to equal protection under the law or their statutory rights under Title IX of the Education Amendments of 1972. |

2

| | |
|---|---|
| **DAMAGES:** | Plaintiffs seek nominal damages. |
| **INJUNCTIVE RELIEF:** | Plaintiffs seek declaratory judgment that RSA 193:41–42 violates the Equal Protection Clause and Title IX. The Court has awarded Plaintiffs a preliminary injunction prohibiting RSA 193:41–42's enforcement as the law applies to Plaintiffs, and Plaintiffs seek an order to make the injunction permanent. |
| **ATTORNEYS' FEES & COSTS:** | Plaintiffs seek reasonable attorneys' fees and costs. |
| **DEMAND:** | None. |
| **OFFER:** | None. |
| **JURISDICTIONAL QUESTIONS:** | None known at this time. Defendants reserve the right, however, to raise any jurisdictional issues if they come to light. |
| **QUESTIONS OF LAW:** | (1) Does RSA 193:41–42 violate Plaintiffs' Fourteenth Amendment rights to equal protection under the law? (2) Does RSA 193:41–42 violate Plaintiffs' statutory rights under Title IX of the Education Amendments of 1972? (3) Do Defendants' affirmative defenses bar Plaintiffs' claims or requested relief in whole or in part? |
| **TYPE OF TRIAL:** | The parties request a bench trial. |

## SCHEDULE

| | |
|---|---|
| **TRACK ASSIGNMENT:** | The parties request a standard track. |
| **TRIAL DATE:** | December 16, 2025 |
| **DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** | Not applicable. |
| **AMENDMENT OF PLEADINGS:** | December 16, 2024 |
| **JOINDER OF ADDITIONAL PARTIES:** | December 16, 2024 |
| **THIRD-PARTY ACTIONS:** | December 16, 2024 |

| | |
|---|---|
| **MOTIONS TO DISMISS:** | Only upon the Court's invitation to brief or argue dismissal. |
| **EXPERT DISCLOSURES, WRITTEN REPORTS & SUPPLEMENTATIONS:** | Plaintiffs' Expert Disclosures & Written Reports: March 3, 2025 |
| | Defendants' Expert Disclosures & Written Reports: May 2, 2025 |
| | Supplementations per Fed. R. Civ. P. 26(e) |
| **COMPLETION OF DISCOVERY:** | July 18, 2025 |
| **MOTIONS FOR SUMMARY JUDGMENT:** | August 18, 2025 |
| **CHALLENGES TO EXPERT TESTIMONY:** | November 7, 2025 |

## DISCOVERY

| | |
|---|---|
| **DISCOVERY NEEDED:** | Plaintiffs: All documents, records, communications, and other information stored in any form ("Discoverable Material") upon which Defendants rely to assert that RSA 193:41–42 is lawful as applied to Plaintiffs, as permitted by Fed. R. Civ. P. 26(b)(1). |
| | Defendants: All Discoverable Material upon which Plaintiffs base the factual allegations in their Complaint, as permitted by Fed. R. Civ. P. 26(b)(1). |
| | The parties reserve the right to object to any discovery including, but not limited to, interrogatories, requests for production of documents, and requests for admission ("Discovery Requests"), as unduly burdensome or irrelevant, and to object on any other good faith applicable basis. |
| **MANDATORY DISCLOSURES \| FED. R. CIV. P. 26(a)(1):** | The parties will disclose all information and, if applicable, all documents, ESI, and tangible things in their possession, custody, or control that support their claims or defenses as required by Fed. R. Civ. P. 26(a)(1), by December 5, 2024. |
| | The parties will Bates stamp documentary mandatory disclosures and produce them in accordance with the terms to which they agreed in "Requests for Production of Documents" and "Electronic Information Disclosures" below. |

