IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| PARKER TIRRELL and IRIS TURMELLE,<br><br>*Plaintiffs*,<br><br>    v.<br><br>FRANK EDELBLUT, in his official capacity as Commissioner of the New Hampshire Department of Education, *et al.*,<br><br>*Defendants*. | Case No. 1:24-cv-00251-LM-TSM |

### PLAINTIFFS' PROPOSED DISCOVERY PLAN

The Plaintiffs, by and through their counsel, request the Court enter the following Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the United States District Court for the District of New Hampshire. Plaintiffs, the Commissioner of the New Hampshire Department of Education, board members of the New Hampshire Department of Education were unable to agree on a proposed discovery plan. Plaintiffs submit the following proposal to the Court.

### RULE 26(f) CONFERENCE INFORMATION

**DATE/PLACE OF CONFERENCE:**     October 24 to November 14, 2024, by electronic mail and telephone.

| | |
|---|---|
| **PLAINTIFFS' COUNSEL PRESENT:** | GLBTQ LEGAL ADVOCATES & DEFENDERS: Chris Erchull, Bennett H. Klein, and Jennifer L. Levi |
| | AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE: Henry Klementowicz and Gilles R. Bissonnette |
| | GOODWIN PROCTER LLP: Louis Lobel, Samira Seraji, Benedict See, Elaine Blais, and Kevin DeJong |
| | *On behalf of Parker Tirrell by parents and next friends Sara Tirrell and Zachary Tirrell, and Iris Turmelle by parents and next friends Amy Manzelli and Chad Turmelle* |
| **DEFENDANTS' COUNSEL PRESENT:** | NEW HAMPSHIRE DEPARTMENT OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL: Michael P. DeGrandis and Brandon F. Chase |
| | *On behalf of Frank Edelblut, Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Laboe, in their official capacities* |
| | SOULE LESLIE KIDDER SAYWARD & LOUGHMAN: Diane M. Gorrow |
| | *On behalf of Pemi-Baker Regional School District* |
| | WADLEIGH STARR & PETERS PLLC: Michael Gregory Eaton |
| | *On behalf of Pembroke School District* |

## CASE SUMMARY

| | |
|---|---|
| **PLAINTIFFS:** | Parker Tirrell and Iris Turmelle |
| **DEFENDANTS:** | The Commissioner of the New Hampshire Department of Education, board members of the New Hampshire Department of Education (the "State Defendants"), Pemi-Baker Regional School District, and Pembroke School District |
| **THEORY OF LIABILITY:** | Plaintiffs assert that RSA 193:41–42 violates their Fourteenth Amendment rights to equal protection under the law and their statutory rights under Title IX of the Education Amendments of 1972. |

2

| | |
|---|---|
| **THEORIES OF DEFENSE:** | Defendants assert that RSA 193:41–42 does not violate Plaintiffs' Fourteenth Amendment rights to equal protection under the law or their statutory rights under Title IX of the Education Amendments of 1972. |
| **DAMAGES:** | Plaintiffs seek nominal damages. |
| **INJUNCTIVE RELIEF:** | Plaintiffs seek declaratory judgment that RSA 193:41–42 violates the Equal Protection Clause and Title IX. The Court has awarded Plaintiffs a preliminary injunction prohibiting RSA 193:41–42's enforcement as the law applies to Plaintiffs, and Plaintiffs seek an order to make the injunction permanent. |
| **DECLARATROY RELIEF:** | Plaintiffs seek a declaration that RSA 193:41–42 violates the Equal Protection Clause and Title IX, facially and as applied to Plaintiffs. |
| **ATTORNEYS' FEES & COSTS:** | Plaintiffs seek reasonable attorneys' fees and costs. |
| **DEMAND:** | None. |
| **OFFER:** | None. |
| **JURISDICTIONAL QUESTIONS:** | None known at this time. |
| **QUESTIONS OF LAW:** | (1) Does RSA 193:41–42 violate Plaintiffs' Fourteenth Amendment rights to equal protection under the law? <br><br> (2) Does RSA 193:41–42 violate Plaintiffs' statutory rights under Title IX of the Education Amendments of 1972? <br><br> (3) Do Defendants' affirmative defenses bar Plaintiffs' claims or requested relief in whole or in part? |
| **TYPE OF TRIAL:** | The Plaintiffs request a bench trial. |

