## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Tirrell, et al., | |
| Plaintiffs. | |
| v. | Civil Action No. 1:24-cv-00251 |
| Frank Edelblut, et al., | |
| Defendants. | |

## PEMBROKE SCHOOL DISTRICT'S ANSWER TO FIRST AMENDED COMPLAINT

NOW COMES Defendant Pembroke School District ("Pembroke"), by and through counsel, Wadleigh, Starr & Peters, P.L.L.C., and hereby answers Plaintiffs' First Amended Complaint as follows.

## INTRODUCTION

This is an introductory paragraph to which no response is required. To the extent a response is required, Pembroke denies any liability and denies that an assessment of attorney's fees, costs, sanctions, or any other such award against Pembroke is appropriate or warranted. Pembroke takes no position on the merits or law associated with Plaintiffs' First Amended Complaint and states only that it will comply with any and all Orders of this Court.

## JURISDICTION AND VENUE

1.      Pembroke admits that Plaintiffs brought this action under 42 U.S.C. § 1983 but denies that Pembroke is liable for any damages or other awards and denies that it participated in the deprivation of Plaintiffs' rights.

2.      Admitted.

3.      Admitted.

4.      Admitted.

1

5.     Admitted.  By way of further answer, Pembroke takes no position on whether HB 1205 violates the United States Constitution and federal law and infringes on Plaintiffs' rights.

**PARTIES**

6.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

17.    Admitted.

**FACTS**

18.    Pembroke lacks knowledge, information, or medical expertise sufficient to form a belief about the truth of the allegations in this Paragraph.

19.    Pembroke lacks knowledge, information, or scientific expertise sufficient to form a belief about the truth of the allegations in this Paragraph.

20.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

21.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

22.     Admitted.

23.     Pembroke lacks knowledge, information, or psychiatric expertise sufficient to form a belief about the truth of the allegations in this Paragraph.

24.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

25.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

26.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

27.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

28.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

29.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

30.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

31.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

32.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

33.     Pembroke admits that such policies governed, at least in part, a transgender student's eligibility to participate in school sports.

34.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

35.     Admitted.

36.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

37.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

38.     Pembroke admits that it is aware that such a policy was adopted, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

39.     Pembroke admits that the policy contains the quoted language, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

40.     Pembroke admits that the policy contains the quoted language.

41.     Pembroke admits that the policy contains the quoted language.

42.     Pembroke admits that the policy contains the quoted language.

43.     Pembroke admits the allegations in the first sentence of this Paragraph.  Pembroke denies that HB 1205 became effective on August 19, 2024 and notes that it became effective on August 18, 2024.

44.     HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions.  To the extent a further response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

45.     HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions.  To the extent a further response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

46.     HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions.  To the extent a further response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

47.     HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions.  To the extent a further response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

48.     HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions and their potential inconsistency with the provisions of Title IX.  To the extent a further response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

49.     HB 1205 speaks for itself, and the allegations in this Paragraph appear to accurately characterize certain of its provisions.  To the extent a further response is required,

Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

50.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

51.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

52.     The allegations in this Paragraph do not pertain Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

53.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

54.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

55.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

56.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

57.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

58.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

59.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

60.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

61.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

62.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

63.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

64.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

65.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

66.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

67.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

68.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

69.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

70.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

71. The allegations in this Paragraph do not pertain to Pembroke. To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

72. Admitted.

73. Admitted.

74. Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

75. Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

76. Admitted.

77. Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

78. Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

79. Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

80. Pembroke admits that Pembroke personnel, including teachers and coaches, have supported and continue to support Plaintiff throughout her transition, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

81. Pembroke admits the allegations concerning Plaintiff's participation in tennis and try-outs for the softball team, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

82.     Pembroke admits that Pembroke Academy takes students from several "feeder" schools, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

83.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

84.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

85.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

86.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

87.     Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

## CLAIMS FOR RELIEF

## COUNT I

88.     Pembroke hereby incorporates by reference its responses to each preceding Paragraph as if fully set forth herein.

89.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, admitted.

90.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, admitted.

91.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, admitted.

92.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

93.     The allegations in this Paragraph do not pertain to Pembroke and represent a conclusion of law as to which it is the sole province of the Court to resolve.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

94.     The allegations in this Paragraph do not pertain to Pembroke and represent a conclusion of law as to which it is the sole province of the Court to resolve.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

## **COUNT II**

95.     Pembroke hereby incorporates by reference its responses to each preceding Paragraph as if fully set forth herein.

96.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, admitted.

97.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, admitted.

98.     The allegations in this Paragraph do not pertain to Pembroke and represent a conclusion of law as to which it is the sole province of the Court to resolve.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

99.     The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, admitted.

100.    The allegations in this Paragraph do not pertain to Pembroke.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

101.    The allegations in this Paragraph do not pertain to Pembroke and represent a conclusion of law as to which it is the sole province of the Court to resolve.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

## **COUNT III**

102.    Pembroke hereby incorporates by reference its responses to each preceding Paragraph as if fully set forth herein.

103.    Admitted.

104.    Admitted.

105.    Admitted.

106.    The allegations in this Paragraph represent a conclusion of law as to which it is the sole province of the Court to resolve.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

107.    The allegations in this Paragraph represent a conclusion of law as to which it is the sole province of the Court to resolve.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

108.    The allegations in this Paragraph represent a conclusion of law as to which it is the sole province of the Court to resolve.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

## COUNT IV

109.    Pembroke hereby incorporates by reference its responses to each preceding Paragraph as if fully set forth herein.

