**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

PARKER TIRRELL and IRIS TURMELLE,

*Plaintiffs*,

v.

FRANK EDELBLUT, in his official capacity as Commissioner of the New Hampshire Department of Education, *et al.*,

*Defendants*.

Case No. 1:24-cv-00251-LM-TSM

**JOINT PROPOSED DISCOVERY PLAN**

NOW COME all parties, by and through their respective counsel, and jointly move the Court to enter the following Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the United States District Court for the District of New Hampshire.

**RULE 26(f) CONFERENCE INFORMATION**

**DATE/PLACE OF CONFERENCE:** November 21, 2024 and followed up by the parties by e-mail.

**PLAINTIFFS' PARTICIPATING COUNSEL:**

GLBTQ LEGAL ADVOCATES & DEFENDERS: Chris Erchull, Bennett H. Klein, and Jennifer L. Levi

AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE: Henry Klementowicz and Gilles R. Bissonnette

GOODWIN PROCTER LLP: Louis Lobel, Samira Seraji, Benedict See, Elaine Blais, and Kevin DeJong

*On behalf of Parker Tirrell by parents and next friends Sara Tirrell and Zachary Tirrell, and Iris Turmelle by parents and next friends Amy Manzelli and Chad Turmelle*

| | |
|---|---|
| **DEFENDANTS' PARTICIPATING COUNSEL:** | NEW HAMPSHIRE DEPARTMENT OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL: Michael P. DeGrandis and Brandon F. Chase<br>*On behalf of Frank Edelblut, Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Laboe, in their official capacities*<br><br>SOULE LESLIE KIDDER SAYWARD & LOUGHMAN: Diane M. Gorrow<br>*On behalf of Pemi-Baker Regional School District*<br><br>WADLEIGH STARR & PETERS PLLC: Michael Gregory Eaton<br>*On behalf of Pembroke School Board* |

**CASE SUMMARY**

| | |
|---|---|
| **PLAINTIFFS:** | Parker Tirrell and Iris Turmelle |
| **DEFENDANTS:** | The Commissioner of the New Hampshire Department of Education and board members of the New Hampshire Department of Education, in their official capacities ("State Defendants"), Pemi-Baker Regional School District, and Pembroke School Board |
| **THEORY OF LIABILITY:** | Plaintiffs assert that RSA 193:41–42 violates their Fourteenth Amendment rights to equal protection under the law and their statutory rights under Title IX of the Education Amendments of 1972. Plaintiffs also assert that RSA 193:41–42 is facially unconstitutional and unlawful. |
| **THEORIES OF DEFENSE:** | State Defendants assert that RSA 193:41–42 does not violate Plaintiffs' Fourteenth Amendment rights to equal protection under the law or their statutory rights under Title IX of the Education Amendments of 1972. State Defendants also assert that RSA 193:41–42 is facially constitutional and lawful. |
| **DAMAGES:** | Plaintiffs seek nominal damages. |

| | |
|---|---|
| **DECLARATORY RELIEF:** | Plaintiffs seek a declaration that RSA 193:41–42 violates the Equal Protection Clause and Title IX, facially and as applied to Plaintiffs. |
| **INJUNCTIVE RELIEF:** | The Court has awarded Plaintiffs a preliminary injunction prohibiting Defendants from enforcing RSA 193:41–42 as the law applies to Plaintiffs, and Plaintiffs seek an order to make the injunction permanent.<br><br>Plaintiffs also seek a permanent injunction prohibiting State Defendants from enforcing RSA 193:41–42 as to all transgender girls in New Hampshire. |
| **ATTORNEYS' FEES & COSTS:** | Plaintiffs seek reasonable attorneys' fees and costs. |
| **DEMAND:** | None. |
| **OFFER:** | None. |
| **JURISDICTIONAL QUESTIONS:** | State Defendants have not yet filed their responsive pleading and reserve their right to assert jurisdictional challenges. |
| **QUESTIONS OF LAW:** | (1) Does the First Amended Complaint state claims upon which this Court may grant relief?<br>(2) Does RSA 193:41–42 violate Plaintiffs' Fourteenth Amendment rights to equal protection under the law?<br><br>(3) Does RSA 193:41–42 violate Plaintiffs' statutory rights under Title IX of the Education Amendments of 1972?<br>(4) Is RSA 193:41–42 facially unconstitutional as violative of the Fourteenth Amendment's Equal Protection Clause?<br><br>(5) Is RSA 193:41–42 facially unlawful as violative of Title IX of the Education Amendments of 1972?<br><br>(6) Do Defendants' affirmative defenses bar Plaintiffs' claims or their requested relief in whole or in part? |
| **TYPE OF TRIAL:** | State Defendants opt for a jury trial. |

