UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Parker Tirrell, by her parents and next friends Sara Tirrell and Zachary Tirrell, *and*<br><br>Iris Turmelle, by her parents and next friends Amy Manzelli and Chad Turmelle,<br><br>    Plaintiffs,<br><br>    v.<br><br>Frank Edelblut, *in his official capacity as Commissioner of the New Hampshire Department of Education*;<br><br>Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Laboe, *in their official capacities as members of the New Hampshire State Board of Education*;<br><br>Pemi-Baker Regional School District; *and*<br><br>Pembroke School District,<br><br>    Defendants. | Civil Action No. 1:24-cv-00251-LM-TSM |

**PLAINTIFFS' UNOPPOSED MOTION TO FILE A SECOND AMENDED COMPLAINT**

Plaintiffs hereby move to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1.

**Summary of Second Amended Complaint**

Plaintiffs seek to amend their operative November 8, 2024 First Amended Complaint (ECF No. 78) to include legal challenges to the President's January 20, 2025 executive order entitled *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government* (the "Gender Ideology Order") and the President's February 5, 2025

executive order entitled *Keeping Men Out of Women's Sports* (the "National Sports Ban"). Accordingly, the proposed Second Amended Complaint adds various Federal Defendants to this matter, including Donald J. Trump (in his official capacity as President of the United States), the United States Department of Justice, Pamela Bondi (in her official capacity as Attorney General of the United States), the United States Department of Education, and Denise L. Carter (in her official capacity as Acting Secretary of the United States Department of Education), each of which either have enacted and/or have enforcement authority under these executive orders. In adding these new Federal Defendants, the proposed Second Amended Complaint adds the following new counts:

- As Count V, a claim that the challenged executive orders violate the equal protection rights of transgender people under the Fifth Amendment;

- As Count VI, a claim that, under the doctrine of ultra vires, the Federal Defendants do not have the power under the challenged executive orders to override Section 1681 of Title IX and require federal grantees to engage in the discrimination that Title IX prohibits; and

- As Count VII, a claim that, under the doctrine of ultra vires, the executive orders—by directing agencies to terminate or withhold congressionally appropriated grants—attempt to expend public funds to advance the President's policy preferences, rather than those of Congress, and that these actions exceed the President's Article II powers, unconstitutionally infringe upon Congress's powers, and attempt to amend federal legislation while bypassing Article I's Bicameralism and Presentment Clauses.

A redline comparing the proposed Second Amended Complaint to the currently operative First Amended Complaint is attached as *Exhibit A*. A clean copy of the proposed Second Amended Complaint is attached as *Exhibit B*.

## Argument

Federal Rule of Civil Procedure 15(a)(2) provides that the court "should freely give leave [to amend] when justice so requires." "Leave to amend is appropriately denied when, inter alia, the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on

the movant's part." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 60-61 (1st Cir. 2013) (internal citations and quotation marks omitted).  None of those circumstances are present here. Discovery in this case is in its infancy (with the discovery plan having been issued on December 12, 2024).  Plaintiffs are also challenging these executive orders shortly after their enactment without delay, and this challenge could not have been brought when the First Amended Complaint was filed on November 8, 2024.  Furthermore, these executive orders and Plaintiffs' proposed three new claims against the Federal Defendants have a direct relationship to the question pending in Plaintiffs' existing operative First Amended Complaint against the State Defendants—namely, whether provisions barring transgender girls in New Hampshire from playing sports consistent with their gender identity violate the Equal Protection Clause and Title IX.  Indeed, given this relationship, it makes practical sense to have the rights of transgender people and the obligations of New Hampshire school districts, the New Hampshire Department of Education, and United States officers and agencies adjudicated in a single, consolidated action in which the constitutionality of HB 1205 and the executive orders are conclusively addressed for the sake of judicial economy.

*Impact of the Second Amended Complaint on the Pending Partial Motion to Dismiss and Discovery Plan*: It is worth noting that this Second Amended Complaint, if allowed by this Court, would cause the State Defendants' pending Partial Motion to Dismiss the First Amended Complaint (ECF No. 88) to be automatically denied without prejudice under Local Rule 15.1(c). *See* L.R. 15.1(c) ("When a plaintiff files an amended complaint as of right or with leave of court after the filing of a motion to dismiss for failure to state a claim, the motion to dismiss shall be automatically denied without prejudice and the defendant(s) shall respond to the amended complaint as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R.

