UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Parker Tirrell, et al.  )
    Plaintiffs, )
 )
v. ) Case No. 24-cv-00251-LM-TSM
 )
Frank Edelblut, et al. )
    Defendants. )

### PEMI-BAKER REGIONAL SCHOOL DISTRICT'S ANSWER TO SECOND AMENDED COMPLAINT

NOW COMES the Pemi-Baker Regional School District, by and through its attorneys, Soule, Leslie, Kidder, Sayward & Loughman, P.L.L.C., and answers the Second Amended Complaint as follows:

### INTRODUCTION

The introduction is descriptive of Plaintiffs' overall claim to which no response is necessary. The factual allegations in the Introduction are addressed in the numbered paragraphs of the Complaint.

### JURISDICTION AND VENUE

1. The allegation is descriptive of Plaintiffs' claim to which no response is necessary.

2. The allegation is descriptive of Plaintiffs' claim to which no response is necessary.

3. Pemi-Baker admits the allegations.

Soule, Leslie, Kidder,
Sayward & Loughman
P.L.L.C.
Attorneys At Law
Salem & Wolfeboro
New Hampshire

1

4. Pemi-Baker admits the allegations.

5. Pemi-Baker admits the allegations.

6. Pemi-Baker admits the allegations.

## PARTIES

7. Pemi-Baker admits the allegations.

8. Pemi-Baker admits the allegations.

9. Pemi-Baker admits the allegations.

10. Pemi-Baker admits the allegations.

11. Pemi-Baker admits the allegations.

12. Pemi-Baker admits the allegations.

13. Pemi-Baker admits the allegations.

14. Pemi-Baker admits the allegations.

15. Pemi-Baker admits the allegations.

16. Pemi-Baker admits the allegations.

17. Pemi-Baker admits the allegations.

18. Pemi-Baker admits the allegations.

19. Pemi-Baker admits the allegations.

20. Pemi-Baker admits the allegations.

21. Pemi-Baker admits the allegations.

22. Pemi-Baker admits the allegations.

23. Pemi-Baker admits the allegations.

SOULE, LESLIE, KIDDER,
SAYWARD & LOUGHMAN
P.L.L.C.
ATTORNEYS AT LAW
SALEM & WOLFEBORO
NEW HAMPSHIRE

## FACTS
### I. Transgender Adolescents and Participation on School Sports.

24. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

25. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

26. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

27. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

28. Pemi-Baker admits the allegations.

29. Pemi-Baker admits that DSM-5 lists gender dysphoria as a mental disorder but it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

30. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

31. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

32. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

33. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

34. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

SOULE, LESLIE, KIDDER,
SAYWARD & LOUGHMAN
P.L.L.C.
ATTORNEYS AT LAW
SALEM & WOLFEBORO
NEW HAMPSHIRE

35.  Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

36.  Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

37.  Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

38.  Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## II. New Hampshire's Total Exclusion of Transgender Girls from Participation in Middle and High School Sports.

39.  Pemi-Baker admits the allegations.

40.  Pemi-Baker admits the information is on the NHIAA website.

41.  Pemi-Baker admits the information is in the NHIAA Constitution on the NHIAA website.

42.  Pemi-Baker admits the information is in the NHIAA Bylaws on the NHIAA website.

43.  Pemi-Baker admits the information is on the NHIAA website.

44.  Pemi-Baker admits the information is in the Bylaws on the NHIAA website but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations including those in Footnote 2.

45.  Pemi-Baker admits the information is in the NHIAA Bylaws on the NHIAA website.

SOULE, LESLIE, KIDDER,
SAYWARD & LOUGHMAN
P.L.L.C.
ATTORNEYS AT LAW
SALEM & WOLFEBORO
NEW HAMPSHIRE

4

46. Pemi-Baker admits the information is in the NHIAA Policy on the NHIAA website.

47. Pemi-Baker admits the information is in the NHIAA Policy on the NHIAA website.

48. Pemi-Baker admits the information is in the NHIAA Policy on the NHIAA website.

49. Pemi-Baker admits that HB1205 was enacted on July 19, 2024, but denies it was effective August 19, 2024. By way of further answer, the effective date was August 18, 2024.

50. The allegations are statements of law to which no response is necessary.

51. The allegations are statements of law to which no response is necessary.

52. The allegations are statements of law to which no response is necessary.

53. The allegations are statements of law to which no response is necessary.

54. The allegations are statements of law to which no response is necessary.

55. The allegations are statements of law to which no response is necessary.

56. The allegations are statements of law to which no response is necessary.

57. Pemi-Baker admits the allegations

### III. The Executive Orders

**A.    The Gender Ideology Order.**

58. The Order speaks for itself.

59. The Order speaks for itself.

60. The Order speaks for itself.

61. The Dear Colleague letter speaks for itself.

**B.    The National Sports Ban.**

62.    The Order speaks for itself.

63.    The Order speaks for itself.

64.    The Order speaks for itself.

65.    Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

### IV.  Plaintiffs' Medical Treatment and Participation in Sports.

**A.    Parker Tirrell.**

66.    Pemi-Baker admits the allegations.

67.    Pemi-Baker admits the allegations.

68.    Pemi-Baker admits the allegations.

69.    Pemi-Baker admits the allegations.

70.    Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

71.    Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

72.    Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

73.    Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

74.    Pemi-Baker admits the allegations except that it lacks knowledge or information sufficient to form a belief about what Parker did "elsewhere".

75. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

76. Pemi-Baker admits the allegations.

77. Pemi-Baker admits that Parker played sports in middle and high school school but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

78. Pemi-Baker admits the allegations.

79. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

80. Pemi-Baker admits the allegations in the first sentence and that in the 2023-2024 school year the girls' soccer team did not win a single game. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

81. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

82. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

83. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

84. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

85. The allegations are legal conclusions upon which Pemi-Baker takes no position.

86. The allegations are legal conclusions upon which Pemi-Baker takes no position.

87. The allegations are legal conclusions to which Pemi-Baker takes no position.

SOULE, LESLIE, KIDDER, SAYWARD & LOUGHMAN P.L.L.C. ATTORNEYS AT LAW SALEM & WOLFEBORO NEW HAMPSHIRE

88. The allegations are legal conclusions to which Pemi-Baker takes no position.

**B.     Iris Turmelle.**

89. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

90. Pemi-Baker admits the allegations.

91. Pemi-Baker admits the allegations.

92. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

93. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

94. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

95. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

96. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

97. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

98. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

99. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

Soule, Leslie, Kidder, Sayward & Loughman P.L.L.C.
Attorneys At Law
Salem & Wolfeboro
New Hampshire

100. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

101. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

102. Pemi-Baker lacks knowledge or information sufficient to form a belief about the truth of the allegations.

103. The allegations are legal conclusions upon which Pemi-Baker takes no position.

104. The allegations are legal conclusions upon which Pemi-Baker takes no position.

105. The allegations are legal conclusions upon which Pemi-Baker takes no position.

106. The allegations are legal conclusions upon which Pemi-Baker takes no position.

## CLAIMS FOR RELIEF

### COUNT I
(FOURTEENTH AMENDMENT – EQUAL PROTECTION)

107. Pemi-Baker incorporates its responses to the preceding paragraphs of the Complaint.

108. The allegations are descriptive of Plaintiffs' overall claim to which no response is necessary.

109. The allegations are statements of law to which no response is necessary.

110. The allegations are statements of law to which no response is necessary.

111. The allegations are legal conclusions upon which Pemi-Baker takes no position.

112. The allegations are legal conclusions upon which Pemi-Baker takes no position.

113. The allegations are legal conclusions upon which Pemi-Baker takes no position.

Soule, Leslie, Kidder, Sayward & Loughman P.L.L.C.
Attorneys At Law
Salem & Wolfeboro
New Hampshire

## COUNT II
(VIOLATION OF TITLE IX, 20 U.S.C. § 1681 et seq.)

114. Pemi-Baker incorporates its responses to the preceding paragraphs of the Complaint.

115. The allegations are statements of law to which no response is necessary.

116. The allegations are descriptive of Plaintiffs' overall claim to which no response is necessary.

117. The allegations are statements of law to which no response is necessary.

118. The allegations are statements of law to which no response is necessary.

119. Pemi-Baker admits the allegations.

120. Pemi-Baker denies the allegations.

## COUNTS III, IV, V AND VI

Counts III, V and VI do not relate to Pemi-Baker.

**BY WAY OF FURTHER ANSWER, PEMI-BAKER ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES:**

1. Pemi-Baker's actions were required by New Hampshire law.

2. Pemi-Baker takes no position with respect to Plaintiffs' claims.

3. Pemi-Baker has acted in good faith at all times.

4. Plaintiffs are not entitled to nominal damages, costs, expenses, or attorneys fees from Pemi-Baker because Pemi-Baker has acted in good faith, seeks only to comply with the law enacted by the State of New Hampshire and federal government and has taken no position on the laws challenged by the Plaintiffs.

Soule, Leslie, Kidder,
Sayward & Loughman
P.L.L.C.
Attorneys At Law
Salem & Wolfeboro
New Hampshire

5.  Pemi-Baker reserves the right to assert any additional affirmative defenses available to it based upon information discovered as this matter progresses towards trial with giving reasonable notice to Plaintiffs.

WHEREFORE, Pemi-Baker respectfully requests that this Honorable Court:

A. Provide it with clear guidance on its obligation s under HB1205 and the federal orders;

B. Deny the request for nominal damages, costs, expenses, or attorneys fees because Pemi-Baker has acted in good faith, seeks only to comply with the law enacted by the State of New Hampshire and federal government, and has taken no position on the law challenged by the Plaintiffs; and

C. Grant such other and further relief as this Court deems just.

> Respectfully Submitted,
> PEMI-BAKER REGIONAL SCHOOL DISTRICT,
>
> By its attorneys,
> SOULE, LESLIE, KIDDER, SAYWARD &
> LOUGHMAN, P.L.L.C.
>
> By: */s/ Diane M. Gorrow*
> Diane M. Gorrow, Esq. (NH Bar #4817)
> 220 Main Street
> Salem, NH 03079
> (603) 898-776
> Email: gorrow@soulefirm.com

Dated: February 21, 2025

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2025, copies of the foregoing Pemi-Baker Regional School District's Answer to Second Amended Complaint has been served upon counsel of record via the Court's e-filing system.

 */s/ Diane M. Gorrow*
Diane M. Gorrow, Esquire (NH Bar #4817)

SOULE, LESLIE, KIDDER, SAYWARD & LOUGHMAN P.L.L.C. ATTORNEYS AT LAW SALEM & WOLFEBORO NEW HAMPSHIRE