# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

**Parker Tirrell**, by her parents and next friends Sara Tirrell and Zachary Tirrell, *and*

**Iris Turmelle**, by her parents and next friends, Amy Manzelli and Chad Turmelle,

                    *Plaintiffs*,

        v.

**Frank Edelblut**, *in his official capacity as Commissioner of the New Hampshire Department of Education*;

**Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Leboe**, *in their official capacities as members of the New Hampshire State Board of Education*;

**Pemi-Baker Regional School District**;

**Pembroke School District**;

**Donald J. Trump**, *in his official capacity as President of the United States*, 1600 Pennsylvania Avenue NW, Washington, DC 20220;

**U.S. Department of Justice**, 950 Pennsylvania Avenue NW, Washington, DC 20530;

**Pamela Bondi**, *in her official capacity as Attorney General of the United States*, 950 Pennsylvania Avenue NW, Washington, DC 20530;

Civil Case No. 1:24-cv-00251-LM-TSM

1

**U.S. Department of Education**,
400 Maryland Avenue SW,
Washington, DC 20202; and

**Denise L. Carter**, *in her official capacity as Acting Secretary of the United States Department of Education*,
400 Maryland Avenue SW,
Washington, DC 20202.

*Defendants,*

and

**Female Athletes United**,

*Proposed Intervenor-Defendant.*

## PROPOSED INTERVENOR-DEFENDANT'S MOTION TO INTERVENE

Female Athletes United moves to intervene in this case.

1. FAU is an organization that defends women's sports. It works to ensure women's sports and private spaces remain for women. Their members include current female athletes who compete on teams at their schools receiving federal funding—including female athletes in New Hampshire.

2. Last week, the Court allowed the plaintiffs to amend their complaint to add several new defendants and claims. Put simply, the case went from a challenge to a New Hampshire law protecting women's sports to also a facial challenge to President Trump's recent executive orders seeking to do so across the country. That expanded scope adds to the importance of this case and its potential effect on FAU and its members. So FAU moves to intervene as a defendant under Federal Rule of Civil Procedure 24(a) and (b).

3. As explained more in the attached memorandum, FAU meets both Rule 24(a)'s intervention-of-right standard and Rule 24(b)'s permissive-intervention standard.

4. Starting with permissive intervention under Rule 24(b), FAU easily meets that standard. Court after court has permitted athletes or students to intervene in cases like this. That goes for athletes on both sides of the issue—female athletes and male athletes who identify as female. And that makes sense. It is the athletes who are directly affected by laws regulating women's sports. They are the ones who face the real-world consequences. FAU's members deserve to be heard here no less than the plaintiffs.

5. Plus, FAU has defenses that share common questions of law with the case. All its defenses go to the validity of the executive orders and the New Hampshire law that the plaintiffs challenge. And allowing intervention will in no way delay the case or prejudice any party's rights. The plaintiffs filed their amended complaint just over a week ago. That resulted in the Court dismissing the New Hampshire defendants' motion to dismiss without prejudice. And it will reset the discovery and briefing schedules. In other words, this case is in the early stages. Permitting intervention will cause no delay or prejudice. The Court should permit FAU to intervene under Rule 24(b).

6. FAU also meets the requirements of Rule 24(a) to intervene as of right. First, this motion is timely. It is filed just over a week after the amended complaint significantly expanded the case. And to the extent that it matters, the motion is filed before any discovery has happened with the New Hampshire law challenge and before the Court has ruled on the merits of any dispositive motion.

7. Second, FAU has a concrete interest in this case. FAU has members across the country who want to compete on a safe and level playing field and cannot do so if they are forced to compete against males. That includes members who have

been forced to compete against male athletes who identify as female. And it includes members who have had to do so in New Hampshire. Plus, the facial relief that Plaintiffs seek extends beyond just sports teams. It would affect the executive orders' protections for female locker rooms, restrooms, and other private spaces. And FAU and its members also have a concrete interest in keeping males out of those private spaces.

8.  Third, there is a realistic threat that this case will hinder FAU's ability to further its interests. If the plaintiffs get their requested relief, then officials will be unable to enforce either the executive orders or New Hampshire's law. The result is clear: males would be able to unfairly compete against FAU's members. And it would mean the protections for female locker rooms and private spaces go away.

9.  Fourth, the existing defendants do not adequately represent FAU's interests. Of course, the New Hampshire defendants don't. Their interest is in defending the New Hampshire law to allow sex-designated sports teams for women, which affects only female teams in New Hampshire and says nothing about private spaces like female restrooms. And the same goes for the federal defendants. They don't adequately represent FAU's interests—for two reasons. First, those defendants have an interest in tailoring their Title IX defense to align with 34 C.F.R. § 106.41, the federal regulation implementing Title IX to athletics. But one possible reading of that regulation is that it merely allows recipient schools to have separate male and female teams—not that it requires schools to have sex-separate teams for girls. FAU will defend the executive orders and its members' rights to female-only teams by arguing that reading conflicts with Title IX's plain text as well as Title IX regulations. And on the other hand, FAU will raise a substantive-due-process argument to defend its members' rights to female-only private spaces. The federal defendants likely cannot make that argument asserting the constitutional rights of others. So that interest can only be adequately represented by FAU.

