**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **Parker Tirrell**, by her parents and next friends Sara Tirrell and Zachary Tirrell, *and*<br><br>**Iris Turmelle**, by her parents and next friends, Amy Manzelli and Chad Turmelle,<br><br>                              *Plaintiffs*,<br><br>v.<br><br>**Frank Edelblut**, *in his official capacity as Commissioner of the New Hampshire Department of Education*;<br><br>**Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Leboe**, *in their official capacities as members of the New Hampshire State Board of Education*;<br><br>**Pemi-Baker Regional School District**;<br><br>**Pembroke School District;**<br><br>**Donald J. Trump**, *in his official capacity as President of the United States*,<br>1600 Pennsylvania Avenue NW, Washington, DC 20220;<br><br>**U.S. Department of Justice**,<br>950 Pennsylvania Avenue NW, Washington, DC 20530;<br><br>**Pamela Bondi**, *in her official capacity as Attorney General of the United States*,<br>950 Pennsylvania Avenue NW, Washington, DC 20530; | Civil Case No. 1:24-cv-00251-LM-TSM |

1

**U.S. Department of Education**,
400 Maryland Avenue SW,
Washington, DC 20202; and

**Denise L. Carter**, *in her official capacity as Acting Secretary of the United States Department of Education*,
400 Maryland Avenue SW,
Washington, DC 20202.

*Defendants,*

and

**Female Athletes United**,

*Proposed Intervenor-Defendant.*

### [PROPOSED] ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 24(c), Intervenor-Defendant answers Plaintiffs' Second Amended Complaint as follows (each numbered paragraph of the Answer corresponding to the same numbered paragraph in the complaint):

The "Introduction" of Plaintiffs' Second Amended Complaint contains a broad characterization of both facts and Plaintiffs' legal theories. To the extent a response is required, Intervenor denies any allegations that are not specifically admitted below and denies any allegations that the challenged statute or federal actions are unlawful.

### JURISDICTION AND VENUE

1. Intervenor admits that the complaint alleges claims under 42 U.S.C. § 1983, the Fourteenth Amendment, and Title IX. Intervenor denies that this Court has jurisdiction to hear Plaintiffs' claims.

2. Intervenor admits that the complaint alleges claims invoking jurisdiction under 42 U.S.C. § 1346 and 28 U.S.C. § 1361. Intervenor denies this Court has jurisdiction to hear Plaintiffs' claims.

3. Intervenor admits that the complaint alleges claims invoking jurisdiction under 28 U.S.C. §§ 1331 and 1343. Intervenor denies this Court has jurisdiction to hear Plaintiffs' claims.

4. Admitted, except that Intervenor denies this Court has jurisdiction to hear Plaintiffs' claims.

5. Admitted.

6. Denied because Intervenor lacks knowledge or information sufficient to answer.

7. Intervenor lacks knowledge or information sufficient to answer the first sentence, and it is therefore denied. Intervenor admits the second sentence.

8. Intervenor lacks knowledge or information sufficient to answer the first sentence, and it is therefore denied. Intervenor admits the second sentence.

9. Intervenor admits the first sentence and second sentences. Intervenor lacks knowledge or information sufficient to answer the third sentence, and it is therefore denied.

10. Intervenor admits the first sentence. Intervenor lacks knowledge or information sufficient to answer the second sentence, and it is therefore denied.

11. Intervenor admits the first sentence. Intervenor lacks knowledge or information sufficient to answer the second sentence, and it is therefore denied.

12. Intervenor admits the first sentence. Intervenor lacks knowledge or information sufficient to answer the second sentence, and it is therefore denied.

13. Intervenor admits the first sentence. Intervenor lacks knowledge or information sufficient to answer the second sentence, and it is therefore denied.
14. Intervenor admits the first sentence. Intervenor lacks knowledge or information sufficient to answer of the second sentence, and it is therefore denied.
15. Intervenor admits the first sentence. Intervenor lacks knowledge or information sufficient to answer the second sentence, and it is therefore denied.
16. Intervenor admits the first sentence. Intervenor lacks knowledge or information sufficient to answer the second sentence, and it is therefore denied.
17. Denied because Intervenor lacks knowledge or information sufficient to answer.
18. Denied because Intervenor lacks knowledge or information sufficient to answer.
19. Intervenor admits the first sentence. Intervenor admits that Plaintiffs sue the President in his official capacity. Otherwise denied.
20. Admitted.
21. Intervenor admits the first and second sentence. Intervenor denies the third sentence.
22. Admitted.
23. Intervenor admits the first and second sentence. Intervenor denies the third sentence.

## FACTS

24. Intervenor admits that "gender identity" commonly refers to a person's internal belief that they belong to a particular sex. Otherwise denied.

25. Denied.

26. Denied.

27. Intervenor admits that a child's sex is observable at birth based on the child's anatomy. Otherwise denied.

28. Intervenor admits that a male who identifies as a girl is sometimes referred to as a "transgender girl." Otherwise denied.

29. Admitted that the American Psychiatric Association's DSM-5 lists gender dysphoria as a medical condition. Otherwise denied.

