## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **Parker Tirrell**, by her parents and next friends Sara Tirrell and Zachary Tirrell, and<br><br>**Iris Turmelle**, by her parents and next friends, Amy Manzelli and Chad Turmelle,<br>        *Plaintiffs*,<br><br>v.<br><br>**Frank Edelblut**, *in his official capacity as Commissioner of the New Hampshire Department of Education*;<br><br>**Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Leboe**, *in their official capacities as members of the New Hampshire State Board of Education*;<br><br>**Pemi-Baker Regional School District**;<br><br>**Pembroke School District;**<br><br>**Donald J. Trump**, *in his official capacity as President of the United States*, 1600 Pennsylvania Avenue NW, Washington, DC 20220;<br><br>**U.S. Department of Justice**, 950 Pennsylvania Avenue NW, Washington, DC 20530;<br><br>**Pamela Bondi**, *in her official capacity as Attorney General of the United States*, 950 Pennsylvania Avenue NW, Washington, DC 20530; | Civil Case No. 1:24-cv-00251-LM-TSM |

**U.S. Department of Education**, 400 Maryland Avenue SW, Washington, DC 20202; and

**Denise L. Carter**, *in her official capacity as Acting Secretary of the United States Department of Education*, 400 Maryland Avenue SW, Washington, DC 20202.

                              *Defendants,*

and

**Female Athletes United**,

        *Proposed Intervenor-Defendant.*

**INTERVENOR-DEFENDANT'S MEMORANDUM IN REPLY
TO THE OPPOSITION TO ITS MOTION TO INTERVENE**

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................ ii

Argument ................................................................................................................................ 1

I.    The Court should grant permissive intervention. ............................................. 1

II.   The Court should grant intervention as of right. ............................................. 5

Conclusion .............................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*B.P.J. v. West Virginia State Board of Education*,
    No. 2:21-CV-00316, 2021 WL 5711547 (S.D. W. Va. Dec. 1, 2021) ............... 1, 3

*Doe ex rel. Doe v. Horne*,
    No. 23-3188, 2024 WL 4119371 (9th Cir. Sept. 9, 2024) ................................... 2

*Doe v. Horne*,
    115 F.4th 1083 (9th Cir. 2024) ........................................................................ 2

*Hecox v. Little*,
    479 F. Supp. 3d 930 (D. Idaho 2020) .............................................................. 2

*Soule v. Connecticut Ass'n of Schools, Inc.*,
    No. 3:20-cv-00201, 2021 WL 1617206 (D. Conn. April 25, 2021) ..................... 3

*Students & Parents for Privacy v. U.S. Department of Education*,
    No. 16-CV-4945, 2016 WL 3269001 (N.D. Ill. June 15, 2016) .......................... 3

*United States v. Severino-Pacheco*,
    911 F.3d 14 (1st Cir. 2018) ............................................................................. 5

**Rules**

Fed. R. Civ. P. 24 .................................................................................................. 4

D.N.H. LR 7.1 ....................................................................................................... 5

# ARGUMENT

Female Athletes United's members are directly affected by the challenged law and executive orders. Their rights to fair and safe competition and bodily privacy are directly at issue. So they deserve to be heard as a party no less than the plaintiffs. And nothing the plaintiffs say changes that. Looking big picture, permissive intervention is easily met. So there's no need to address as-of-right intervention. The plaintiffs seem to recognize just that. They focus on as-of-right intervention and treat permissive as an afterthought. But even the plaintiffs' as-of-right arguments come up short because only FAU can fully protect and vindicate its members' interests. The Court should grant the motion to intervene.

## I.    The Court should grant permissive intervention.

FAU has defenses that share common questions of law and fact with the main action. Allowing intervention would not cause undue delay or prejudice. And female athletes deserve to be heard as parties here. So the Court should grant permissive intervention. None of the plaintiffs' arguments show otherwise.

