**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

PARKER TIRRELL and IRIS TURMELLE,

    *Plaintiffs*,

    v.

FRANK EDELBLUT, in his official capacity as
Commission of the New Hampshire Department
of Education, *et al.*,

    *Defendants*.

Case No. 1:24-cv-00251-LM-TSM

**AMENDED JOINT MOTION TO HOLD IN ABEYANCE PENDING SUPREME COURT
RESOLUTION OF THE LEGAL ISSUES PRESENTED IN THIS LAWSUIT**

NOW COME Frank Edelblut, Andrew Cline, Kate Cassady, Ann Lane, Philip Nazzaro, Rajesh Nair, James Fricchione, and James Laboe, each Defendants in their official capacities (collectively, the "State Defendants"); Donald J. Trump, the United States Department of Justice, Pamela J. Bondi, the United States Department of Education, and Denise L. Carter, each Defendants in their official capacities (collectively, the "Federal Defendants"); and Plaintiffs Parker Tirrell, by her parents and next friends Sara Tirrell and Zachary Tirrell, and Iris Turmelle, by her parents and next friends Amy Manzelli and Chad Turmelle (collectively, the "Plaintiffs"); by and through their respective counsel, and jointly amend and substitute this Amended Joint Motion for their previously filed Joint Motion to Hold in Abeyance (ECF No. 137), restating their request to hold this case in abeyance until two matters pending in the United States Supreme Court are decided in the Supreme Court's upcoming term, and state as follows:

**Relevant Procedural Posture**

1. On February 12, 2025, Plaintiffs filed a Second Amended Complaint in this lawsuit. ECF No. 95 (leave granted by Endorsed Order Feb. 12, 2025).

2.      On February 21, 2025, Plaintiffs, State Defendants, Defendant Pemi-Baker Regional School District, and Pembroke School District, filed a Joint Motion to Stay.  ECF No. 99.  The parties to that Motion requested "that the Court stay all deadlines in this case until such time as the Federal Defendants file a responsive pleading and the parties confer regarding an updated scheduling order."  Id. ¶ 3.  The Court granted the parties' Motion by Endorsed Order on February 24, 2025.

3.      On June 6, 2025, Federal Defendants filed a Motion to Dismiss the Second Amended Complaint.  ECF No. 129.

4.      The parties to this lawsuit conferred regarding an updated scheduling order and overall case structure.  Consequently, State Defendants, Federal Defendants, and Plaintiffs filed a Joint Motion to Hold in Abeyance Pending Supreme Court Resolution of the Legal Issues Presented in this Lawsuit, on August 13, 2025.  Among other things, the parties asserted that "[c]ontinuing to litigate this matter while awaiting guidance from the Supreme Court would impose an undue burden and expense on all parties and it would be an inefficient use of judicial resources."  ECF No. 137, ¶ 7.

5.      On August 14, 2025, the Court notified the parties that their Motion was procedurally defective.  Accordingly, State Defendants, Federal Defendants, and Plaintiffs hereby amend their defective Motion and substitute this Motion in its place.

6.      The legal arguments, supporting facts, and relief presented and requested herein are identical to those presented and requested in ECF No. 137.

**Abeyance**

7.      The United States Supreme Court has issued writs of certiorari in two cases: *Little v. Hecox*, No. 24-38 (July 3, 2025) and *West Virginia v. B.P.J.*, No. 24-43 (July 3, 2025).

8.      In *Little v. Hecox*, the question presented, according to the Appellants, is: "Whether laws that seek to protect women's and girls' sports by limiting participation to women and girls based on sex violate the Equal Protection Clause of the Fourteenth Amendment." *Hecox*, QPReport (available at https://www.supremecourt.gov/docket/docketfiles/html/qp/24-00038qp.pdf).

9.      In *West Virginia v. B.P.J.*, the two questions presented, according to the Appellants, are: "1. Whether Title IX prevents a state from consistently designating girls' and boys' sports teams based on biological sex determined at birth.  2. Whether the Equal Protection Clause prevents a state from offering separate boys' and girls' sports teams based on biological sex determined at birth." *B.P.J.*, QPReport (available at https://www.supremecourt.gov/qp/24-00043qp.pdf).

10.      At issue in this case, is a New Hampshire law that requires middle and high schools to designate interscholastic sport activity or club athletic team for: (1) males, men, or boys; (2) females, women, or girls; or (3) coed or mixed.  RSA 193:41, II(a).  "Athletic teams or sports designated for females, women, or girls shall not be open to students of the male sex."  RSA 193:41, II(b).  The law determines a students sex, and therefore eligibility to play female, women, or girls sports, by the student's biological sex on the student's birth certificate.  RSA 193:41, III.

11.      Plaintiffs assert that this law classifies students based on transgender status and violates "transgender girls' constitutional right to Equal Protection guaranteed by the Fourteenth Amendment, and [denies] transgender girls' equal educational opportunities in violation of Title IX of the Education Amendments of 1972, 20 U.S.C., § 1681, *et seq.*, which prohibits sex discrimination in public school programs and activities."  Second Am. Compl. at 3.

12.    So, the questions presented in *Hecox* and *B.P.J.* are highly relevant to the constitutional and Title IX questions presented by Plaintiffs to this Court.