4

| | |
|---|---|
| **PRESERVATION OF DOCUMENTS & INFORMATION:** | Plaintiff Tirrell: Has preserved and will continue to preserve all Discoverable Material in her possession, custody, or control from January 1, 2022 to present. |
| | Plaintiff Turmelle: Has preserved and will continue to preserve all Discoverable Material in her possession, custody, or control from January 1, 2017 to present. |
| | Defendants: Defendants' Discoverable Material is publicly available as part of the legislative record and HB 1205 hearings and debates, but Defendants have preserved and will continue to preserve all Discoverable Material in their possession, custody, or control. |
| **DOCUMENT COLLECTION:** | Upon the parties' exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), the parties will meet and confer regarding possible custodians, locations, and retained forms of Discoverable Material, and negotiate reasonable search terms for ESI, if applicable. |
| **INTERROGATORIES:** | Each Plaintiff is entitled to serve a maximum of 25 interrogatories on each Defendant Group. Each Defendant Group is entitled to serve a maximum of 25 interrogatories on each Plaintiff. For the purposes of this limit, "Defendant Group" means Group 1: State Defendants, Group 2: PBRSD Defendants, and Group 3: PSB Defendants. |
| | Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. |
| **REQUESTS FOR PRODUCTION OF DOCUMENTS:** | The parties will scan all non-ESI documents into electronic form and will produce such documents in accordance with the terms to which they agreed in "Electronic Information Disclosures" below, to the extent possible. |
| | Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. |
| **REQUESTS FOR ADMISSION:** | Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. |

| | |
|---|---|
| **DEPOSITIONS:** | Each Plaintiff is entitled to take a maximum of 10 depositions on each Defendant Group. Each Defendant Group is entitled to take a maximum of 10 depositions on each Plaintiff. |
| | Each deposition will be limited to seven hours unless extended by agreement of the parties. Fed. R. Civ. P. 30(a)(2)(B). |
| **ELECTRONIC INFORMATION DISCLOSURES | FED. R. CIV. P. 26(f):** | The parties will produce ESI, if any, in .dat load files using standard delimiters, Bates stamped, as single page .pdf with an accompanying .opt file. The parties have agreed to include the following metadata fields within the .dat load file: \<Begin Bates\> \<End Bates\> \<Pages\> \<BeginFamily\> \<EndFamily\> \<Placeholder\> \<File Extension\> \<NativePath\> \<TextPath\> \<Author\> \<From\> \<To\> \<Bcc\> \<Cc\> \<Subject\> \<Title\> \<Custodian\> \<Date\> \<Date Sent\> \<File Path\> \<Filename\> \<MD5 Hash\> \<SHA1 Hash\>. OCR/extracted text, native files, and images will be provided in separate folders matching Bates numbers, with a reference to the location contained within the .dat file. |
| **DISCLOSURE EXEMPTIONS | FED. R. 26(b)(5) & FED R. 26(f)(3)(D):** | If any party asserts that a privilege, doctrine, statute, or rule exempts any Discoverable Material from an answer or production, in whole or in part, the asserting party will state the nature and basis for the claim to the disclosure exemption in a privilege log in such a form as to enable the other parties to assess the claim. |
| | The parties will not schedule Discoverable Material subject to a disclosure exemption in a privilege log where the Discoverable Material post-dates the filing of the Complaint, August 16, 2024. |
| | If any party inadvertently discloses Discoverable Material subject to a disclosure exemption, the inadvertent production shall not constitute waiver of the protection and the producing party may demand prompt return or destruction the exempted Discoverable Material if the disclosure so qualifies under Fed. R. Evid. 502(b). |

| | |
|---|---|
| **STIPULATION REGARDING EVIDENCE PROTECTIONS | FED. R. CIV. P. 26(f):** | The parties will jointly move the Court for a protective order to ensure the confidentiality of Plaintiffs' medical and other private information. |

## OTHER ITEMS

| | |
|---|---|
| **SETTLEMENT POSSIBILITIES:** | Settlement is not possible. |
| **JOINT STATEMENT re: MEDIATION:** | Mediation is not possible. |
| **TRIAL ESTIMATE:** | 10 days |
| **WITNESSES & EXHIBITS:** | Lists due on or before November 16, 2025, and objections due within 14 days of final pretrial statements. |
| **PRELIMINARY PRETRIAL CONFERENCE:** | December 2, 2025 |
| **OTHER MATTERS:** | None of which the parties are currently aware. |

WHEREFORE, the parties respectfully request that this Honorable Court:

A. Adopt the parties' Proposed Discovery Plan; and

B. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

DEFENDANTS FRANK EDELBLUT, ANDREW CLINE, KATE CASSADY, ANN LANE, PHILIP NAZZARO, RAJESH NAIR, JAMES FRICCHIONE, and JAMES LABOE

By their attorneys,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date: DATE

/s/ Michael P. DeGrandis
Michael P. DeGrandis, N.H. Bar No. 277332
Assistant Attorney General
Brandon F. Chase, N.H. Bar No. 270844
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301

(603) 271-3650
michael.p.degrandis@doj.nh.gov
brandon.f.chase@doj.nh.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

/s/ Michael P. DeGrandis
Michael P. DeGrandis