## SCHEDULE

| | |
|---|---|
| **TRACK ASSIGNMENT:** | The Plaintiffs request an expedited track. |
| **TRIAL DATE:** | Plaintiffs Propose: July 20, 2025 |
| **DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** | Not applicable. |
| **AMENDMENT OF PLEADINGS:** | December 16, 2024 |
| **JOINDER OF ADDITIONAL PARTIES:** | December 16, 2024 |
| **THIRD-PARTY ACTIONS:** | December 16, 2024 |
| **MOTIONS TO DISMISS:** | Only upon the Court's invitation to brief or argue dismissal. |
| **EXPERT DISCLOSURES, WRITTEN REPORTS & SUPPLEMENTATIONS:** | Plaintiffs' Expert Disclosures & Written Reports: <br><br> Plaintiffs Propose: December 20, 2024 <br><br> Defendants' Expert Disclosures & Written Reports: <br><br> Plaintiffs Propose: December 20, 2024 <br><br> Supplementations per Fed. R. Civ. P. 26(e) <br><br> Plaintiffs Propose Expert Rebuttal Reports deadline of January 31, 2025 |
| **COMPLETION OF DISCOVERY:** | Plaintiffs Propose: March 14, 2025 |
| **MOTIONS FOR SUMMARY JUDGMENT:** | Plaintiffs Propose: April 17, 2025 |
| **CHALLENGES TO EXPERT TESTIMONY:** | Plaintiffs Propose: June 13, 2025 |

## DISCOVERY

| | |
|---|---|
| **DISCOVERY NEEDED:** | Plaintiffs' Proposal: Plaintiffs anticipate serving written discovery and depositions. Plaintiffs seek, for example, all documents, records, communications, and other information stored in any form ("Discoverable Material") upon which Defendants rely to assert that RSA 193:41–42 is lawful as applied to Plaintiffs and documents related to the legislative record, as permitted by Fed. R. Civ. P. 26(b)(1). |
| | The Plaintiffs reserve the right to object to any discovery including, but not limited to, interrogatories, requests for production of documents, and requests for admission ("Discovery Requests"), as unduly burdensome or irrelevant, and to object on any other good faith applicable basis. |
| **MANDATORY DISCLOSURES \| FED. R. CIV. P. 26(a)(1):** | The Plaintiffs agree to disclose all information and, if applicable, all documents, ESI, and tangible things in their possession, custody, or control that support their claims or defenses as required by Fed. R. Civ. P. 26(a)(1), by December 5, 2024. |
| | The Plaintiffs agree to Bates stamp documentary mandatory disclosures and produce them in accordance with the terms to which they agreed in "Requests for Production of Documents" and "Electronic Information Disclosures" below. |
| **PRESERVATION OF DOCUMENTS & INFORMATION:** | Plaintiff Tirrell: Has preserved and will continue to preserve all Discoverable Material in her possession, custody, or control from January 1, 2022 to present. |
| | Plaintiff Turmelle: Has preserved and will continue to preserve all Discoverable Material in her possession, custody, or control from January 1, 2017 to present. |
| **DOCUMENT COLLECTION:** | Plaintiffs' Proposal: Upon the parties' exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), the parties will meet and confer regarding possible custodians, locations, and retained forms of Discoverable Material, and negotiate reasonable search terms for ESI, if applicable. |

| | |
|---|---|
| **INTERROGATORIES:** | Plaintiffs' Proposal: Each Plaintiff is entitled to serve a maximum of 25 interrogatories on each Defendant Group. Each Defendant Group is entitled to serve a maximum of 25 interrogatories on each Plaintiff. For the purposes of this limit, "Defendant Group" means Group 1: the State Defendants, Group 2: Pemi-Baker Regional School District, and Group 3: Pembroke School District Defendants. |
| | Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. |
| **REQUESTS FOR PRODUCTION OF DOCUMENTS:** | Plaintiffs' Proposal: The parties will scan all non-ESI documents into electronic form and will produce such documents in accordance with the terms to which they agreed in "Electronic Information Disclosures" below, to the extent possible. |
| | Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. |
| **REQUESTS FOR ADMISSION:** | Plaintiffs' Proposal: Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. |
| **DEPOSITIONS:** | Plaintiffs are entitled to take a maximum of 10 depositions, including fact and expert depositions. Each Defendant Group is entitled to take a maximum of 10 depositions on each Plaintiff, including fact and expert depositions. |
| | Each deposition will be limited to seven hours unless extended by agreement of the parties. Fed. R. Civ. P. 30(a)(2)(B). |