110.    Admitted.

111.    Admitted.

112.    The allegations in this Paragraph represent a conclusion of law as to which it is the sole province of the Court to resolve.  To the extent a response is required, Pembroke lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

113.    Admitted.

114.    Admitted.

115.    The allegations in this Paragraph represent a conclusion of law as to which it is the sole province of the Court to resolve.  To the extent a response is required, Pembroke denies that it sought to exclude Plaintiff from educational programs and activities, deny her the benefits of them, subject her to discrimination, or otherwise violate her rights.  Pembroke lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

## AFFIRMATIVE DEFENSES

This list of affirmative defenses is provided pursuant to the obligation to provide notice of potential defenses under Federal Rule of Civil Procedure 8.  The case has not yet undergone discovery, and Pembroke will disclose all defenses in accordance with applicable rules and Court Orders, supplementing this list as necessary as discovery progresses.  Accordingly, Pembroke offers the following defenses and reserves the right to amend this notice:

1.      Pembroke affirmatively states all the defenses listed in Fed. R. Civ. P. 8(c)(1) and Fed. R. Civ. P. 12(b).

2.      Plaintiffs' claims may be unripe.

3.      Pembroke has not taken any action with respect to Plaintiffs' claims.

4.      Pembroke's position is justified.

5.      Pembroke acted in good faith at all times and had reasonable grounds for believing that any act(s) it may have taken or may take did not violate any applicable federal or state laws.

6.      Pembroke has acted in good faith, is not actively challenging Plaintiffs' positions, has not taken any adverse action against Plaintiffs, and seeks only to comply with controlling law; therefore, and among other equitable reasons, Plaintiffs' are not entitled to nominal damages or attorneys' fees, costs, and expenses under 42 U.S.C. § 1988 or any other applicable law as against Pembroke.

7.      Plaintiffs may not recover damages or other remedies from Pembroke under Title IX because it is Spending Clause legislation, and any condition imposing an obligation relating to Plaintiffs' claims was not made unambiguously to Pembroke upon its receipt of federal funding.

8.      Pembroke is entitled to assert all applicable immunities.

9.      One or more requests for equitable relief may be barred by the doctrine of separation of powers.

10.     One or more requests for equitable relief may be barred in whole or in part by the doctrine of acquiescence.

11.     One or more requests for equitable relief may be barred by the equitable doctrines of estoppel, laches, waiver, or unclean hands.

12.     One or more of Plaintiff's claims may be barred in whole or in part by the statute of limitations.

13.     Plaintiffs' claims may fail to state a claim upon which relief may be granted.

14.     One or more of Plaintiff's claims may present a nonjusticiable political question.

15.     Plaintiffs may lack standing to assert one or more of their claims.

16.     Plaintiffs may have failed to satisfy the doctrine of administrative exhaustion.

17.     Plaintiff's claims may not be monetarily compensable or capable of injunctive relief.

18.     Plaintiffs may have no damages.

19.     Failure to mitigate is reserved as a defense.

20.     At all times relevant, Pembroke acted reasonably, in good faith, and without malice.

21.     Any action(s) Pembroke may take relating to Plaintiffs' First Amended Complaint are mandated by HB 1205, no action(s) it takes adverse to Plaintiffs' interests as outlined in their First Amended Complaint are of its own volition, and any action(s) it takes are solely under the direction and authority of the State Legislature and State Defendants.

15

22.     Pembroke reserves the right to supplement this list of defenses as discovery progresses.

WHEREFORE, the Pembroke School District prays as follows:

A.     While Pembroke takes no position on the questions of law raised by Plaintiffs' First Amended Complaint, the First Amended Complaint demonstrates why Pembroke and school districts across the state need judicial intervention with respect to defining their obligations pursuant to HB 1205 and other controlling laws or constitutional provisions and, accordingly, Pembroke respectfully requests that the Court issue a declaratory judgment as to whether Pembroke is bound by, and required to enforce, HB 1205;

B.     Pembroke disputes that Plaintiffs are entitled to nominal damages, costs, expenses, or attorney's fees pursuant to 42 U.S.C. § 1988 or any other applicable law *as against Pembroke*, as Pembroke has acted in good faith, is not actively challenging Plaintiffs' positions, has not taken any adverse action against Plaintiffs, is subject to the direction and authority of the State Legislature and State Defendants, and seeks only to comply with controlling law and, accordingly, Pembroke respectfully requests that this Court deny Plaintiffs' request for such damages, costs, and fees as applicable to Pembroke; and

C.     Grant such further relief as may be just and proper.

Respectfully submitted,

Pembroke School District

By and through its attorneys,

Wadleigh, Starr & Peters, P.L.L.C.

Date: November 20, 2024

By:*/s/ Michael G. Eaton*
Michael G. Eaton, NH Bar #271586
95 Market Street
Manchester, NH 03101

(603) 669-4140
meaton@wadleighlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 20th day of November, 2024, a copy of the foregoing was

served upon all counsel of record via the Court's e-filing system.

/s/ Michael G. Eaton
Michael G. Eaton