## SCHEDULE

| | |
|---|---|
| **TRACK ASSIGNMENT:** | Standard track |
| **TRIAL DATE:** | November 10, 2025 |
| **DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** | Not applicable |
| **AMENDMENT OF PLEADINGS:** | January 15, 2025 |
| **JOINDER OF ADDITIONAL PARTIES:** | January 15, 2025 |
| **THIRD-PARTY ACTIONS:** | January 15, 2025 |
| **MOTIONS TO DISMISS:** | December 6, 2024 or upon the Court's invitation to brief or argue dismissal. |
| **EXPERT DISCLOSURES, WRITTEN REPORTS & SUPPLEMENTATIONS:** | Plaintiffs' Expert Disclosures & Written Reports: March 3, 2025<br>Defendants' Expert Disclosures & Written Reports: May 2, 2025<br>Expert Rebuttal Reports: June 2, 2025<br>Supplementations per Fed. R. Civ. P. 26(e) |
| **COMPLETION OF DISCOVERY:** | June 16, 2025 |
| **MOTIONS FOR SUMMARY JUDGMENT:** | July 14, 2025 |
| **CHALLENGES TO EXPERT TESTIMONY:** | October 10, 2025 |

## DISCOVERY

| | |
|---|---|
| **DISCOVERY NEEDED:** | Plaintiffs: Plaintiffs anticipate serving written discovery and depositions. Plaintiffs seek, for example, all documents, records, communications, and other information stored in any form ("Discoverable Material") upon which Defendants rely to assert that RSA 193:41–42 is lawful as applied to Plaintiffs and documents related to the legislative record, as permitted by Fed. R. Civ. P. 26(b)(1).<br>Defendants: Defendants anticipate serving written discovery and depositions. Defendants seek all Discoverable Material upon which Plaintiffs base the factual allegations in their First Amended Complaint |

| | |
|---|---|
| | and all Discoverable Material to support State Defendants' affirmative defenses, as permitted by Fed. R. Civ. P. 26(b)(1).<br><br>The parties reserve the right to object to any discovery including, but not limited to, interrogatories, requests for production of documents, and requests for admission ("Discovery Requests"), as unduly burdensome or irrelevant including the subject matters identified by the parties herein, and to object on any other good faith applicable basis. |
| **MANDATORY DISCLOSURES \| FED. R. CIV. P. 26(a)(1):** | The parties will disclose all information and, if applicable, all documents, ESI, and tangible things in their possession, custody, or control that support their claims or defenses as required by Fed. R. Civ. P. 26(a)(1), by January 15, 2025.<br><br>The parties will Bates stamp documentary mandatory disclosures and produce them in accordance with the terms to which they agreed in "Requests for Production of Documents" and "Electronic Information Disclosures" below. |
| **PRESERVATION OF DOCUMENTS & INFORMATION:** | Plaintiff Tirrell: Has preserved and will continue to preserve all Discoverable Material in her possession, custody, or control from January 1, 2022 to present.<br><br>Plaintiff Turmelle: Has preserved and will continue to preserve all Discoverable Material in her possession, custody, or control from January 1, 2017 to present.<br><br>Defendants: Defendants' Discoverable Material is publicly available as part of the legislative record and HB 1205 hearings and debates, but Defendants have preserved and will continue to preserve all Discoverable Material in their possession, custody, or control. |
| **DOCUMENT COLLECTION:** | Upon the parties' exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), the parties will meet and confer regarding possible custodians, locations, and retained forms of Discoverable Material, and negotiate reasonable search terms for ESI, if applicable. |

**INTERROGATORIES:**

Each Plaintiff is entitled to serve a maximum of 25 interrogatories on each Defendant Group. Each Defendant Group is entitled to serve a maximum of 25 interrogatories on each Plaintiff. For the purposes of this limit, “Defendant Group” means Group 1: State Defendants, Group 2: Defendant Pemi-Baker Regional School District, and Group 3: Defendant Pembroke School District.

Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR PRODUCTION OF DOCUMENTS:**

The parties will scan all non-ESI documents into electronic form and will produce such documents in accordance with the terms to which they agreed in “Electronic Information Disclosures” below, to the extent possible.

Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**

Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**

Plaintiffs are entitled to take a maximum of 10 depositions, including fact and expert depositions. Each Defendant Group is entitled to take a maximum of 10 depositions on each Plaintiff, including fact and expert depositions.

Each deposition will be limited to seven hours unless extended by agreement of the parties. Fed. R. Civ. P. 30(a)(2)(B).