Civ. P. 15(a)."). In light of this automatic dismissal of the State Defendants' Partial Motion to Dismiss, the parties are prepared to discuss a new briefing schedule where, after the acceptance of the proposed Second Amended Complaint, the State Defendants can file a renewed Partial Motion to Dismiss where they may present the same arguments. For the sake of judicial economy, such renewed arguments by the State Defendants could then be considered in conjunction with this Court's consideration of any responsive pleading filed by the Federal Defendants. Furthermore, the acceptance of the Second Amended Complaint likely will require an extension of the discovery deadlines established by this Court on December 12, 2024 to ensure that Plaintiffs' claims against the State Defendants and the Federal Defendants are litigated simultaneously to conserve the resources of the parties and this Court. In the event that this motion is granted, the State Defendants and Plaintiffs will meet and confer on how to handle these discovery deadlines and present a plan before this Court for its consideration to ensure the efficient adjudication of this case.

Finally, Plaintiffs recognize that, with the allowance of the amendment, the State Defendants and Defendants Pemi-Baker Regional School District and Pembroke School District reserve all of their rights with respect to any substantive response to the Second Amended Complaint. Further, in the event this motion is granted and the Second Amended Complaint is filed, the Federal Defendants will be promptly served[1] and will have an opportunity to fully respond to the allegations in the Second Amended Complaint.

For these reasons, Plaintiffs should be permitted to file a Second Amended Complaint.

---

[1] *See* Fed. R. Civ. P. 15(c)(2) ("When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.").

## LOCAL RULE 7.1(a)(2) CERTIFICATION

No separate memorandum of law is necessary as the points and authorities are contained within this motion.

## LOCAL RULE 7.1(c) CERTIFICATION

Counsel hereby certifies that they have sought concurrence from the Defendants for this motion.

Defendants Frank Edelblut (in his official capacity as Commissioner of the New Hampshire Department of Education) and Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Laboe (in their official capacities as members of the New Hampshire State Board of Education) do not oppose the relief requested in this motion.

Defendants Pemi-Baker Regional School District and Pembroke School District take no position on the relief requested in this motion.

## LOCAL RULE 15.1 CERTIFICATION

This motion attaches the proposed Second Amended Complaint as *Exhibit B*. The changes to the operative First Amended Complaint are identified in redline format in *Exhibit A*.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Permit Plaintiffs to file a Second Amended Complaint;

B. Accept for docketing the proposed Second Amended Complaint attached as *Exhibit B*; and

C. Grant such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted,

PARKER TIRRELL, by her parents and next friends SARA TIRRELL and ZACHARY TIRRELL,

and

IRIS TURMELLE, by her parents and next friends AMY MANZELLI and CHAD TURMELLE,

By and through their attorneys,

| | |
|---|---|
| Kevin J. DeJong (NH Bar No. 17633)<br>kdejong@goodwinlaw.com<br><br>Louis L. Lobel* (MA Bar No. 693292)<br>llobel@goodwinlaw.com<br>Elaine H. Blais* (MA Bar No. 656142)<br>eblais@goodwinlaw.com<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br><br>Samira Seraji* (CA Bar No. 338979)<br>sseraji@goodwinlaw.com<br>GOODWIN PROCTER LLP<br>601 S. Figueroa Street<br>Suite 4100<br>Los Angeles, CA 90017<br><br>Ben See* (NY Bar No. 6019202)<br>bsee@goodwinlaw.com<br>GOODWIN PROCTER LLP<br>620 Eighth Avenue<br>New York, NY 10018 | */s/ Chris Erchull*<br>Chris Erchull (NH Bar No. 266733)<br>cerchull@glad.org<br>Bennett H. Klein* (MA Bar No. 550702)<br>bklein@glad.org<br>Jennifer L. Levi* (MA Bar No. 562298)<br>jlevi@glad.org<br>Michael Haley (NH Bar No. 270236)<br>mhaley@glad.org<br>GLBTQ LEGAL ADVOCATES & DEFENDERS<br>18 Tremont Street, Suite 950<br>Boston, MA 02108<br>(617) 426-1350<br><br>Gilles Bissonnette (NH Bar No. 265393)<br>gilles@aclu-nh.org<br>Henry Klementowicz (NH Bar No. 21177)<br>henry@aclu-nh.org<br>AMERICAN CIVIL LIBERTIES UNION OF<br>NEW HAMPSHIRE FOUNDATION<br>18 Low Avenue<br>Concord, NH 03301<br>(603) 224-5591 |

*Admitted *pro hac vice*.

February 12, 2025