4

10.     Either way, the Court should allow FAU to intervene. Along with the supporting memorandum, it has attached supporting declarations. And it has attached a proposed answer as required under Rule 24(c). But FAU reserves the right to file a motion for judgment on the pleadings or any other applicable motion or response.

11.     Finally, under Local Rule 7.1(c), FAU certifies that it has made a good-faith attempt to obtain concurrence from the existing parties on intervention. FAU has contacted the plaintiffs, but they declined to take a position until they saw FAU's intervention papers. Plaintiffs reserved their right to object after reviewing the motion to intervene and attachments. And FAU has reached out to the New Hampshire defendants. Commissioner Edelblut and the members of the State Board of Education take no position on this motion. And Pemi-Baker Regional School District and Pembroke School District also take no position. As for the federal defendants, FAU will contact them as soon as they enter appearances. It will then file an updated certification of concurrence for this motion.

Respectfully submitted this 21st day of February, 2025.

*s/ Ian B. Huyett*
Ian B. Huyett
NH Bar No. 270964
**Cornerstone**
P.O. Box 4683
Manchester, NH 03108
Telephone: (603) 228-4794
IHuyett@NHCornerstone.org

Johannes Widmalm-Delphonse*
VA Bar No. 96040
**Alliance Defending Freedom**
44180 Riverside Parkway
Lansdowne, VA 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4790
jwidmalmdelphonse@ADFlegal.org

Jonathan A. Scruggs*
AZ Bar No. 030505
Henry W. Frampton, IV*
SC Bar No. 75314
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028
jscruggs@ADFlegal.org
hframpton@ADFlegal.org

Suzanne E. Beecher*
CA Bar No. 329586
**Alliance Defending Freedom**
440 First Street NW
Washington, D.C. 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
sbeecher@ADFlegal.org

*Counsel for Proposed Intervenor-Defendant*
**pro hac vice application pending*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2025, I filed a true and accurate copy of this document and the attached exhibits with the Clerk of the Court using the CM/ECF system, which automatically sends an electronic notification to counsel of record listed below. Additionally, I will serve defendants Donald J. Trump, the U.S. Department of Justice, Pamela Bondi, the U.S. Department of Education, and Denise L. Carter, by sending a true and accurate copy of this document and the attached exhibits by certified mail to the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue Northwest, Washington, DC 20530-0001.

Chris Erchull
Bennett H. Klein
Jennifer L. Levi
Michael Haley
GLBTQ Legal Advocates & Defenders
18 Tremont Street, Suite 950
Boston, MA 02108

Kevin J. DeJong
Louis L. Lobel
Elaine H. Blais
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

Benedict See
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018

Gilles Bissonnette
Henry Klementowicz
American Civil Liberties Union of New Hampshire Foundation
18 Low Avenue
Concord, NH 03301

Samira Seraji
Goodwin Procter LLP
601 S. Figueroa Street, Suite 4100
Los Angeles, CA 90017

Emmett Weiss
Goodwin Procter LLP
1900 N. St. NW
Washington, DC 20036

*Counsel for Plaintiffs*

| | |
|---|---|
| Michael P. DeGrandis<br>NH Attorney General's Office<br>33 Capitol St.<br>Concord, NH 03301<br><br>Brandon Francis Chase<br>NH Department of Justice<br>1 Granite Pl. S.<br>Concord, NH 03301<br><br>*Counsel for Defendants Frank Edelblut, Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Laboe* | Diane M. Gorrow<br>Soule Leslie Kidder Sayward & Loughman<br>220 Main St.<br>Salem, NH 03079<br><br>*Counsel for Defendants Pemi-Baker Regional School District, Lisa Ash, Bernice Sullivan, Sheila Donahue, Tony Torino, Carolyn Varin, Peter Jackson, Phil McCormack, Greg Aprilliano, Bonnie Acton, Barbara Noyes, Paul Ciotti, and Paul Pizzano*<br><br>Michael Gregory Eaton<br>Wadleigh Starr & Peters PLLC<br>95 Market St.<br>Manchester, NH 03101<br><br>*Counsel for Defendants Pembroke School District, Andrew Camidge, Gene Gauss, Kerri Dean, and Melanie Camelo* |

                                                *s/ Ian B. Huyett*
                                                Counsel for Proposed Intervenor-Defendant