30. Denied because Intervenor lacks knowledge or information sufficient to answer. Intervenor lacks sufficient information as to what "appropriate treatment" means. Assuming "appropriate care" refers to "transition" procedures described in paragraph 33, this allegation is denied.

31. Denied.

32. Denied.

33. Intervenor admits that "transitioning" sometimes involves the described procedures or medications, including social transitioning, hormones, puberty-blockers, and surgery. Otherwise denied.

34. Denied.

35. Intervenor admits the second and third sentence. Intervenor admits that testosterone is one of the biological drivers of average group differences between boys and girls. Otherwise denied.

36. Intervenor admits that children suffering from gender dysphoria are sometimes prescribed puberty-blocking medication. Otherwise denied.

37. Intervenor admits that children suffering from gender dysphoria are sometimes prescribed hormones and that this treatment is sometimes referred to as "hormone therapy." Otherwise denied.
38. Intervenor admits that a person's internal sense of self, and/or internal sense of gender, is not an accurate proxy for athletic performance or ability. Otherwise denied.
39. Denied because Intervenor lacks knowledge or information sufficient to answer.
40. Denied because Intervenor lacks knowledge or information sufficient to answer.
41. Denied because Intervenor lacks knowledge or information sufficient to answer.
42. Denied because Intervenor lacks knowledge or information sufficient to answer.
43. Denied because Intervenor lacks knowledge or information sufficient to answer.
44. Denied because Intervenor lacks knowledge or information sufficient to answer.
45. Denied because Intervenor lacks knowledge or information sufficient to answer.
46. Intervenor admits that the allegation accurately quotes the specified policy in part but otherwise denied because the policy speaks for itself.
47. Intervenor admits that the allegation accurately quotes the specified policy in part but otherwise denied because the policy speaks for itself.
48. Denied because the policy speaks for itself.
49. Intervenor admits the first sentence. Intervenor denies the second sentence, as the law became effective on August 18, 2024.

50. Intervenor denies the first clause. Otherwise denied because the statute speaks for itself.
51. Denied because the statute speaks for itself.
52. Denied because the statute speaks for itself.
53. Denied because the statute speaks for itself.
54. Denied.
55. Denied because the statute speaks for itself.
56. Denied.
57. Admitted that the Court enjoined the State Defendants from enforcing or threatening to enforce the statute as to Plaintiffs.
58. Admitted.
59. Denied.
60. Denied.
61. Intervenor admits that Department of Education published a "Dear Colleague" letter on or around January 31, 2025. Otherwise denied.
62. Intervenor admits that on February 5, 2025, President Trump signed an executive order related to women's-only sports and directing the Department of Education to take certain actions. Otherwise denied.
63. Intervenor admits that the allegation accurately quotes the executive order in part but otherwise denied because the order speaks for itself.
64. Intervenor admits that the allegation accurately quotes the executive order in part but otherwise denied because the order speaks for itself.
65. Intervenor admits that the Department of Education announced that they opened investigations against the named schools. Intervenor lacks knowledge or information sufficient to answer the remaining allegations, and they are therefore denied.

66. Denied because Intervenor lacks knowledge or information sufficient to answer.

67. Denied because Intervenor lacks knowledge or information sufficient to answer.

68. Denied because Intervenor lacks knowledge or information sufficient to answer.

69. Denied because Intervenor lacks knowledge or information sufficient to answer.

70. Denied because Intervenor lacks knowledge or information sufficient to answer.

71. Denied because Intervenor lacks knowledge or information sufficient to answer.

72. Denied because Intervenor lacks knowledge or information sufficient to answer.

73. Denied because Intervenor lacks knowledge or information sufficient to answer.

74. Denied because Intervenor lacks knowledge or information sufficient to answer.

75. Denied because Intervenor lacks knowledge or information sufficient to answer.

76. Denied because Intervenor lacks knowledge or information sufficient to answer.

77. Denied because Intervenor lacks knowledge or information sufficient to answer.

78. Denied because Intervenor lacks knowledge or information sufficient to answer.

79. Denied because Intervenor lacks knowledge or information sufficient to answer.
80. Denied because Intervenor lacks knowledge or information sufficient to answer.
81. Denied because Intervenor lacks knowledge or information sufficient to answer.
82. Denied because Intervenor lacks knowledge or information sufficient to answer.
83. Intervenor denies the first and second sentences. Intervenor lacks knowledge or information sufficient to answer the remaining allegations, and they are therefore denied.
84. Denied because Intervenor lacks knowledge or information sufficient to answer.
85. Denied.
86. Denied because Intervenor lacks knowledge or information sufficient to answer.
87. Denied because Intervenor lacks knowledge or information sufficient to answer.
88. Denied because Intervenor lacks knowledge or information sufficient to answer.
89. Denied because Intervenor lacks knowledge or information sufficient to answer.
90. Denied because Intervenor lacks knowledge or information sufficient to answer.
91. Denied because Intervenor lacks knowledge or information sufficient to answer.