First, the plaintiffs argue that because, in their view, there is adequate representation under the as-of-right standard, the Court should deny permissive intervention. Opp'n 1, 9. But that makes no sense. If a court should deny permissive whenever the as-of-right standard isn't met, then there would be no reason for the former. But Rule 24(b) could not be clearer that courts may permit intervention when the as-of-right standard is not met. And courts regularly allow intervention in that context—including in cases just like this. *E.g., B.P.J. v. W. Va. State Bd. of Educ.*, No. 2:21-CV-00316, 2021 WL 5711547, at *2–3 (S.D. W. Va. Dec. 1, 2021).

Second, the plaintiffs argue that the seven cases FAU cited for courts allowing intervention in similar circumstances are distinguishable. Opp'n 10. That's wrong. But before getting there, consider what the plaintiffs fail to argue. They

1

never contend with the broader point that those cases support female athletes deserving to be heard in this case because it could affect their ability to compete on a safe and level playing field and have privacy in intimate spaces. In a footnote, the plaintiffs merely recount that FAU claims the cases support that key reason why the Court should allow intervention. Opp'n 10 n.11. Yet they never even try to rebut it. They never explain why male athletes who identify as female should be parties here while female athletes should be left on the sidelines. Because they can't—female athletes deserve to be heard here no less than the plaintiffs.

On to the cases. The plaintiffs say that FAU failed to cite the denial of intervention in "a similar challenge to a sports ban" in *Doe ex rel. Doe v. Horne*, No. 23-3188, 2024 WL 4119371 (9th Cir. Sept. 9, 2024). Opp'n 10. But that case isn't similar to this one. The challenge there was only as applied to the two plaintiffs. *Id.* at *2; *see also Doe v. Horne*, 115 F.4th 1083, 1096 (9th Cir. 2024). And the daughters of the would-be intervenors wouldn't have had to play against those male plaintiffs. *Doe*, 2024 WL 4119371, at *1–2. That's why the Ninth Circuit affirmed the denial of both as-of-right and permissive intervention. But here, the plaintiffs' claims are facial. They seek invalidation of HB 1205 and the executive orders—both of which apply to FAU members. *E.g.*, B.W. Decl. ¶ 19. Indeed, FAU has members who have competed against one of the plaintiffs. K.D. Decl. ¶¶ 4, 16–18. So *Doe* doesn't cut against all the cases allowing intervention in similar situations as this one.

Speaking of which, the plaintiffs argue that *Hecox v. Little*, 479 F. Supp. 3d 930 (D. Idaho 2020), is inapt because the court found inadequate representation. Opp'n 10. True, the *Hecox* court granted intervention as of right. But it also granted permissive intervention in the alternative. *Hecox*, 479 F. Supp. 3d at 956. And it relied on more than just inadequate representation to do so. The would-be intervenors deserved "the opportunity to intervene to support a law of which they [were] the intended beneficiaries." *Id.* at 957. And the same goes for *B.P.J.* and *Soule v. Conn.*

2

*Ass'n of Schs., Inc.*, No. 3:20-cv-00201, 2021 WL 1617206 (D. Conn. April 25, 2021), two sides of the same coin. In the former, the female intervenor was "a member of the class of people for whom the law [protecting women's sports] was written" and would "add a perspective not represented by any of the current defendants." *B.P.J.*, 2021 WL 5711547, at *3. And in the latter, the court granted permissive intervention to biologically male athletes in a challenge to their participation in women's sports because they had "a strong personal interest in the subject matter of the case and" would "make a valuable contribution to the Court's understanding" of it. Order, *Soule*, 2021 WL 1617206, ECF No. 93. In other words, in each case the male and female athletes directly affected by the laws deserved to be fully heard in the challenges to them. And that factored overtly into granting intervention.

As to the other cases, the plaintiffs are right that the courts did not expressly rely on allowing those directly affected to be heard. But the plaintiffs are wrong that the cases don't support that result being the only fair one. The bottom line in each was that either females or males identifying as females were allowed to intervene in cases in which they were directly affected. That's why in each case, the permissive-intervention standard was "easily satisf[ied]." *Students & Parents for Priv. v. U.S. Dep't of Educ.*, No. 16-CV-4945, 2016 WL 3269001, at *3 (N.D. Ill. June 15, 2016). The same result should follow here: FAU's members deserve to be heard.