13.    Continuing to litigate this matter while awaiting guidance from the Supreme Court would impose an undue burden and expense on all parties and it would be an inefficient use of judicial resources.

14.    This Court has the authority to manage case structure and scheduling to prevent ineffectual pretrial activities and expedite the ultimate disposition of lawsuits. *See generally* Fed. R. Civ. P. 16. Holding this case in abeyance until the Supreme Court resolves *Little v. Hecox* and *West Virginia v. B.P.J.* would promote these goals.

15.    Abeyance will not prejudice any party, as all parties have an interest in the Supreme Court's resolution of *Hecox* and *B.P.J.* before proceeding further in this case.

16.    Local Rule 7.1(a)(2): Due to the nature of the relief requested, no memorandum of law is required.

17.    Local Rule 7.1(c): State Defendants, Federal Defendants, and Plaintiffs, jointly ask the Court to grant the relief requested by this Motion. Defendant Pemi-Baker Regional School District, Defendant Pembroke School District, and Intervenor-Defendant Female Athletes United, do not take a position on this Motion.

18.    Local Rule 7.2(a): This Motion and its requested relief would render the Court's December 12, 2024 Endorsed Order granting the Joint Proposed Discovery Plan (ECF No. 86) inoperative and obsolete. Accordingly, Civil Form 3 is attached as Exhibit A.

### Prayer for Relief

A.    Grant this Amended Joint Motion to Hold in Abeyance;

B.    Hold this case in abeyance until the United States Supreme Court decides *Little v. Hecox*, No. 24-38 (July 3, 2025) and *West Virginia v. B.P.J.*, No. 24-43 (July 3, 2025); and

C.    Grant such further relief as is just and equitable.

Respectfully submitted,

DEFENDANTS FRANK EDELBLUT, in his official capacity as Commissioner of the New Hampshire Department of Education, ANDREW CLINE, in his official capacity as Chair of the New Hampshire Board of Education, and KATE CASSADY, ANN LANE, PHILIP NAZZARO, RAJESH NAIR, JAMES FRICCHIONE, and JAMES LABOE in their official capacities as members of the New Hampshire Board of Education

By their attorney,

JOHN M. FORMELLA
NEW HAMPSHIRE ATTORNEY GENERAL

Date:  August 14, 2025

/s/ Michael P. DeGrandis
Michael P. DeGrandis, N.H. Bar  No. 277332
Assistant Attorney General
Brandon F. Chase, N.H. Bar No. 270844
Senior Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
brandon.f.chase@doj.nh.gov

*and*

DEFENDANTS DONALD J. TRUMP, in his official capacity as President of the United States, UNITED STATES DEPARTMENT OF JUSTICE, PAMELA J. BONDI, in her official capacity as Attorney General of the United States, UNITED STATES DEPARTMENT OF EDUCATION, and DENISE L. CARTER, in

5

her official capacity as Acting Secretary of Education

By their attorney,

RICHARD LAWSON
DEPUTY ASSOCIATE U.S. ATTORNEY GENERAL


 /s/ Richard Lawson
Richard Lawson, Fla. Bar No. 165085
Deputy Associate Attorney General
Matthew J. Donnelly, Ill. Bar No. 6281308
Attorney
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616-2788
richard.lawson3@usdoj.gov
matthew.donnelly@usdoj.gov

*and*

PLAINTIFFS PARKER TIRRELL, by her parents and next friends SARA TIRRELL and ZACHARY TIRRELL, and IRIS TURMELLE, by her parents and next friends AMY MANZELLI and CHAD TURMELLE

By their attorneys,


| | |
|---|---|
| Kevin J. DeJong (NH Bar No. 17633) | /s/ Chris Erchull |
| kdejong@goodwinlaw.com | Chris Erchull (NH Bar No. 266733) |
| GOODWIN PROCTER LLP | cerchull@glad.org |
| 100 Northern Avenue | Bennett H. Klein* (MA Bar No. 550702) |
| Boston, MA 02210 | bklein@glad.org |
| (617) 570-1156 | Jennifer Levi* (MA Bar No. 562298) |
| | jlevi@glad.org |
| | GLBTQ LEGAL ADVOCATES & DEFENDERS |
| Louis L. Lobel* (MA Bar No. 693292) | 18 Tremont Street, Suite 950 |
| llobel@goodwinlaw.com | Boston, MA 02108 |
| | (617) 426-1350 |
| Elaine H. Blais* (MA Bar No. 656142) | Gilles Bissonnette (NH Bar No. 265393) |
| eblais@goodwinlaw.com | gilles@aclu-nh.org |
| GOODWIN PROCTER LLP | Henry Klementowicz (NH Bar No. 21177) |
| 100 Northern Avenue | henry@aclu-nh.org |
| Boston, MA 02210 | AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION |

6

Samira Seraji* (CA Bar No. 338979)          18 Low Avenue
sseraji@goodwinlaw.com                       Concord, NH 03301
GOODWIN PROCTER LLP                          (603) 224-5591
601 S. Figueroa Street
Suite 4100
Los Angeles, CA 90017                              * Admitted *pro hac vice*

Ben See* (NY Bar No. 6019202)
bsee@goodwinlaw.com
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018


CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

                              /s/ Michael P. DeGrandis
                              Michael P. DeGrandis