| | |
|---|---|
| **ELECTRONIC INFORMATION DISCLOSURES | FED. R. CIV. P. 26(f):** | Plaintiffs' Proposal: The parties will produce ESI, if any, in .dat load files using standard delimiters, Bates stamped, as single page .pdf with an accompanying .opt file. The parties have agreed to include the following metadata fields within the .dat load file: \<Begin Bates\> \<End Bates\> \<Pages\> \<BeginFamily\> \<EndFamily\> \<Placeholder\> \<File Extension\> \<NativePath\> \<TextPath\> \<Author\> \<From\> \<To\> \<Bcc\> \<Cc\> \<Subject\> \<Title\> \<Custodian\> \<Date\> \<Date Sent\> \<File Path\> \<Filename\> \<MD5 Hash\> \<SHA1 Hash\>. OCR/extracted text, native files, and images will be provided in separate folders matching Bates numbers, with a reference to the location contained within the .dat file. |
| **DISCLOSURE EXEMPTIONS | FED. R. 26(b)(5) & FED R. 26(f)(3)(D):** | Plaintiffs' Proposal: If any party asserts that a privilege, doctrine, statute, or rule exempts any Discoverable Material from an answer or production, in whole or in part, the asserting party will state the nature and basis for the claim to the disclosure exemption in a privilege log in such a form as to enable the other parties to assess the claim. |
| | The parties will not schedule Discoverable Material subject to a disclosure exemption in a privilege log where the Discoverable Material post-dates the filing of the Complaint, August 16, 2024. |
| | If any party inadvertently discloses Discoverable Material subject to a disclosure exemption, the inadvertent production shall not constitute waiver of the protection and the producing party may demand prompt return or destruction the exempted Discoverable Material if the disclosure so qualifies under Fed. R. Evid. 502(b). |
| **STIPULATION REGARDING EVIDENCE PROTECTIONS | FED. R. CIV. P. 26(f):** | Plaintiffs' Proposal: The parties will jointly move the Court for a protective order to ensure the confidentiality of Plaintiffs' medical and other private information. |

## OTHER ITEMS

| | |
|---|---|
| **SETTLEMENT POSSIBILITIES:** | Settlement is not possible. |
| **MEDIATION:** | Mediation is not possible. |
| **TRIAL ESTIMATE:** | Plaintiffs Propose: 3 days |
| **WITNESSES & EXHIBITS:** | Lists due on or before:<br>Plaintiffs Propose: June 20, 2025,<br><br>and objections due within 14 days of final pretrial statements. |
| **PRELIMINARY PRETRIAL CONFERENCE:** | Plaintiffs Propose: July 14, 2025 |
| **OTHER MATTERS:** | None of which the parties are currently aware. |

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court:

A. Adopt the Plaintiffs' Proposed Discovery Plan; and

B. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

PARKER TIRRELL, by her parents and next friends SARA TIRRELL and ZACHARY TIRRELL,

and

IRIS TURMELLE, by her parents and next friends AMY MANZELLI and CHAD TURMELLE,

By and through their attorneys,

| | |
|---|---|
| Kevin J. DeJong (NH Bar No. 17633)<br>kdejong@goodwinlaw.com<br>Louis L. Lobel* (MA Bar No. 693292)<br>llobel@goodwinlaw.com<br>Elaine H. Blais* (MA Bar No. 656142)<br>eblais@goodwinlaw.com<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br><br>Samira Seraji* (CA Bar No. 338979)<br>sseraji@goodwinlaw.com<br>GOODWIN PROCTER LLP<br>601 S. Figueroa Street<br>Suite 4100<br>Los Angeles, CA 90017<br><br>Ben See* (NY Bar No. 6019202)<br>bsee@goodwinlaw.com<br>GOODWIN PROCTER LLP<br>620 Eighth Avenue<br>New York, NY 10018 | */s/ Chris Erchull*<br>Chris Erchull (NH Bar No. 266733)<br>cerchull@glad.org<br>Bennett H. Klein* (MA Bar No. 550702)<br>bklein@glad.org<br>Jennifer Levi* (MA Bar No. 562298)<br>jlevi@glad.org<br>GLBTQ LEGAL ADVOCATES & DEFENDERS<br>18 Tremont Street, Suite 950<br>Boston, MA 02108<br>(617) 426-1350<br><br>Gilles Bissonnette (NH Bar No. 265393)<br>gilles@aclu-nh.org<br>Henry Klementowicz (NH Bar No. 21177)<br>henry@aclu-nh.org<br>AMERICAN CIVIL LIBERTIES UNION OF<br>NEW HAMPSHIRE FOUNDATION<br>18 Low Avenue<br>Concord, NH 03301<br>(603) 224-5591 |

*Admitted to appear *pro hac vice*.

November 14, 2024

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

                                              /s/ Chris Erchull
                                              Chris Erchull