**ELECTRONIC INFORMATION DISCLOSURES | FED. R. CIV. P. 26(f):**

The parties will produce ESI, if any, in .dat load files using standard delimiters, Bates stamped, as single page .pdf with an accompanying .opt file. The parties have agreed to include the following metadata fields within the .dat load file: <Begin Bates> <End Bates> <Pages> <BeginFamily> <EndFamily> <Placeholder> <File Extension> <NativePath> <TextPath> <Author> <From> <To> <Bcc> <Cc> <Subject> <Title> <Custodian> <Date> <Date Sent> <File Path> <Filename> <MD5 Hash> <SHA1 Hash>. OCR/extracted text, native files, and images will be provided in separate folders matching Bates numbers, with a reference to the location contained within the .dat file.

| | |
|---|---|
| **Disclosure Exemptions \| Fed. R. 26(b)(5) & Fed R. 26(f)(3)(D):** | If any party asserts that a privilege, doctrine, statute, or rule exempts any Discoverable Material from an answer or production, in whole or in part, the asserting party will state the nature and basis for the claim to the disclosure exemption in a privilege log in such a form as to enable the other parties to assess the claim. E-mail chains may be scheduled in one log entry, but each e-mail in the chain must be individually identified and described in the privilege description.<br><br>The parties will not schedule Discoverable Material subject to a disclosure exemption in a privilege log where the Discoverable Material post-dates the filing of the original Complaint (ECF No. 4), August 16, 2024.<br><br>If any party inadvertently discloses Discoverable Material subject to a disclosure exemption, the inadvertent production shall not constitute waiver of the protection and the producing party may demand prompt return or destruction the exempted Discoverable Material if the disclosure so qualifies under Fed. R. Evid. 502(b). |
| **Stipulation Regarding Evidence Protections \| Fed. R. Civ. P. 26(f):** | The parties will jointly move the Court for a protective order to ensure the confidentiality of Plaintiffs' medical and other private information, the terms of which the parties will negotiate in good faith. |

## OTHER ITEMS

| | |
|---|---|
| **Settlement Possibilities:** | Settlement is not possible. |
| **Joint Statement re: Mediation:** | Mediation is not possible. |
| **Trial Estimate:** | 10 days |
| **Witnesses & Exhibits:** | Lists due on or before October 10, 2025, and objections due within 14 days of final pretrial statements. |
| **Preliminary Pretrial Conference:** | October 27, 2025 |
| **Other Matters:** | State Defendants' responsive pleading will be filed on or before December 6, 2024. |

Respectfully submitted,

DEFENDANTS FRANK EDELBLUT, ANDREW CLINE, KATE CASSADY, ANN LANE, PHILIP NAZZARO, RAJESH NAIR, JAMES FRICCHIONE, and JAMES LABOE

By their attorneys,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date: December 2, 2024

/s/ Michael P. DeGrandis

Michael P. DeGrandis, N.H. Bar No. 277332
Assistant Attorney General
Brandon F. Chase, N.H. Bar No. 270844
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
brandon.f.chase@doj.nh.gov

PARKER TIRRELL, by her parents and next friends SARA TIRRELL and ZACHARY TIRRELL,

and

IRIS TURMELLE, by her parents and next friends AMY MANZELLI and CHAD TURMELLE,

By their attorneys,

/s/ Chris Erchull

Chris Erchull (NH Bar No. 266733)
cerchull@glad.org
Bennett H. Klein* (MA Bar No. 550702)
bklein@glad.org
Jennifer Levi* (MA Bar No. 550702)
jlevi@glad.org
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350

Kevin J. DeJong (NH Bar No. 17633)
kdejong@goodwinlaw.com
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1156

Louis L. Lobel* (MA Bar No. 693292)
llobel@goodwinlaw.com

Elaine H. Blais* (MA Bar No. 656142)
eblais@goodwinlaw.com
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210

Samira Seraji* (CA Bar No. 338979)
sseraji@goodwinlaw.com
GOODWIN PROCTER LLP
601 S. Figueroa Street
Suite 4100
Los Angeles, CA 90017

Ben See* (NY Bar No. 6019202)
bsee@goodwinlaw.com
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018

Gilles Bissonnette (NH Bar No. 265393)
gilles@aclu-nh.org
Henry Klementowicz (NH Bar No. 21177)
henry@aclu-nh.org
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION
18 Low Avenue
Concord, NH 03301
(603) 224-5591

* Admitted *pro hac vice*

PEMI-BAKER REGIONAL SCHOOL DISTRICT

By their attorneys,

/s/ Diane M. Gorrow
Diane M. Gorrow, Esq. (NH Bar #4817)
SOULE, LESLIE, KIDDER, SAYWARD & LOUGHMAN, P.L.L.C.
220 Main Street
Salem, NH 03079
(603) 898-776
Email: gorrow@soulefirm.com

PEMBROKE SCHOOL DISTRICT

By their attorneys,

/s/ Michael G. Eaton
Michael G. Eaton, Esq. (NH Bar #271586)
WADLEIGH STARR & PETERS, PLLC
95 Market Street
Manchester, NH 03101
(603) 206-7292
meaton@wadleighlaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

/s/ Michael P. DeGrandis
Michael P. DeGrandis