92. Denied because Intervenor lacks knowledge or information sufficient to answer.

93. Denied because Intervenor lacks knowledge or information sufficient to answer.

94. Denied because Intervenor lacks knowledge or information sufficient to answer.

95. Denied because Intervenor lacks knowledge or information sufficient to answer.

96. Denied because Intervenor lacks knowledge or information sufficient to answer.

97. Denied because Intervenor lacks knowledge or information sufficient to answer.

98. Denied because Intervenor lacks knowledge or information sufficient to answer.

99. Denied because Intervenor lacks knowledge or information sufficient to answer.

100. Denied because Intervenor lacks knowledge or information sufficient to answer.

101. Intervenor denies the first and second sentences. Intervenor lacks knowledge or information sufficient to answer the remaining allegations, and they are therefore denied.

102. Denied because Intervenor lacks knowledge or information sufficient to answer.

103. Denied.

104. Denied because Intervenor lacks knowledge or information sufficient to answer.

105. Denied.

106. Denied because Intervenor lacks knowledge or information sufficient to answer.

## CLAIMS FOR RELIEF

107. No answer is required.
108. Admitted.
109. Admitted.
110. Denied because Intervenor lacks knowledge or information sufficient to answer.
111. Denied.
112. Denied.
113. Denied.
114. No answer is required.
115. Admitted.
116. Admitted.
117. Denied.
118. Intervenor admits that Title IX forbids sex discrimination in athletic programs in some respects. Otherwise denied because Intervenor lacks knowledge or information sufficient to answer.
119. Denied because Intervenor lacks knowledge or information sufficient to answer.
120. Denied.
121. No answer is required.
122. Admitted.
123. Admitted.
124. Denied because Intervenor lacks knowledge or information sufficient to answer.

125. Denied.
126. Denied.
127. Denied.
128. No answer is required.
129. Admitted.
130. Admitted.
131. Denied.
132. Intervenor admits that Title IX forbids sex discrimination in athletic programs in some respects. Otherwise denied because Intervenor lacks knowledge or information sufficient to answer.
133. Denied because Intervenor lacks knowledge or information sufficient to answer.
134. Denied.
135. No answer is required.
136. Admitted.
137. Denied.
138. Denied.
139. Denied.
140. Denied.
141. Denied.
142. No answer is required.
143. Admitted.
144. Admitted.
145. Denied.
146. Denied.
147. Denied.

148. Intervenor admits that no government agency has the power to "override" Title IX. Otherwise denied.
149. Denied.
150. Denied.
151. No answer is required.
152. Admitted.
153. Denied because Intervenor lacks knowledge or information sufficient to answer.
154. Denied.
155. Denied.
156. Denied.
157. Denied.
158. Denied.

## ANSWER TO PLAINTIFFS' PRAYERS FOR RELIEF

Intervenor denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack a cause of action.
2. Plaintiffs lack standing to challenge the asserted federal actions.
3. Plaintiffs lack standing to facially invalidate the challenged law or executive actions.
4. Plaintiffs fail to state a claim upon which relief can be granted.
5. Plaintiffs' claims against the challenged federal actions are unripe.
6. This case is not justiciable under Article III of the U.S. Constitution or prudential principles.
7. The requested relief would violate Articles II and III of the U.S. Constitution.

8. Plaintiffs' claims are barred by Sovereign Immunity.

9. The challenged law and executive actions were pursuant to and necessary to comply with Title IX, 20 U.S.C. § 1681 *et seq*.

10. The requested relief would violate Intervenors' rights under Title IX, Title IX regulations, and the Fourteenth Amendment.

11. The relief requested by Plaintiffs would violate the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

12. Plaintiffs' claims challenging the asserted federal actions implicate a political question that is nonjusticiable.

13. This Court lacks the power to issue the requested relief.

14. Intervenor is entitled to all defenses available under federal and state constitutional, statutory, and decisional law including but not limited to any and all affirmative defenses listed in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.

15. Intervenor reserves the right to identify additional affirmative defenses based on information obtained during discovery.

## PRAYERS FOR RELIEF

WHEREFORE, having answered Plaintiffs' Complaint, Intervenor-Defendant prays that the Complaint be dismissed, with prejudice.

Respectfully submitted this 21st day of February, 2025.

<div style="display: flex;">

*s/ Ian B. Huyett*
Ian B. Huyett
NH Bar No. 270964
**CORNERSTONE**
P.O. Box 4683
Manchester, NH 03108
Telephone: (603) 228-4794
IHuyett@NHCornerstone.org

Johannes Widmalm-Delphonse*
VA Bar No. 96040
**ALLIANCE DEFENDING FREEDOM**
44180 Riverside Parkway
Lansdowne, VA 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4790
jwidmalmdelphonse@ADFlegal.org

Jonathan A. Scruggs*
AZ Bar No. 030505
Henry W. Frampton, IV*
SC Bar No. 75314
**ALLIANCE DEFENDING FREEDOM**
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028
jscruggs@ADFlegal.org
hframpton@ADFlegal.org

Suzanne E. Beecher*
CA Bar No. 329586
**ALLIANCE DEFENDING FREEDOM**
440 First Street NW
Washington, D.C. 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
sbeecher@ADFlegal.org


*Counsel for Proposed Intervenor-Defendant*
**pro hac vice application pending*

</div>