Third, the plaintiffs argue that FAU's members do not have a "concrete, direct interest" in this case. Opp'n 12–13. But the plaintiffs give no explanation, saying just that FAU's declarations show as much. How so is anyone's guess. Rather, the declarations repeatedly show the opposite. FAU has members throughout the country who are female athletes competing on teams at institutions receiving federal funds. Brown Decl. ¶¶ 5, 34–37. The executive orders affect their ability to compete on a safe and level playing field. *E.g.*, B.W. Decl. ¶¶ 18–19; A.K. Decl. ¶ 9; A.C. Decl. ¶¶ 9–10. And if the plaintiffs' suit is successful, the protections afforded by the

3

executive orders go away. Plus, the same goes for HB 1205. FAU has female-athlete members in New Hampshire who are protected by that law—including one who has had to compete against one of the plaintiffs. Brown Decl. ¶¶ 34–37; B.W. Decl. ¶¶ 1–4; K.D. Decl. ¶¶ 16–22. Those athletes will lose HB 1205's protections if the plaintiffs' suit is successful. That's as concrete and direct an interest as it gets.

Fourth, the plaintiffs argue that FAU could still litigate the privacy issue, alleging that is its main intervention concern. Opp'n 13. For one thing, nowhere did FAU suggest that protecting its members' privacy rights is its *main* concern. Just as important is ensuring its members can compete on a safe and level playing field. For another, even if FAU can still sue about its members' privacy rights, that does not change, if the plaintiffs' suit is successful, that its members will lose the privacy protections afforded by the executive orders.

Fifth, the plaintiffs argue that FAU's involvement might not "only" raise common questions of law and fact. Opp'n 13 n.20. But Rule 24(b) just requires a would-be intervenor to have "a claim or defense" sharing common questions of law or fact. Fed. R. Civ. P. 24(b)(1)(B). It does not require *only* overlapping claims and defenses. Besides, all of FAU's arguments would go to defending HB 1205 and the executive orders. The case's scope would not be broadened beyond that.

Sixth, the plaintiffs argue that FAU's involvement would expand the scope of discovery, implying that could cause undue delay or prejudice. Opp'n 13. But again, they never explain how. To be sure, discovery would extend to FAU's members (which would give the court a fuller record to decide the case). But that would not "*unduly* delay or prejudice" anything. Fed. R. Civ. P. 24(b)(3) (emphasis added).

Seventh, the plaintiffs argue that FAU can just participate as an amicus with its already submitted declarations. Opp'n 13. But that is insufficient to allow its members to be fully heard. Submitting an amicus brief is no substitute for making arguments as a party. For example, if FAU were a party, it could file a motion for

4

judgment on the pleadings. The plaintiffs would then get a response, and FAU would get a reply. LR 7.1(e)(1). If it were only an amicus, it would have to wait for a party to file a dispositive motion before filing a brief with no opportunity for a reply. And it would have no control over not waiving or forfeiting an argument. Plus, FAU would have no chance to supplement its declarations in discovery or seek discovery from the plaintiffs. In short, its members would be deprived of the chance to be fully heard in a case directly affecting them.

## II. The Court should grant intervention as of right.

Finally, consider three points in response to the plaintiffs' intervention-as-of-right arguments. First, the plaintiffs challenge only the inadequate-representation requirement. Opp'n 4. So they forfeit any argument on the other three. *E.g.*, *United States v. Severino-Pacheco*, 911 F.3d 14, 20 (1st Cir. 2018). Second, the plaintiffs say that the New Hampshire defendants adequately represent FAU's interests. Opp'n 5. But that cannot be right. The plaintiffs facially challenge the executive orders, which apply well beyond New Hampshire. So the only real question is whether the federal defendants adequately represent FAU's interests. And they don't. *See* Mem. 13–15. Third, in a footnote, the plaintiffs argue that *Cotter* is inapt. Again, they try to hide their weakest argument. But the plaintiffs cannot get around that the federal defendants have good reason to argue that Title IX allows instead of requires separate male and female teams because the latter suggests 34 C.F.R. § 106.41 is invalid. They cannot get around that the situation is factually similar to *Cotter*, no matter that *Cotter*'s reasoning does not extend to dissimilar factual situations. So no one adequately represent FAU's interests.

## CONCLUSION

The Court should grant the motion to intervene.

Respectfully submitted this 9th day of April 2025.

*s/ Ian B. Huyett*
Ian B. Huyett
NH Bar No. 270964
**Cornerstone**
P.O. Box 4683
Manchester, NH 03108
Telephone: (603) 228-4794
IHuyett@NHCornerstone.org

Johannes Widmalm-Delphonse*
VA Bar No. 96040
**Alliance Defending Freedom**
44180 Riverside Parkway
Lansdowne, VA 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4790
jwidmalmdelphonse@ADFlegal.org

Jonathan A. Scruggs*
AZ Bar No. 030505
Henry W. Frampton, IV*
SC Bar No. 75314
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028
jscruggs@ADFlegal.org
hframpton@ADFlegal.org

Suzanne E. Beecher*
CA Bar No. 329586
**Alliance Defending Freedom**
440 First Street NW
Washington, D.C. 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
sbeecher@ADFlegal.org


*Counsel for Intervenor-Defendant*
**Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2025, I filed a true and accurate copy of the foregoing documents with the Clerk of the Court using the CM/ECF system, which automatically sends an electronic notification to the following parties:

Chris Erchull
Bennett H. Klein
Jennifer L. Levi
Michael R. Haley
GLBTQ Legal Advocates & Defenders (GLAD)
18 Tremont St, Ste 950
Boston, MA 02108
cerchull@glad.org
bklein@glad.org
jlevi@glad.org
mhaley@glad.org

Benedict See
Goodwin Procter LLP
620 8th Ave, Ste Fl. 26 Reception
New York, NY 10018
bsee@goodwinlaw.com

Elaine Blais
Louis Lobel
Kevin DeJong
Goodwin Procter LLP
100 Northern Ave
Boston, MA 02109
eblais@goodwinlaw.com
llobel@goodwinlaw.com
KDeJong@goodwinlaw.com

Emmett Weiss
Goodwin Procter LLP
1900 N St, NW
Washington, DC 20036
emmett.weiss1@gmail.com

Samira Seraji
Goodwin Procter LLP
601 S. Figueroa Street
Suite 4100
Los Angeles, CA 90017
sseraji@goodwinlaw.com

Gilles R. Bissonnette
Henry Klementowicz
American Civil Liberties Union of New Hampshire
18 Low Ave
Concord, NH 03301
Gilles@aclu-nh.org
henry@aclu-nh.org

*Attorneys for Plaintiffs*

Michael P. DeGrandis
NH Attorney General's Office (Civil)
Civil Bureau
33 Capitol Street
Concord, NH 03301-6397
Michael.P.DeGrandis@doj.nh.gov

Brandon Francis Chase
NH Department of Justice
1 Granite Place S
Concord, NH 03301
brandon.f.chase@doj.nh.gov

*Attorney for Defendants Frank Edelblut, Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Laboe*

Robert J. Rabuck
US Attorney's Office (NH)
James C. Cleveland Federal Building
53 Pleasant Street, 4th Floor
Concord, NH 03301
Rob.Rabuck@usdoj.gov

*Attorneys for Defendants Donald Trump, Pamela Bondi, Denise L. Carter, U.S. Department of Justice, and the U.S. Department of Education*

Diane M. Gorrow
Soule Leslie Kidder Sayward & Loughman
220 Main Street
Salem, NH 03079
gorrow@soulefirm.com

*Attorneys for Defendants Pemi-Baker Regional School District, Lisa Ash, Bernice Sullivan, Sheila Donahue, Tony Torino, Carolyn Varin, Peter Jackson, Phil McCormack, Greg Aprilliano, Bonnie Acton, Barbara Noyes, Paul Ciotti, Sam Brickley, and Paul Pizzano*

Michael Gregory Eaton
Wadleigh Starr & Peters PLLC
95 Market Street
Manchester, NH 03101
meaton@wadleighlaw.com

*Attorneys for Defendants Pembroke School District, Andrew Camidge, Gene Gauss, Kerri Dean, and Melanie Camelo*

*s/ Ian B. Huyett*
*Counsel for Intervenor-Defendant*

8